UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| Jose L. Lassalle<br>CARR 110, KM 910<br>Malesza Alta,<br>Aguadilla, P.R. 00604,<br><br>      Plaintiff,<br><br>The Honorable Francis J. Harvey<br>Secretary of the Army<br>101 Army Pentagon<br>Washington, D.C. 20310-0101,<br><br>      Defendant.<br><br><br>Also Serve:<br>The United States Attorney<br>For the District of Columbia<br>555 Fourth Street, NW<br>Washington, D.C. 20530<br><br><br>The Attorney General of<br>The United States<br>10th & Constitution Ave., N.W.<br>Washington, D.C. 20530 | Civil Docket<br>No:_____<br>   (      ) |

**COMPLAINT**

This is a complaint for declaratory judgment seeking to declare the decision of the Army Board for Correction of Military Records denying relief to Plaintiff to have been in error.

## JURISDICTION

1. Jurisdiction in this matter is conveyed by 28 U.S.C. § 1331 and by the Administrative Procedure Act 5 U.S.C. § 702 et seq.

## VENUE

2. Venue is proper as the Defendant is found in this District.

## PARTIES

3. Plaintiff, Jose L. Lassalle, is currently a warrant officer in the United States Army serving on active duty in the Army Guard and Reserve (AGR) program.

4. Defendant, The Honorable Francis J. Harvey, in his official capacity, is the Secretary of the Army.

## FACTS

5. Plaintiff graduated from the Army Officer Candidate School (OCS) in August, 1990, successfully completed the Infantry Officer Basic Course (IOBC), and the Civil Affairs Officer's Advanced Course (CAOAC).

6. Plaintiff remained in the Army Reserves until March, 1998, when he went on active status through the Active Guard and Reserve (AGR) program.

7. Plaintiff at the time of going on active duty did not have a bachelor's degree.

8. Because Plaintiff did not have a bachelor's degree, a requirement for promotion, Plaintiff was not selected for captain by both the 1997 and 1998 Department of the Army Component Selection Board.

9. The bachelor's degree requirement was found at 10 U.S.C. § 12205 which became law on October 1, 1998, and Army Regulation 135-158.

10. On May 4, 1999, Plaintiff was informed that in accordance with 10 U.S.C. § 14513, he would be released from active duty due to the two time nonselection to captain.

11. On June 18, 1999, Plaintiff received a Bachelor of Science degree from Regents College, Albany, New York.

12. On Jun 20, 1999, Plaintiff submitted a request for waiver of the civilian education requirement pursuant to section 516 of the National Defense Authorization Act for Fiscal Year 1999. This provided that the civilian education requirement for promotion of Reserve Officers could be waived for officers commissioned through the Army Officer Candidate School (OCS), which Plaintiff was. The waiver was to be made on a case by case basis, considering the individual circumstances of the officer and could continue in effect for no more than two years after the waiver had been granted. This constituted an exception to the mandate of 10 U.S.C. § 12205 and Army Regulation 135-155.

13. Plaintiff was involuntarily separated from the active Army on December 22, 1999.

14. On January 17, 2000, Plaintiff's request for waiver was denied by the Army. The basis for the denial was, "[T]here are no grounds for this agency to grant such a request after being twice nonselected for promotion."

15. Plaintiff in May, 2002, returned to the reserves as a chief warrant officer, one (CW01). He was deployed to Iraq from April 2003 to March 2004.

16. In September 2004 Plaintiff returned to active duty under the AGR program as a chief warrant officer, two (CW02). Plaintiff is currently serving on active duty.

17. Plaintiff made application to the ABCMR in 2000; docket number AR20000 44702 seeking relief. This application was denied on March 6, 2001.

18. On October 9, 2003, Plaintiff sought reconsideration of the earlier denial. This was denied on July 14, 2004, on the basis that more than one year had elapsed from the date of the earlier denial.

19. Again on April 8, 2005, Plaintiff implored the ABCMR to reconsider the case, but again on March 22, 2006, the ABCMR refused to reconsider the case.

20. The only rationale provided by the ABCMR is the Mar 6, 2001 decision.

21. The ABCMR recognized in the Mar 6, 2001 decision that Plaintiff had a right to seek a waiver. It further noted that approval was on a case-by-case basis.

22. The ABCMR failed to examine whether the Army had in fact sought to determine whether Plaintiff was worthy of a waiver.

23. The Army did not do so, declaring instead that the two time nonselection to captain was an absolute bar.

24. The dictate of Section 516 of the National Defense Authorization Act for Fiscal Year 1999 requiring a case-by-case analysis was not complied with.

## CLAIM FOR RELIEF

25. The actions of Defendant and Defendant's agents in denying Plaintiff a full examination of his worthiness to be granted an educational waiver and the consequent failure to send Plaintiff to a Special Selection Board were arbitrary and capricious, an abuse of discretion and contrary to law.

## RELIEF REQUESTED

26. WHEREFORE, Plaintiff respectfully requests that:

This Honorable Court declare that Defendant has not complied with the applicable laws and regulatory scheme and order Defendant to reexamine Plaintiff's records to determine if Plaintiff was worthy of an education waiver as of December 22, 1999, and, if so, to send Plaintiff to a special selection board for consideration for promotion to captain by the 1998 captain promotion board.

Respectfully submitted,

Gary R. Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH  03281
Ph: 800-355-1095
Ph: 603-529-3455
Fax: 603-529-3009