**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSE L. LASSALLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06CV01481 (ESH) |
| | ) |
| THE HONORABLE FRANCIS J. HARVEY | ) |
| Secretary of the Army, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant files this Memorandum in support of Defendant's Motion for Summary

Judgment. Defendant is entitled to judgment as a matter of law on Plaintiff's claims pursuant to

Fed. R. Civ. P. 56 because there is no genuine issue as to any material fact. Plaintiff has failed to

demonstrate that the decision of the Army Board for Correction of Military Records ("ABCMR")

denying him a waiver of the civilian education requirement for promotion to the rank of Captain

was arbitrary, capricious, unsupported by substantial evidence or contrary to law. Defendant's

statement of material facts not in genuine dispute and the Administrative Record ("AR") support

this memorandum.

## I. INTRODUCTION

Plaintiff, Jose L. Lassalle, is a Warrant Officer in the United States Army Reserve. He

transferred to the Army Reserve as a Warrant Officer after he was released from active duty in

the Army Guard and Reserve Program ("AGR") following his two-time non-selection for

promotion to Captain. Mr. Lassalle was non-selected for promotion to Captain due to his failure

to meet the civilian education requirement proscribed by 10 U.S.C. § 12205 and Army

Regulation ("Army Reg.") 135-155. Mr. Lassalle was first non-selected for promotion to Captain in 1997. One month before his second consideration for promotion to Captain in November 1998, Congress granted the Secretary of the Army the discretion to grant a two-year waiver of the baccalaureate degree requirement for officers who had obtained their commission through Officer Candidate School ("OCS").

As Mr. Lassalle obtained his commission through OCS, he was eligible to apply for a waiver of the civilian education requirement, but did not do so prior to his promotion consideration in November 1998. Mr. Lassalle was again non-selected for promotion. Mr. Lassalle received his Bachelor of Science degree in June 1999 and applied for a waiver of the civilian education requirement, but his request was denied. Mr. Lassalle petitioned the ABCMR for waiver of the civilian education requirement; however, after consideration of all of the evidence, Mr. Lassalle's petition was denied.

Plaintiff has filed the instant action pursuant to the Federal Question statute, 28 U.S.C. § 1331; and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2). Complaint ("Compl.") p. 2.

## II.  SUMMARY OF THE ARGUMENT

Mr. Lassalle's challenge to the decision of the ABCMR lacks merit as he has failed to demonstrate that the ABCMR's decision was arbitrary, capricious, unsupported by substantial evidence or contrary to law. The Administrative Record clearly demonstrates that the ABCMR acted reasonably and lawfully in denying Mr. Lassalle's application as he failed to meet his burden of demonstrating to the ABCMR that he was entitled to a waiver of the civilian education requirement. Mr. Lassalle had 126 credit hours completed toward his baccalaureate degree by

1992, and thereafter did not complete any course work toward his degree during the next five years, although he was on notice as of October 23, 1992, that a degree would be required for promotion to Captain.  Mr. Lassalle presented no evidence to the ABCMR that he was unable, due to personal or professional reasons, to obtain his degree within the allotted time.  The waiver provision for the baccalaureate degree requirement, which was not enacted until after Mr. Lassalle's first non-selection for promotion, was completely discretionary and Mr. Lassalle failed to demonstrate to the ABCMR that he was deserving of a waiver of the mandatory education requirements.

Moreover, the ABCMR acted properly in denying Mr. Lassalle's three subsequent requests for reconsideration.  Mr. Lassalle filed his first request for reconsideration two and one-half years after the original decision of the ABCMR, well beyond the one-year time limit for requests for reconsideration.  Additionally, Mr. Lassalle did not present any new evidence that was unavailable at the time of his initial application to the board.  Accordingly, the denial of his requests for reconsideration was proper.

As Mr. Lassalle cannot demonstrate by cogent and clearly convincing evidence that the ABCMR's decisions were arbitrary, capricious, unsupported by substantial evidence or contrary to law, the Court should enter judgment in favor of the Defendant on these claims.

### III. <u>STATEMENT OF FACTS</u>

Defendant respectfully refers the Court to Defendant's Statement of Material Facts to Which There is No Genuine Dispute filed simultaneously herewith.

### IV.  <u>ARGUMENT</u>

**A.    <u>The Court Should Grant Summary Judgment in Favor of the Defendant as There is</u>**

3

**No Genuine Issue of Material Fact**.

1.        **Standard of Review for Summary Judgment**.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no genuine dispute exists as to any material fact, summary judgment is required.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing' - - that is, pointing out to the [Court] - - that there is an absence of evidence to support the non-moving party's case." Celotex, at 325.  Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus to avoid summary judgment, the Plaintiff must state specific facts or present some objective evidence that would enable the court to find he is entitled to relief.

In an opinion issued the same day as Celotex, the Supreme Court explained the circumstances in which summary judgment is appropriate:

> If the evidence is merely colorable . . . or is not sufficiently probative . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

Anderson v. Liberty Lobby, Inc., 477 U.S. at 252. Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown. Fed. R. Civ. P. 56(e)(the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial.'"). See also Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995)(opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993)(evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Batson v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996).

In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327, quoting Fed. R. Civ. P. 1.

### 2.    Review Is Limited Under the Administrative Procedures Act.

To prevail in this Court, Plaintiff "must overcome the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." Frizelle v. Slater, 111 F.3d 172, 177 (D.C. Cir 1997) (quoting Sanders v. United States, 594 F.2d 804, 813 (Cl. Ct. 1979)). To rebut this presumption, Plaintiff must establish through "cogent and clearly convincing evidence" that the ABCMR's findings were arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations. McDougall v. Widnall, 20 F.Supp. 2d 78, 82 (D.D.C. 1998). Due to this very high standard, only the most egregious agency decisions do not satisfy this very deferential standard of review. Kreis

5

v. Air Force, 866 F.2d 1508, 1515 (D.C. Cir. 1989).

In reviewing an agency's action under the APA standard, the Court is limited to reviewing the administrative record that was in front of the agency when it made its decision, Commercial Drapery v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998), and it "will not disturb the decision of an agency that has examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made." MD Pharmaceutical, Inc. v. Drug Enforcement Administration, 133 F.3d 8, 16 (D.C. Cir. 1998). The explanation for its action "does not mean that an agency's decision must be a model of analytic precision to survive a challenge." Dickson v. Secretary of Defense, 68 F.3d 1396, 1404 (D.C. Cir. 1995). A reviewing court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Id. Even if reasonable minds might reach differing conclusions, the court is not empowered to substitute its judgment for that of the agency. U.S.P.S. v. Gregory, 534 U.S. 1, 11 (2001).

**3.      Statutory Framework for Educational Requirements for Promotion in the United States Army Reserve**

On October 23, 1992, the National Defense Authorization Act for Fiscal Year 1993 was passed. 102 P.L. 484, 106 Stat. 2315. Section 515 of the Act created a civilian education requirement for promotion of officers in the armed forces. That provision, later codified at 10 U.S.C. § 12205(a), provides that after September 30, 1995, no person may be appointed to a grade above first lieutenant in the United States Army Reserves unless he was first awarded a baccalaureate degree from a qualifying educational institution. Id. In order to provide sufficient time for officers to obtain their baccalaureate degree, the statute contained a grandfather clause

6

exempting those officers promoted to the grade of Captain before October 1, 1995. Id. at ¶ (b)(4). All other officers however were required to obtain a baccalaureate degree to be promoted to Captain.

On October 17, 1998, Congress passed Section 516 of the National Defense Authorization Act for Fiscal Year 1999 (Pub. L. 105-261; 112 Stat. 1920). This provision provided temporary authority to the Secretary of the Army to waive the baccalaureate degree requirement contained in 10 U.S.C. § 12205(a). Id. Such waiver authority was applicable to officers commissioned before October 17, 1998 through the Army Officer Candidate School program. Id. Such waivers could be granted retroactively and continue in effect for no more than two years after the waiver was granted. The Secretary of the Army's authority to grant such waivers continued until September 30, 2000. Section 512 of the National Defense Authorization Act for Fiscal Year 2002 amended 10 U.S.C. § 12205 to restore and make permanent the Secretary of the Army's waiver authority for officers whose original appointment in the Reserve of the Army was through the Army OCS program. Id. This restored waiver authority is prospective as well as retroactive. Id.

> **4.    The ABCMR Fully Considered Plaintiff's Claims and Properly Found that No Relief was Warranted.**

The ABCMR gave full consideration to each of Plaintiff's claims and properly concluded that no relief was warranted. Plaintiff argued to the board that he was entitled to a waiver of the civilian education requirement for promotion to the rank of Captain. The board conducted a thorough review of Mr. Lassalle's application, supporting documentation, and his service record and found that this claim lacked merit.

As noted by the ABCMR, waiver of the baccalaureate degree requirement is not an automatic entitlement. Section 516 of the National Defense Authorization Act for Fiscal Year 1999 provided that the Secretary of the Army "may waive" the degree requirement. Id. Consideration was made on a case-by-case basis. The Secretary of the Army, acting through the ABCMR, concluded that: "There is no evidence that he [Mr. Lassalle] was denied due process or that there were mitigating circumstances that prevented him from attaining a degree prior to his consideration for promotion." AR 5.

      a.      **Mr. Lassalle Failed to Establish that There Were Any Mitigating
Circumstances that Prevented Him from Obtaining His Degree**

Mr. Lassalle contends that he had insufficient time to obtain his education because the baccalaureate degree requirement found in 10 U.S.C. § 12205 became law on October 1, 1998. Compl. at 3. This is incorrect, as previously discussed, the baccalaureate degree requirement was enacted October 23, 1992. The statute provided that it did not take effect until October 1, 1995, and exempted officers who had been promoted to Captain prior to October 1, 1995, thus allowing officers coming into the zone for promotion sufficient time to obtain a baccalaureate degree prior to the effective date of the statute. Mr. Lassalle had over four years between the enactment of the statute and his first promotion consideration, and over five years between the enactment of the statute and his second promotion consideration to obtain his degree. Mr. Lassalle provided no evidence to the ABCMR demonstrating that he had been unable to acquire a baccalaureate degree during that time. Thus, the board properly found that there were no mitigating factors that prevented him from attaining his degree.

In his October 9, 2003, request for reconsideration to the ABCMR, Mr. Lassalle noted

that:

> It is particularly difficult for an older soldier without a
> degree to obtain one within the time allotted.  There are
> added responsibilities that come with age.  Many soldiers
> will have a family and children.  Reservists have the
> requirements of daily jobs in addition to their military drill
> and AT.  For soldiers on active duty there will frequently be
> the added exigency of deployment.

AR 24.  After making this observation, Mr. Lassalle provided absolutely no evidence in the

remainder of his application that he was unable to complete his degree within the allotted time

due to his own specific family, job or deployment responsibilities.  Thus, the ABCMR could

rightfully assume that Mr. Lassalle was not faced with any such challenges.  Indeed, Mr.

Lassalle's service records reflect that upon his enlistment in the Army National Guard in

November 1987, he was enrolled in both the Student Loan Repayment Program, and the Selected

Reserve Educational Assistance Program (New GI Bill).  AR 162.  It appears from the records

that Mr. Lassalle had adequate financial assistance to obtain the required education, and absent

any evidence provided by Mr. Lassalle that he was hindered in obtaining his education by

personal or professional obligations, the ABCMR properly concluded that a waiver was not

warranted.

As shown in the college transcript contained in Mr. Lassalle's official military personnel

file, it appears that Mr. Lassalle had 126 credit hours completed toward obtaining his

baccalaureate degree by 1992.  AR 153-154.  Mr. Lassalle's transcript does not reflect that he

completed any course work towards his baccalaureate degree in 1993, 1994, 1995, 1996, or 1997.

As previously discussed, the baccalaureate degree requirement mandated by 10 U.S.C. § 12205

was enacted October 23, 1992, and took effect on October 1, 1995.  Thus, Mr. Lassalle was on

notice as of October 23, 1992, that he would be required to obtain a baccalaureate degree in order to obtain promotion to Captain. Despite this fact, his transcripts do not reflect that he completed any course work toward his baccalaureate degree for the five year period after the degree requirement was imposed. AR 153-154.

Moreover, at the time that 10 U.S.C. § 12205 was enacted, it did not contain any waiver provision. The waiver provision was not enacted until October 17, 1998, when Congress passed Section 516 of the National Defense Authorization Act for Fiscal Year 1999 (Pub. L. 105-261; 112 Stat. 1920). Therefore, when Mr. Lassalle went before the promotion board in 1997, he did so with the full knowledge that he did not possess a baccalaureate degree, he would not be promoted, and there was no authority for anyone to grant him a waiver of that requirement.

**b.    Waiver of the Civilian Education Requirement was Entirely Discretionary**

Throughout his application to the ABCMR, Mr. Lassalle asserted that he was "entitled" to a waiver because he had obtained his commission through OCS. The Congressional intent was not for every person who had attended OCS to obtain a waiver of the education requirement. The waiver provision was discretionary. As found by the ABCMR, Mr. Lassalle provided no evidence of any mitigating circumstances that would warrant a waiver of the baccalaureate degree requirement. While Mr. Lassalle noted in his application to the ABCMR that many individuals find it difficult to complete the required schooling based upon life circumstances, he provided no evidence that any of those considerations applied in his case. Moreover, the transcript from his official military personnel file reflects that Mr. Lassalle completed 126 credit hours toward a baccalaureate degree by 1992, but then took no classes to obtain the few

10

remaining credit hours in 1993, 1994, 1995, 1996 or 1997.  This was despite the fact that he was aware he would be non-selected for promotion in 1997 due to the baccalaureate degree requirement.   Under these circumstances, the ABCMR properly denied Mr. Lassalle's request for a waiver of the civilian education requirement.

Mr. Lassalle argues that he was disadvantaged by the timing of the waiver provision enacted by the National Defense Authorization Act for Fiscal Year 1999.  Mr. Lassalle was not disadvantaged by the enactment of the waiver provision because the waiver provision is discretionary.   This was not an automatic entitlement which Mr. Lassalle did not receive by virtue of timing.  Congress granted the Secretary discretion to waive that requirement for deserving officers.  Mr. Lassalle's records do not reflect that he was diligently pursuing his baccalaureate degree, and he simply could not obtain the required degree in time.  Thus, the ABCMR properly determined that the overall merits of Mr. Lassalle's application did not demonstrate that he should be granted a waiver of the civilian education requirement.

c. **Mr. Lassalle Did Not Apply For a Waiver Of The Civilian Education Requirement In A Timely Manner**

Mr. Lassalle contends that he applied for a waiver of the civilian education requirement in a timely manner.  However, the waiver provision was enacted on October 17, 1998.  Pub. L. 105-261; 112 Stat. 1920.  Mr. Lassalle's promotion board convened one month later in November 1998.  AR 90.  However, Mr. Lassalle did not submit a request for a waiver until June 20, 1999. AR 3.  Mr. Lassalle contends that it was "impossible" for him to submit a waiver within the time allotted.  AR 86.  Despite this contention, Mr. Lassalle provided no justification to the ABCMR explaining what personal circumstances made it impossible for him to submit a waiver within the

allotted time.  Mr. Lassalle bore the burden at the ABCMR of demonstrating by a preponderance

of the evidence that such a correction to his record is appropriate.  32 C.F.R. § 581.3.  Mr.

Lassalle's bald assertion does not meet this burden.

Mr. Lassalle argues that the statutory dictate of case-by-case analysis for the waiver

provision was not complied with in his case.  The Administrative Record of this case clearly

demonstrates that Mr. Lassalle's case was considered on its own merits.  The ABCMR outlined

in its decision the specific facts and circumstances present in Mr. Lassalle's case; however, as

previously noted, Mr. Lassalle did not present any compelling evidence to the ABCMR which

demonstrated that he should be granted a waiver of the requirement.

Mr. Lassalle has not demonstrated by cogent and clearly convincing evidence that the

ABCMR's decision was arbitrary and capricious.  While he clearly disagrees with the decision,

he cannot demonstrate that the board did not examine the relevant data and articulate a

satisfactory explanation for its action.  Thus, the decision of the ABCMR was reasonable, lawful

and based on substantial evidence, therefore it should be upheld.

### 5.    The ABCMR Properly Denied Mr. Lassalle's Requests for Reconsideration

Mr. Lassalle requested reconsideration from the ABCMR three times, twice directly from

the ABCMR and once through Senator John McCain.  The ABCMR properly denied each of his

requests for reconsideration.

The ABCMR issued its initial decision denying relief in his case on March 6, 2001, and

Mr. Lassalle was notified of that decision on April 4, 2001.  Mr. Lassalle thereafter waited two

and one half years, until October 9, 2003, to submit his first request for reconsideration to the

ABCMR.  As Mr. Lassalle was informed by the ABCMR, he had one year in which to submit a

request for reconsideration to the board.  AR 18-19.  Moreover, Mr. Lassalle did not present any

new evidence for the board's consideration.  As noted by the ABCMR, "dissatisfaction with the

original decision does not satisfy the criteria for reconsideration of your case by the board."  AR

19.

 Mr. Lassalle thereafter applied for reconsideration again on April 5, 2005.  AR 42.

Although Mr. Lassalle had been informed that requests for reconsideration would not be accepted

if they were more than one year from the date of the original decision, or if there had been a

previous request for reconsideration, Mr. Lassalle nonetheless sought an additional

reconsideration of the decision.  As Mr. Lassalle's request was three years beyond the limitations

period and he had previously requested and been denied reconsideration, the ABCMR acted

appropriately in denying his second request for reconsideration.

 Finally, on May 15, 2006, Mr. Lassalle sent a letter to Senator John McCain that was

forwarded to the ABCMR for action.  AR 45-46.  This request from Mr. Lassalle constituted his

third request for reconsideration of the ABCMR's decision, and was filed over four years beyond

the limitations period.  As such, the ABCMR acted appropriately in denying the requested

reconsideration.

 Mr. Lassalle has failed to show that the ABCMR acted improperly when it refused to

accept his three requests for reconsideration on timeliness grounds.  Thus, the actions of the

ABCMR were reasonable, lawful and based on substantial evidence, and therefore should be

upheld.

## V.  CONCLUSION

 For the foregoing reasons, the Defendant respectfully requests that this Court enter

judgment in favor of the Defendant on Plaintiff's claims.

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLF CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:

Major Rebecca E. Ausprung
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837
703-696-1627