

# United States of America



## DEPARTMENT OF THE ARMY

| Washington, DC | 2 Nov 06 |
|---|---|
| PLACE | DATE |

I HEREBY CERTIFY that

I certify that the enclosed documents are true and accurate copies of records pertaining to Jose L. Lassalle, a former member of the U.S. Army. Copies of the Official Military Personnel File (OMPF), are maintained by the U.S. Army Human Resources Command, St. Louis, Missouri; copies of records from Army Board Correction of Military Records are maintained in Arlington, Virginia. The original personnel records and copies of other records are in the official temporary custody of the Military Personnel Litigation Branch, Litigation, Division, Office the Judge Advocate General of the Army.

JOSEPH C. FETTERMAN
Lieutenant Colonel, U.S. Army
Chief, Military Personnel Litigation Branch

I HEREBY CERTIFY that Lieutenant Colonel Joseph C. Fetterman ,who
signed the foregoing certificate, is the
Chief, Military Personnel Litigation Branch, Litigation Division, Office of the Judge Advocate General of the Army , and
that full faith and credit should be given to his certification.

IN TESTIMONY WHEREOF I, JOYCE E. MORROW

The Administrative Assistant to the Secretary of the Army,
have hereunto caused the seal of the Department of the
Army to be affixed this ____2d____ day of
____November____ , ____2006____

By _____
Administrative Assistant.

### RICHARD O. HATCH
### COLONEL, U.S. ARMY
### CHIEF, U.S. ARMY LITIGATION DIVISION

, FEB 1998                    EDITION OF 1 MAR 66 IS OBSOLETE                    APD PE v1.01

# ADMINISTRATIVE RECORD INDEX
## LASSALLE, Jose L., v. Francis J. Harvey
## (Secretary of the Army)

| Tab 1 | ABCMR Memorandum of Consideration dated, April 4, 2001 & Application | Pages 000001-000017 |
|---|---|---|
| Tab 2 | ABCMR Memorandum of Reconsideration dated, July 14, 2004 & Application | Pages 000018-000041 |
| Tab 3 | ABCMR Response to Plaintiff's request for Reconsideration dated, March 22, 2006 | Pages 000042-000042 |
| Tab 4 | ABCMR Response to request from Senator John McCain for reconsideration dated, September 20, 2006 | Pages 000043-000129 |
| Tab 5 | Official Military Personnel File (OMPF) | Pages 000130-000207 |

# FILE COPY

1

SFMR-RBR - 1st End    (6 Mar 01, Docket Number AR2000044702)
SUBJECT:  ABCMR Memorandum of Consideration

HQDA, ABCMR, Arlington, Virginia  22202-4508                4 Apr 01

TO:  US Army Review Boards Agency Support Division - St. Louis,
      Attn:  SFMR-RBR-SL, 9700 Page Avenue, St. Louis, MO  63132-5200

1.  The application submitted by the individual concerned has been
denied by the Army Board for Correction of Military Records.

2.  Prior to closing out the case, please refer to any Note contained in
the Determination portion of the Board's Memorandum of
Consideration, and take such administrative action as may be
contained therein.


Encls                              _Carl W. S. Chun_
                                   Carl W. S. Chun
                          Director, Army Board for Correction
                                of Military Records


( ) OMPF
( ) SFMR/Thomas K



**DEPARTMENT OF THE ARMY**
BOARD FOR THE CORRECTION OF MILITARY RECORDS
1941 JEFFERSON DAVIS HIGHWAY, 2ND FLOOR
ARLINGTON VA 22202-4508

## MEMORANDUM OF CONSIDERATION

IN THE CASE OF:    LASSALLE, JOSE L.

BOARD DATE:    6 March 2001
DOCKET NUMBER:  AR2000044702

I certify that hereinafter is recorded the record of consideration of the Army Board for Correction of Military Records in the case of the above-named individual.

Mr. Carl W. S. Chun                    Director
Ms. Gale J. Thomas                     Analyst

The following members, a quorum, were present:

Mr. Stanley Kelly                      Chairperson
Mr. Ernest W. Lutz                     Member
Mr. Harry B. Oberg                     Member

The Board, established pursuant to authority contained in 10 U.S.C. 1552, convened at the call of the Chairperson on the above date. In accordance with Army Regulation 15-185, the application and the available military records pertinent to the corrective action requested were reviewed to determine whether to authorize a formal hearing, recommend that the records be corrected without a formal hearing, or to deny the application without a formal hearing if it is determined that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice.

The applicant requests correction of military records as stated in the application to the Board and as restated herein.

The Board considered the following evidence:

Exhibit A - Application for correction of military
          records
Exhibit B - Military Personnel Records (including
          advisory opinion, if any)

Printed on ⊗ Recycled Paper

**000002**

ABCMR Memorandum of
Consideration (cont)                                    AR2000044702

**APPLICANT REQUESTS:** That his records be corrected by reinstating him to active duty in the Active Guard Reserve (AGR) in the grade of Captain with back pay and allowances.

**APPLICANT STATES:** That he was wrongfully not selected for promotion to Captain, because of his lack of an academic degree; that he had requested a waiver of the educational requirement for promotion in accordance with the National Defense Authorization Act for Fiscal Year 1999 which entitled an officer commissioned through Officer Candidate School (OCS) to receive a waiver of the educational requirement.

**COUNSEL CONTENDS:** Counsel makes no contentions.

**EVIDENCE OF RECORD:** The applicant's military records show:

The applicant graduated form OCS in August 1990, and successfully completed the Infantry Officer Basic Course. He remained in the U.S. Army Reserves and in March 1998 applied for, and was assigned to an AGR position with the 402d Civil Affairs Battalion.

The applicant was considered but not selected for promotion to Captain by the 1997 and 1998 Department of the Army Reserve Component Selection Boards. The applicant was informed that he was not selected by both boards because he did not meet the educational requirement of attaining a baccalaureate degree prior to the convening dates of the boards, as set forth in Title 10 United States Code, Section 12205, and Army Regulation 135-155.

On 4 May 1999, the applicant was notified of his second nonselection for promotion to captain, and informed that in accordance with Title 10, United States Code, Section 14513, he would be released from active duty.

On 18 June 1999, the applicant was awarded a Bachelor of Science degree from Regents College, Albany, New York.

On 20 June 1999, the applicant submitted a request for waiver of the civilian education requirement in accordance with the National Defense Authorization Act for Fiscal Year 1999, and Title 10, United States Code, Section 12205, which states that the Secretary of the Army may temporary waive the baccalaureate degree requirement for promotion for those individuals who were commissioned through the Army Officer Candidate School, on a case-by-case basis considering the individual circumstances of the officer involved.

2

ABCMR Memorandum of
Consideration (cont)

AR2000044702

On 22 December 1999 the applicant was released from active duty, under the provisions of Army Regulation 600-8-24, for nonselection for promotion.

On 17 January 2000, the Office of the Deputy Chief of Staff for Personnel (ODCSPER) informed the U.S Total Army Personnel Command that the applicant's request for waiver of the civilian education requirement of Section 122205, Title 10, United States Code, had been disapproved.

Army Regulation 135-155, states in pertinent part, that an officer's educational requirement must be completed prior to the convening date of the promotion board.

Title 10, United States Code , Section 12205 states that a person may not be appointed to a grade above first lieutenant unless that person has been awarded a baccalaureate degree by a qualifying educational institution.

Section 516 of the National Defense Authorization Act for Fiscal Year 1999 provides that the civilian education requirement for promotion of Reserve officers may be waived for officer's commissioned through the Army Officer Candidate School. The waiver will be made on a case-by-case basis, considering the individual circumstances of the officer and may continue in effect for no more than 2 years after the waiver has been granted.

DISCUSSION: Considering all the evidence, allegations, and information presented by the applicant, together with the evidence of record, applicable law and regulations, it is concluded:

1. In order to justify correction of a military record the applicant must show to the satisfaction of the Board, or it must otherwise satisfactorily appear, that the record is in error or unjust. The applicant has failed to submit evidence that his records were in error or that there was an injustice in his case.

2. The applicant was not selected for promotion to Captain by the 1997 and 1998 Reserve Promotion Selection Board's because he had not attained a bachelors degree prior to the convening date of either board as required by Title 10, United States Code, Section 12205 and Army Regulation 135-155. The applicant was awarded a Bachelor of Science degree in June 1999.

3. The National Defense Authorization Act for Fiscal Year 1999 does provide for a waiver of the civilian educational requirement for those officers commissioned through OCS; however, approval is on a case-by-case basis considering the individuals particular circumstances. The applicant did request a waiver of the civilian education requirement; however his request was disapproved.

3

000004

ABCMR Memorandum of                                    AR2000044702
Consideration (cont)

4. Although the applicant was commissioned through OCS, and eligible to request a waiver, it was not an automatic entitlement. There is no evidence that he was denied due process or that there were mitigating circumstances that prevented him from attaining a degree prior to his consideration for promotion.

5. In view of the foregoing, there is no basis for granting the applicant's request.

DETERMINATION: The applicant has failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice.

BOARD VOTE:

———— ———— ————    GRANT

———— ———— ————    GRANT FORMAL HEARING

_/tBv_  _AN_  _AC_    DENY APPLICATION

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

4

000005



**DEPARTMENT OF THE ARMY**
**BOARD FOR CORRECTION OF MILITARY RECORDS**
**1941 JEFFERSON DAVIS HIGHWAY, 2ND FLOOR**
**ARLINGTON VA 22202-4508**

0 4 APR 2001

SFMR-RBR

Dear Applicant:

    I regret to inform you that the Army Board for Correction of Military Records has denied your application.

    The Board considered your application under procedures established by the Secretary of the Army. I enclose a copy of the Board's Memorandum of Consideration. This memorandum explains the Board's reasons for denying your application.

    This decision is final. You may request reconsideration only if you can present newly discovered relevant evidence that was not available to the Board when it denied your application.

                    Sincerely,



                    Carl W. S. Chun
            Director, Army Board for Correction
                    of Military Records

Enclosure

Printed on ♲ Recycled Paper

# APPLICATION FOR CORRECTION OF MILITARY RECORD
## UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552
(Please read instructions on reverse side BEFORE completing application.)

Form Approved
OMB No. 0704-0003
Expires Aug 31, 2000

The public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Defense, Washington Headquarters Services, Directorate for Information Operations and Reports (0704-0003), 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302. Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.
**PLEASE DO NOT RETURN YOUR COMPLETED FORM TO THE ABOVE ADDRESSES. RETURN COMPLETED FORM TO THE APPROPRIATE ADDRESS ON THE BACK OF THIS PAGE.**

### PRIVACY ACT STATEMENT

**AUTHORITY:** Title 10 US Code 1552, EO 9397.

**PRINCIPAL PURPOSE:** To initiate an application for correction of military record. The form is used by Board members for review of pertinent information in making a determination of relief through correction of a military record.

**ROUTINE USE(S):** None.

**DISCLOSURE:** Voluntary; however, failure to provide identifying information may impede processing of this application. The request for Social Security number is strictly to assure proper identification of the individual and appropriate records.

### 1. APPLICANT DATA

**a. BRANCH OF SERVICE (X ONE)**

| ARMY | NAVY | AIR FORCE | MARINE CORPS | COAST GUARD |
|------|------|-----------|--------------|-------------|
| X | | | | |

**b. NAME (Last, First, Middle Initial) (Please print)**
LASSALLE, JOSE L.

**c. PRESENT PAY GRADE** 1LT-02

**d. SERVICE NUMBER (If applicable)**

**e. SSN**

**2. TYPE OF DISCHARGE (If by court-martial, state type of court)** HONORABLE

**3. PRESENT STATUS, IF ANY, WITH RESPECT TO THE ARMED SERVICES (Active duty, Retired, Reserve etc.)**
USAR CRTLGP (REINF) ARPERCEN

**4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY**
22 DECEMBER 1999

**5. ORGANIZATION AT TIME OF ALLEGED ERROR IN RECORD**
DEPARTMENT OF THE ARMY, 402 CIVIL AFFAIRS BATTALION, TONAWANDA, NEW YORK 14150-4414

**6. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C. (No expense to the Government) (X one)**

| X | a. Yes | | b. No |

**7. COUNSEL (if any)**

**a. NAME (Last, First, Middle Initial)**
RODRIGUEZ LECOBUR, JAIME A.

**b. ADDRESS (Street, Apartment Number, City, State and ZIP Code)**
P.O. BOX 8719, SAN JUAN, PUERTO RICO 00910-0719

**8. I REQUEST THE FOLLOWING CORRECTION OF ERROR OR INJUSTICE:** PROMOTION TO CAPTAIN (O3) IN USAR AND CALL BACK TO ACTIVE DUTY (AGR) STATUS, RETROACTIVE TO DATE OF SEPARATION WITH BACK PAY.

**9. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST IN THE FOLLOWING PARTICULARS:** I was wrongfully not selected for promotion and released from active duty even though I met the educational requirements for retention as well as for promotion to Captain (O3). The system was aware of my progress in attaining the BS degree required. The evidence enclosed shows that I am entitled to a waiver of civilian education requirement in (Continues in separate sheet)

**10. IN SUPPORT OF THIS APPLICATION I SUBMIT AS EVIDENCE THE FOLLOWING: (If Veterans Administration records are pertinent to your case, give Regional Office location and Claim Number.)** See Exhibit "A" which consists of pertinent correspondence, documents and military orders in support of my claims. My military education as well as my civilian education Bachelor of Science degree entitles me for retention in active duty (AGR) and promotion to Captain (O3).

### 11. ALLEGED ERROR OR INJUSTICE

**a. DATE OF DISCOVERY**
22 DEC 1999
( SEPARATION ORDER )

**b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THIS APPLICATION.**
N/A

**12. APPLICANT MUST SIGN IN ITEM 16. IF THE RECORD IN QUESTION IS THAT OF A DECEASED OR INCOMPETENT PERSON, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY APPLICATION. IF APPLICATION IS SIGNED BY OTHER THAN APPLICANT, INDICATE RELATIONSHIP OR STATUS BY MARKING APPROPRIATE BOX.**

| a. SPOUSE | b. WIDOW | c. WIDOWER | d. NEXT OF KIN | e. LEGAL REP | f. OTHER (Specify) |

**13. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM. (U.S. Code, Title 18, Sec. 287, 1001, provides that an individual shall be fined under this title or imprisoned not more than 5 years or both.)**

**14.a. COMPLETE CURRENT ADDRESS, INCLUDING ZIP CODE (Applicant should forward notification of all changes of address.)**
P.O. BOX 235, MOCA, P.R. 00676

**b. TELEPHONE NUMBER (Include Area Code)**
(787) 634-2647

**DOCUMENT NUMBER (Do not write in this space.)**

**15. DATE SIGNED**
6 July 2000

**16. SIGNATURE (Applicant must sign here.)**

DD Form 149, Sep 1997 (EG)        Previous edition is obsolete.

Designed using PerForm Pro, WHS/DIOR, Sep 97

(Continuation Sheet)

Item 9 – DD Form 149.

order for the promotion board to consider the evidence of completion of my BS degree. As the evidence shows, I requested such waiver in a timely fashion and the authorities at DA were duly notified of my petition. It seems to me that they purposely ignored my claim for the waiver, knowing that once granted I was fully qualified for promotion. Notice that I finished my academic degree of Bachelor of Science and that the degree Diploma was issued by the Regents College on 18 June 1999, after the board met. Obviously, the fact is that I completed the requirement but for reasons beyond my control the Diploma was not issued and awarded by the University in a timely way to be submitted to the promotion board. Furthermore, I was not promptly notified of the action taken on my request for waiver of September 1998. I was kept waiting for such reply in good faith and expecting that the authorities concerned would act on it by either approving or disapproving the same as required. It should be noted that it was not until last 21 June 2000 that, at my request by telephone, I received via Fax from Mr. Cliff Moses, ARPECEN PROMOTIONS, copy of this Board's Memorandum For Chief, Office of Promotions (RC), PERSCOM, dated 2 Nov 1999, returning my previous application for correction of military record to the Office of Promotions, Reserve Components, for action. It appears to me that I was kept on the dark by the inaction of those required to act on my request for waiver of civilian education requirements until completion of my degree.

As the evidence establishes, I finished the academic degree, thus qualifying myself for favorable consideration for waiver and promotion. Notice that I requested a waiver of educational requirement as provided by Section 516 of the National Authorization Act for fiscal year 1999; Section 12205, Title 10 United States Code, was expanded by Section 516, supra., to allow the granting of waivers of educational requirements. That provision of the law extends the authority to approve waivers up to 30 September 2000. Approval of the waiver was recommended by LTC Gerald T. Mayer, Chief of Promotions, Reserve Components, U.S. Total Army Personnel Command, Saint Louis, Missouri; however, the authorities did not act diligently and waited until January 2000 to notify me of their decision denying the waiver…after my separation from active service had already been ordered!

I feel that I was not accorded my right to equal protection of law as well as due process. As an OCS Commissioned Officer I entitled to be favorably considered for waiver of civilian educational requirement, more so in light of the fact of my completion of said requirement as my Diploma attests. Bear in mind that the non selection for promotion was based on the alleged lack of the academic degree, notwithstanding my efforts to complete my studies and my successful attainment of my diploma. At all times I was acting in good faith and relying on the impartial and fair consideration by the military authorities to acknowledge my commitment to the Service as a career officer and recognize my success in obtaining the academic degree. My military record is umblemished and shows that I was fully qualified for retention.

The system provides for the convening of a special board to act on my promotion once the waiver is approved. As stated, the denial of the waiver, after my separation from the service was ordered is an abuse of discretion and a deviation from the statutory policy applicable to OCS Commissioned Officers. In the absence of compelling reasons, the waiver should have been granted and a special board convened to consider and act on my case.

This Board has jurisdiction to entertain my claims and grant appropriate relief to correct the injustice done to me. The actions contested herein should be reviewed and corrected by setting aside my separation and ordering my promotion to Captain, including reinstating me to AGR status, retroactive to the date I was separated. Further, as provided by the cited statutory provisions, the Secretary of the Army has authority to approve waivers of educational requirements until 30 September 2000, and this Board has ample jurisdiction and powers to provide accordingly, including directing the Secretary to grant the waiver as requested by this petitioner.

Item 12, DD Form 149.

I request that you also notify my legal counsel of any correspondence and/or action the Board might take in processing this matter. His address is the following:

Mr. Jaime A. Rodruez Lecoeur, Esq.
P.O. Box 8719
San Juan, Puerto Rico 00910-0719
Tel. (787) 268-7801  Fax (787) 726-1608

000009

## EXHIBIT "A"

## LIST OF DOCUMENTS

MEMORANDUM FOR COMMANDER, U.S. TOTAL ARMY PERSONNEL COMMAND, ATTN: (Mr. Wilson), One Reserve Way, St. Louis, MO 63132, SUBJECT: Request for Civilian Education Waiver - 1LT Lassalle, José L., ▓▓▓▓▓, dated in hand writing 17 January 2000 ( date received by petitioner).

Letter to Honorable Thomas M. Reynolds, dated October 4, 1999, from LTC Gerald T. Mayer, U.S. Army Chief, Office of Promotions, Reserve Components.

MEMORANDUM THRU HQDA, ATTN: DAPE-MPO-S, 300 Army Pentagon, Room 2B719, Washington, D.C. 20310, dated 29 September 1999, from LTC Gerald T. Mayer; SUBJECT: Request for Civilian Education Waiver - 1LT Lassalle, Jose L., ▓▓▓▓▓

MEMORANDUM FOR LASSALLE JOSE LUIS, dated 4 MAY 1999, SUBJECT: Notification of Promotion Status, from LTC Gerald T. Mayer, Chief, Office of Promotions, Reserve Components.

Letter to First Lieutenant Jose L. Lassalle, dated June 02, 1999, from Major Adie T. Angel, Deputy Chief, Office of Promotions, Reserve Components.

Letter to Honorable Thomas M. Reynolds, dated 22 November 1999, from COL Karl B. Knoblauch, U.S. Army, Chief, Office r Division.

Letter to Mr. Jose Lassalle, dated December 13, 1999, from Thomas M. Reynolds, Member of Congress.

FASCIMILE TRANSMITTAL HEADSHEET, dated 2 November 1999, to Mrs. SARAH MARTIN.

Letter to Mrs. Sarah Martin, dated 2 November 1999, from Jose L. Lassalle, 1lt, CA, U.S. Army.

Letter to Honorable Thomas M. Reynolds, dated October 4, 1999, from LTC Gerald T. Mayer, U.S. Army, Chief, Office of Promotions, Reserve Component.

Letter to Mr. Jose L. Lassalle, dated October 19, 1999 from THOMAS M. REYNOLDS, Member of Congress.

Letter to Maj. Gen. Bruce Scott, US Department of the Army, dated September 20, 1999 from THOMAS M. REYNOLDS, Member of Congress.

Letter to Mr. Jose L. Lassalle, dated September 13, 1999 from THOMAS M. REYNOLDS, Member of Congress.

PRIVACY FORM dated 99/15/09 signed by Jose L. Lassalle.

Letter dated 20 June 1999, request for waiver of Civilian Education, from JOSE L. LASSALLE, 1LT, CA, USAGR, Battalion Assistant S3/TRG Officer.

Letter to Congressman John J. Lafalce, dated August 23,1999, from Jose L. Lassalle, 1LT, CA, USAGR, Battalion Assistant Operation (S3)/Training Officer.

MEMORANDUM FOR Commander, 402nd Civil Affairs Battalion, 2393 Colvin Boulevard, Tonawanda, New York 14150-4411. SUBJECT: Notice of Involuntary Release from Active Duty - 1LT Lassalle, Jose L., ███████, dated 17 SEP 1999, from COL BARRY B. GALLAGER, Director, Full Time Support, Management Directorate.

APPLICATION FOR CORRECTION OF MILITARY RECORD, dated 28 Jul 99, signed by Jose L. Lassalle.

Letter to Lieutenant Jose L. Lassalle, dated September 17, 1999 from COL Barry B. Gallagher, Director, Full Time Support, Management Directorate.

ACKNOWLEDGEMENT, signed by Jose L. Lassalle, dated 22 Sep 1999, 1LT, CA, ███.

Letter to President, Captain Board Reconsideration, dated 4 May 1999, from Jose L. Lassalle, 1LT, IN, USAR, 402D CA BN.

SERVICE SCHOOL EVALUATION REPORT, dated 20 MARCH 1991, INFANTRY OFFICER BASIC COURSE, CLASS 2-91, 2LT LASSALLE, JOSE L.

SERVICE SCHOOL EVALUATION REPORT, dated 19-DEC-97, QUARTERMASTER OFFICER ADVANCED-BC 1-98, LASSALLE JOSE L., 1LT.

DIPLOMA JOHN F. KENNEDY, SPECIAL WARFARE CENTER AND SCHOOL, CIVIL AFFAIRS OFFICER ADVANCED COURSE - RC (5-41-C23), dated 23rd April 1999, 1LT JOSE L. LASSALLE, ███████.

ORDERS R-01-000253, ACTIVE DUTY IN ACTIVE GUARD/RESERVE, DEPARTMENT OF THE ARMY, U.S. ARMY RESERVE PERSONNEL COMMAND, dated 15 JANUARY 1998, LASSALLE JOSE L.

DD FORM 214, LASSALLE, JOSE LUIS, 1LT, ARMY/USAR/CA, CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY.

ORDERS C-11-701419, DEPARTMENT OF THE ARMY, U.S. ARMY RESERVE PERSONNEL COMMAND, dated 15 November 1999, LASSALLE, JOSE L., 1LT, release from active duty.

ORDERS C-11-70149A01, DEPARTMENT OF THE ARMY, U.S. ARMY RESERVE PERSONNEL COMMAND, dated 15 January 2000, LASSALLE, JOSE L., 1LT, amendment to Order C-11-701419, dated 15 Nov 99.

Copy of Section 12205, Title 10 United States Code, with footnote of Sec. 516.

Diploma, Regents College, José L. Lassalle, Bachelor of Science, dated 18th day of June 1999.

MEMORANDUM FOR CHIEL, OFFICE OF PROMOTIONS (RC), PERSCOM, dated 2 Nov 1999, received via fax on 21 June 2000.



**DEPARTMENT OF THE ARMY**
OFFICE OF THE DEPUTY CHIEF OF STAFF FOR PERSONNEL
300 ARMY PENTAGON
WASHINGTON, DC 20310-0300

REPLY TO
ATTENTION OF

17 Jan 2000

DAPE-MPO

MEMORANDUM FOR COMMANDER, U. S. TOTAL ARMY PERSONNEL COMMAND
ATTN: (Mr. Wilson), One Reserve Way, St. Louis, MO 63132

SUBJECT:  Request for Civilian Education Waiver -- 1LT Lassalle, Jose L.,

1.  1LT Lassalle's request for waiver of the civilian education requirement of Section 12205, Title 10, United States Code, was disapproved by the office of the Deputy Chief of Staff for Personnel. While LT Lassalle's situation is unfortunate, there are no grounds for this agency to grant such a request after being twice non-selected for promotion. However, if LT Lassalle feels he has a strong case for denial of due process based on his attendance to the active Officer Candidate School, he may file with the Army Board for Correction of Military Records.

2.  If LT Lassalle chooses to apply to ABCMR for review of this issue, he should direct his correspondence to the Director, Management Information and Support Directorate, DA Review Boards Agency, ATTN:  SFMR-RBR, 2nd Floor, 1941 Jefferson Davis Highway, Arlington, VA 22202-4508.

3.  The point of contact for this action is LTC Vickers at (703) 693-9535.  Thank you for your interest and support of the United States Army Reserve.

Encls

Karl B. Knoblauch, Jr.
Colonel, U.S. Army
Chief, Officer Division

Printed on    Recycled Paper

CAUTION: NOT TO BE USED FOR
IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT.

ANY ALTERATIONS IN SHADED
AREAS RENDER FORM VOID

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) ROSALES, JOSE LUIS | 2. DEPARTMENT, COMPONENT AND BRANCH ARMY/USAR/CA | 3. SOCIAL SECURITY NO. |
|---|---|---|

| 4.a GRADE, RATE OR RANK LT | 4.b PAY GRADE O2 | 5. DATE OF BIRTH (YYYYMMDD) | 6. RESERVE OBLIG. TERM. DATE |
|---|---|---|---|
| | | | Year 0000 Month 00 Day 00 |

| 7.a PLACE OF ENTRY INTO ACTIVE DUTY TONAWANDA, NY | 7.b HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) 1275 ELM STREET FORT DIX, NJ 08640 |
|---|---|

| 8.a LAST DUTY ASSIGNMENT AND MAJOR COMMAND 402D CA BN (GP) FC | 8.b STATION WHERE SEPARATED FORT DRUM, NY 13602-5000 |
|---|---|

| 9. COMMAND TO WHICH TRANSFERRED USAR CRTLGP (REINF) ARPERCEN, 9700 PAGE BLVD, ST LOUIS, MO 63112 | 10. SGLI COVERAGE ☐ None Amount: $200,000.00 |
|---|---|

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) 38A CIVIL AFFAIRS GEN (RC)--1 YRS-1 MOS//11B LIGHT INFANTRY--1 YRS-10 MOS//92A QUARTERMASTER GENERAL--1 YRS-10 MOS//NOTHING FOLLOWS | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|---|
| | a. Date entered AD This Period | | | |
| | b. Separation Date This Period | 1999 | | |
| | c. Net Active Service This Period | 0001 | | |
| | d. Total Prior Active Service | 0010 | | |
| | e. Total Prior Inactive Service | 0009 | | |
| | f. Foreign Service | 0000 | | |
| | g. Sea Service | 0000 | | |
| | h. Effective Date of Pay Grade | 1997 | | |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) |
|---|
| ARMY ACHIEVEMENT MEDAL (2ND AWARD)//ARMY GOOD CONDUCT MEDAL (3RD AWARD)//ARMY RESERVE COMPONENTS ACHIEVEMENT MEDAL (2ND AWARD)//NATIONAL DEFENSE SERVICE MEDAL//NONCOMMISSIONED OFFICER'S PROFESSIONAL DEVELOPMENT RIBBON//ARMY SERVICE RIBBON//OVERSEAS SERVICE RIBBON (3RD AWARD)//ARMY RESERVE COMPONENTS OVERSEAS TRAINING RIBBON (4TH AWARD)//CONT IN BLOCK 18. |

| 14. MILITARY EDUCATION (Course title, number of weeks and month and year completed) |
|---|
| CIVIL AFFAIRS OFFICERS ADVANCED CRS CORRESPONDENCE PHASE 1 & 11, 2 WEEKS, 1999//QUARTERMASTER OFFICER ADVANCED CRS, 2 WEEKS, 1997//NOTHING FOLLOWS |

| 15.a MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERAN'S EDUCATIONAL ASSISTANCE PROGRAM | Yes | No X | 15.b HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes X | No | 16. DAYS ACCRUED LEAVE PAID 53.5 |
|---|---|---|---|---|---|---|

| 17. MEMBER WAS PROVIDED A COMPLETE DENTAL EXAM AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | Yes | No X |
|---|---|---|

18. REMARKS

| 19.a MAILING ADDRESS AFTER SEPARATION (Include Zip Code) | 20. MEMBER REQUESTS COPY 6 |
|---|---|

| 23. TYPE OF SEPARATION RELEASE FROM ACTIVE DUTY | 24. CHARACTER OF SERVICE HONORABLE |
|---|---|

| 25. SEPARATION AUTHORITY AR 600-8-24, PARA 3F(1) | 26. SEPARATION CODE LGB | 27. REENTRY CODE |
|---|---|---|

| 28. NARRATIVE REASON FOR SEPARATION NON-SELECTION, PERMANENT PROMOTION |
|---|

| 29. DATES OF TIME LOST DURING THIS PERIOD NONE | 30. MEMBER REQUESTS COPY 4 |
|---|---|

DD Form 214-AUTOMATED, NOV 88          Previous editions are obsolete.          MEMBER - 4

000014

DEPARTMENT OF THE ARMY
U.S. ARMY RESERVE PERSONNEL COMMAND
1 RESERVE WAY
St. Louis, MO   63132-5200

ARPC-PSP-0550
ORDERS C-11-701419                                    15 November 1999

LASSALLE, JOSE L., ███████, 1LT, U.S. Army Reserve Personnel Command
(AR-PERSCOM), St. Louis, MO 63132-5200, atch to 402 CA BN (GP) (WRTCTO)
Tonawanda, NY  14150-4411 w/dy SAME

You are released from active duty, not by reason of physical disability, and
assigned as indicated on date immediately following release from active duty.
Any temporary appointments held are terminated on your effective date of
relief from active duty.

Effective date of release from active duty:  22 December 1999
Assigned to:  United States Army Control Group (Reinforcement) Army Reserve
Personnel Command, 1 Reserve Way, St Louis MO 63132-5260
Terminal date of Reserve obligation: Not Applicable
Additional instructions:
   (a)  Movement of dependents and household goods to home of record or place
of entry on active duty is authorized.
   (b)  Dependents: (YES/NO): YES
   (c)  You are not required to report physically to your assigned control
group; however, you must keep them informed by mail of your address.
   (d)  Contact the Retirement Services Officer (RSO) 30 days prior to
scheduled separation date or terminal leave.
   (e)  Upon completion of transition processing, MPRJ will be forwarded to
Commander, AR-PERSCOM, ATTN: ARPC-PRA-R, 1 Reserve Way, St Louis, MO
63132-5200.
   (f)  Soldier is not authorized separation pay.
   (g)  Transition Assistance Management Program:
        (1)  Expiration of Medical: 000420
        (2)  Expiration of PX/Commissary: 011221
FOR ARMY USE:
Accounting  classification: 2102070 23-6100 P4H30.1100 (1198, 1199, 1210,
1250, 21P3, 21P4, 2230, 257Z) PAFM S99999
HOR:  Fort Dix, NJ
Pl EAD or OAD:  Fort Dix, NJ
MDC:  United States Army Reserve Active Guard Reserve Exempt
Comp:  United States Army Reserve Active Guard Reserve
Format:  523

DEPARTMENT OF THE ARMY
U.S. ARMY RESERVE PERSONNEL COMMAND
1 RESERVE WAY
St. Louis, MO   63132-5200

ARPC-PSP-O330
ORDERS C-11-701419

15 November 1999

LASALLE, JOHN L., ~~xxxxxx~~, 1LT, U.S. Army Reserve Personnel Command
(AR-PERSCOM), St. Louis, MO 63132-5200, atch to 402 CA BN (GP) (USTCTO)
Tenawanda, NY 14150-6611 w/dy USAR

You are released from active duty, not by reason of physical disability, and
assigned as indicated on date immediately following release from active duty.
Any temporary appointments held are terminated on your effective date of
relief from active duty.

Effective date of release from active duty: 22 December 1999
Assigned to: United States Army Control Group (Reinforcement) Army Reserve
Personnel Command, 1 Reserve Way, St Louis MO 63132-5200
Terminal date of Reserve obligation: Not Applicable
Additional instructions:
    (a) Movement of dependents and household goods to home of record or place
    of entry on active duty is authorized.
    (b) Dependents:  (YES/NO):  YES
    (c) You are not required to report physically to your assigned control
    group; however, you must keep them informed by mail of your address.
    (d) Contact the Retirement Services Officer (RSO) 30 days prior to
    scheduled separation date or terminal leave.
    (e) Upon completion of transition processing, MPRJ will be forwarded to
    Commander, AR-PERSCOM, ATTN: ARPC-PRA-R, 1 Reserve Way, St Louis, MO
    63132-5200.
    (f) Soldier is not authorized separation pay.
    (g) Transition Assistance Management Program:
        (1) Expiration of Medical: 000420
        (2) Expiration of PX/Commissary: 011221
FOR ARMY USE:
Accounting classification: 2102070 21-6100 P4R30.1100 (1198, 1199, 1210,
1230, 2193, 2194, 2230, 2975) PAPM 899999
MOB: Fort Dix, NJ
Pl BAD or OAD:  Fort Dix, NJ
MDC: United States Army Reserve Active Guard Reserve Exempt
Comp: United States Army Reserve Active Guard Reserve
Format:  523

FOR THE COMMANDER:

```
***************
*  AR-PERSCOM *
*   OFFICIAL  *
***************
```

PETER A. CAROZZA
COL, AG
Director, Personnel Actions and
    Services Center

000016

Jan 26 '00  9:29    KONICA FAX 720    P. 3

JAN-25-2000  17:01    P.01 01

DEPARTMENT OF THE ARMY
U.S. ARMY RESERVE PERSONNEL COMMAND
1 RESERVE WAY
ST. LOUIS, MO  63132-5200

ARPC-PSP-O550                                    25 January 2000
ORDERS C-11-701419A01

The following order is amended as indicated.

So much of: Order C-11-701419, This Headquarters, dated 15 Nov 99
Pertaining to: The release from active duty of:
     LASSALLE, JOSE L., ~~~~~~~~~~, 1LT, U.S. Army Reserve Personnel Command
     (AR-PERSCOM), St. Louis, MO  63132-5200, atch to 402 CA BN (GP) (WRTCTO)
     Tonawanda, NY  14150-4411 w/dy SAME

As reads: Additional instructions:  (a) thru (g)
How changed:  IATA:  Additional instructions: (h) Soldier is authorized travel
to HOS to any place within the United States IAW Para U5130, JTTR.  Travel to
a selected home must be completed within 1 year after active duty termination.
Authority:  NA
Format:  700

FOR THE COMMANDER:


           ***************
           * AR-PERSCOM *        PETER A. CAROZZA
           * OFFICIAL   *        COL, AG
           ***************       Director, Personnel Actions and
                                 Services Directorate

DISTRIBUTION:
1-Commander, AR-PERSCOM, ATTN:  ARPC-ARM-C, 1 Reserve Way, St Louis, MO
  63132-5200
1-Cdr, 402 CA BN (GP), 2391 Colvin Blvd, Tonawanda, NY  14150-4411
1-Cdr, USASOC, ATTN:  AORA-AP, Bldg 2409, Ft Bragg, NC  26307
1-Cdr, US Army Transition Point, ATTN: AFZS-PR-AG-TC, Bldg T-547, Ft Drum, NY
  13602-5000
1-FAO, Ft Drum, NY  13602-5000
2-1LT JOSE L. LASSALLE, 156 L Glenhaven Drive, Amherst, NY  14228

000017

2



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

July 14, 2004

SFMR-RBR
AR2003097562
LASALLE, JOSE L.

Mr. Jose L. Lasalle
Post Office Box 235
Moca, Puerto Rico 00676

Dear Mr. Lasalle:

This is in reference to your October 9, 2003 application for correction of military records, in which you request reconsideration of your request that for a waiver of the education requirement for promotion to captain and promotion reconsideration by a Special Selection Board. The records of this office reveal that your original application was considered and denied by the Army Board for Correction of Military Records (ABCMR) on March 8, 2001.

As you acknowledge in the statement included with your application, the regulation that governs the operations of the ABCMR provides specific guidance to be applied in cases involving requests for reconsideration received more than 1 year after the original consideration. In such cases, the staff of the Board will review the request to determine if substantial relevant evidence has been submitted that shows fraud, mistake in law, mathematical miscalculation, manifest error, or if there exists substantial relevant new evidence discovered contemporaneously or within a short time after the original decision. If the staff finds such evidence, the case will be submitted to the Board. If no such evidence is found, the application will be returned to the applicant without action.

In your latest request, you reassert your argument that the denial of your education waiver by the Office of the Deputy Chief of Staff, Personnel (ODCSPER) was unjust and argue that the timing of the law and your promotion considerations were not properly accounted for. However, all the facts and circumstances surrounding your waiver request were properly considered by the Board during its original review of your case and the Board determined that there was insufficient evidence to show any error or injustice related to the denial of your education waiver by the ODCSPER.

PRINTED ON ♻ RECYCLED PAPER

AR2003097562
LASALLE, JOSE L.

It is clear you believe you should have been granted an education waiver and that you should be reconsidered for promotion by a SSB. However, while your continued pursuit of relief regarding these issues is understood, your dissatisfaction with the original decision does not satisfy the criteria for reconsideration of your case by the Board.

More than 1 year has elapsed since the original consideration of your case and the staff of the Board has determined that the current application does not contain evidence that meets the regulatory reconsideration criteria outlined above. Therefore, your case is being administratively closed and is returned to you without referral to the Board.

Sincerely,

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosures:

## APPLICATION FOR CORRECTION OF MILITARY RECORD
### UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552
*(Please read instructions on reverse side BEFORE completing application.)*

| |
|---|
| *Form Approved* |
| OMB No. 0704-0003 |
| Expires Sep 30, 2003 |

The public reporting burden for this collection of information is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to Department of Defense, Washington Headquarters Services, Directorate for Information Operations and reports (0704-0003), 1215 Jefferson Davis Highway, Suite 1204, Arlington, VA 22202-4302. Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.
**PLEASE DO NOT RETURN YOUR COMPLETED FORM TO THE ABOVE ADDRESS. RETURN COMPLETED FORM TO THE ~~~**
OF THIS PAGE.

PRIVACY ACT r

**AUTHORITY:** Title 10 US Code 1552, EO 9397.

**PRINCIPAL PURPOSE:** To initiate an application for correction of military record. The form is used by Board members for review of pertinent information in making a determination of relief through correction of a military record.

Item ID:.......9465.
Name:.......LASELLE, JOSE L.
SSN:..........
MSN:..........149
Doc Type:.......
Receipt Date /Time.10/28/2003/06:59:47 PM
Edited By..... DANIED
~~~ to assure proper
~~ and appropriate records.

### 1. APPLICANT DATA

**a. BRANCH OF SERVICE** *(X one)*  [X] ARMY   [ ] NAVY   [ ] AIR FORCE   [ ] MARINE CORPS   [ ] COAST GUARD

**b. NAME** *(Last, First, Middle Initial) (Please print)*
LASALLE, JOSE L.

**c. PRESENT PAY GRADE**
WO1

**d. SERVICE NUMBER** *(If applicable)*

**e. SSN**

| 2. TYPE OF DISCHARGE *(If by court-martial, state type of court)*  HONORABLE | 3. PRESENT STATUS, IF ANY, WITH RESPECT TO THE ARMED SERVICES *(Active duty, Retired, Reserve, etc.)*  USAR | 4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY *(YYYYMMDD)*  19991222 |
|---|---|---|

**5. ORGANIZATION AT TIME OF ALLEGED ERROR IN RECORD**
402nd Civil Affairs Battalion
Tonawanda, NY 14150-4414

**6. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C.**
*(No expense to the Government) (X one)*
[X] YES   [ ] NO

**7. COUNSEL** *(If any)*
**a. NAME** *(Last, First, Middle Initial)*

**b. ADDRESS** *(Street, Apartment Number, City, State and ZIP Code)*

**8. I REQUEST THE FOLLOWING CORRECTION OF ERROR OR INJUSTICE:**
A.  That I be granted a waiver of educational requirement for promotion to CPT pursuant to 10 USC 12205(d).
B.  That my promotion file be presented to a Special Selection Board as provided in AR 135-155, chapter 3.

**9. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST IN THE FOLLOWING PARTICULARS:**
See Attached Memorandum

**10. IN SUPPORT OF THIS APPLICATION I SUBMIT AS EVIDENCE THE FOLLOWING:** *(If Veterans Administration records are pertinent to your case, give Regional Office location and Claim Number.)*
See Attached Memorandum

### 11. ALLEGED ERROR OR INJUSTICE

| a. DATE OF DISCOVERY *(YYYYMMDD)*  19991222 | b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THIS APPLICATION.  See Attached Memorandum |
|---|---|

**12. APPLICANT MUST SIGN IN ITEM 16. IF THE RECORD IN QUESTION IS THAT OF A DECEASED OR INCOMPETENT PERSON, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY APPLICATION. IF APPLICATION IS SIGNED BY OTHER THAN APPLICANT, INDICATE RELATIONSHIP OR STATUS BY MARKING APPROPRIATE BOX.**

[ ] SPOUSE   [ ] WIDOW   [ ] WIDOWER   [ ] NEXT OF KIN   [ ] LEGAL REPRESENTATIVE   [ ] OTHER *(Specify)*

**13. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM.** *(U.S. Code, Title 18, Sec. 287, 1001, provides that an individual shall be fined under this title or imprisoned not more than 5 years, or both.)*

| 14.a. COMPLETE CURRENT ADDRESS, INCLUDING ZIP CODE *(Applicant should forward notification of all changes of address.)*  P. O. Box 235  Moca, P.R. 00676 | b. TELEPHONE NUMBER *(Include Area Code)*  (787) 877-1716 | DOCUMENT NUMBER *(Do not write in this space.)* |
|---|---|---|
| **15. DATE SIGNED** *(YYYYMMDD)*  20031009 | **16. SIGNATURE** *(Applicant must sign here.)* | AR 2003 09 7562 |

**DD FORM 149, SEP 2000**          PREVIOUS EDITION IS OBSOLETE.                    USAPA V1.00

I. Procedural Context.

This is a request for reconsideration. The Applicant previously submitted an appeal to the ABCMR. This petition was denied by an ABCMR Memorandum of Reconsideration dated 6 March 2001, Docket Number AR2000044702. More than one year has elapsed since the board's prior consideration of this matter. AR 15-185, ¶2-15b provides that an applicant may request reconsideration of an ABCMR decision, even though more than a year has elapsed since the ABCMR action, if "substantial relevant evidence is submitted showing...mistake of law... (or) manifest error..." There is significant evidence of both in this case, as noted in Section IV below.

II. Facts.

The facts of this case were set out in the previous opinion of the ABCMR. My military career is detailed in a separate memorandum attached hereto as Exhibit A. I was first nonselected for promotion in 1997. In November of 1998, I was nonselected for the second time. I was nonselected, primarily because I had not completed my civilian education requirements, I had not yet earned my bachelor's degree. This is demonstrated in the letters of LTC Gerald T. Mayer, then Chief of the Office

1

of Promotions, Reserve Components dated 29 September 1999 (Exhibit B),
the letter of MAJ Acie T. Angel, Deputy Chief of the Officer Promotions
Branch, Reserve Components dated 2 June 1999 (Exhibit C), and the second
letter of LTC Mayer to Congressman Thomas M. Reynolds, dated October
4, 1999 (Exhibit D). The ABCMR, in its original opinion in this matter has
also recognized that the reason I was nonselected was that I lacked the
civilian education qualifications that were thought to be necessary. I have
since earned my bachelor's degree in June of 1999.

The facts not considered by the board previously, and which are
critical to a correct understanding of this case are these: The provision of
law which allows for reserve officers who received their commissions
through Army OCS to obtain a waiver of the educational requirement
became law on October 18, 1998. I was considered for promotion in
November of 1998.

It was not until after my second nonselect that I applied for a waiver.
I was told that if a waiver were granted, that my case could be sent to a
"special selection board." See Exhibit D. In the end, the Army refused to
grant a waiver. In denying the waiver, it was stated that because I had been
nonselected twice, there were no grounds upon which to grant a waiver. See
letter of COL Karl B. Knoblauch, Jr., Chief, Officer Division, Office of the

2

Deputy Chief of Staff for Personnel (ODCSPER), dated 17 January 2000.

Exhibit E.

III. Injustices or Unfairness Claimed.

    A. Although the Educational Waiver Was A Matter of Law at the Time of My Second Nonselect, I Was Not Able To Take Advantage of It Because of the Timing of My Promotion Board.

    B. ODCSPER Incorrectly and Unfairly Claimed That Two-Time Nonselect Officers Were Ineligible For the Educational Waiver in Denying My Request For a Waiver.

    C. The ABCMR Should Have Corrected ODCSPER's Erroneous Failure to Exercise Its Discretion.

IV. Discussion.

    **a. The Civilian Education Requirement.**

Title 10, United States Code § 12205(a) requires that, before an Army officer may be promoted to the rank of captain or higher, he or she must first have a bachelor's degree. That provision of the Code says as follows:

> **§ 12205.** Commissioned officers: appointment; educational requirement
>
> (a) In general. No person may be appointed to a grade above the grade of first lieutenant in the Army Reserve, Air Force Reserve, or Marine Corps Reserve or to a grade above the grade of lieutenant (junior grade) in the Naval Reserve, or be federally recognized in a grade above the grade of first lieutenant as a member of the Army National Guard or Air National Guard, unless that person has been awarded a baccalaureate degree by a qualifying educational institution.  10

3

**000023**

USCS §12205.

This provision was originally enacted in 1991, but the requirement did not come into effect until September 30, 1995. In other words, while the statute was enacted in 1991, only officers who were considered for promotion after September 30, 1995 were affected. Originally, the law read "After September 30, 1995, no person..." This language was changed to the current, "No person..." in 1996. Act, Sept. 23 1996, 110 Stat. 2512, § 504.

### b. The Educational Waiver: Statutory Authority to Waive the Civilian Education Requirement.

Congress has recognized that obtaining a college degree can be difficult, particularly for soldiers who have prior enlisted experience. The enlisted soldier who obtains his or her commission through OCS will frequently have extensive military experience as an enlisted soldier. It is particularly difficult for an older soldier without a degree to obtain one within the time allotted. There are added responsibilities that come with age. Many soldiers will have a family and children. Reservists have the requirements of daily jobs in addition to their military drill and AT. For soldiers on active duty there will frequently be the added exigency of deployment. In short, there are a good many important factors that interfere with the older soldier's ability to complete a college degree. Thus, Congress granted the authority to the Secretary of the Army, to waive the college degree requirement for officers who obtained their commissions through the Army Officer Candidate School.

4

000024

(d) Waiver authority for Army OCS graduates and certain Marine Corps officers.

(1) The Secretary of the Army may waive the applicability of subsection (a) to any officer whose original appointment in the Army as a Reserve officer is through the Army Officer Candidate School program.

10 USCS § 12205(d).

This same provision, albeit with various qualifiers and expiration dates, existed at all times relevant to this appeal. I shall refer to this waiver authority of the law as the "educational waiver."

### c. **ODCSPER Improperly Denied My Request for Waiver of the Civilian Education Requirement.**

In June of 1999 I submitted a request for a waiver of the requirement of a bachelor's degree. On 17 January 2000 the Officer Division, Office of the Deputy Chief of Staff for Personnel issued a decision denying my application for a waiver. In the letter of denial, the chief of that division stated that there "are no grounds for this agency to grant such a request after being twice non-selected for promotion." Exhibit E. This determination of the Officer Division was improper.

This action was erroneous for four reasons. First of all, my application was meritorious. Second, the grounds relied upon by ODCSPER to deny my request were improper. Third, the retroactive provision of the waiver law was tailored particularly for twice nonselect officers. Finally, since the law

5

allowing the educational waiver did not become effective until the month before I was nonselected for the second time, ODCSPER's refusal to apply the retroactive provision to me was particularly unfair.

### 1. My Application for an Educational Waiver was Meritorious.

I have performed well in the military. This is best demonstrated in the letter of LTC Gerald T. Mayer, the Chief of the Office of Promotions, Reserve Components, dated 29 September 1999 details my OERs. LTC Meyer first reviews my career file, and notes no deficiencies. Then, he recommends that a waiver be granted. Exhibit B. In addition, I would rely on the long list of certificates detailing my military career, of which I am exceedingly proud, and are attached hereto as a single exhibit. Exhibit A. Finally, in his letter dated 17 January 2000 denying my application for an educational waiver, COL Karl Knoblauch, Jr., writing as the chief of the Officer Division at the Office of the Deputy Chief of Staff for Personnel (ODCSPER), acknowledges that my case had merit. Exhibit E. He specifically states that my case was "unfortunate." He also suggests that I apply to the Army Board for the Correction of Military records if I believe that I was denied "due process based on (my) attendance to the active Officer Candidate School." The clear implication that one draws from

6

reading the letter is that the author desired to grant a waiver. In short, I believe that it is clear that my request for an educational waiver had merit.

### 2. ODCSPER Incorrectly Found that Twice-Nonselect Officers were Ineligible for the Educational Waiver.

ODCSPER never got to the point of considering the merits of my case. This is the second reason that the ODCSPER letter was improper. ODCSPER improperly denied the waiver because they failed to consider the waiver on the merits of my case, and relied on procedural grounds that are not provided for in law or regulation. Rather than consider the merits of my case, ODCSPER denied my request because it was believed that "there are *no grounds* for this agency to grant such a request after being *twice nonselected for promotion.*" Exhibit E (emphasis added). Holding, in effect, that granting an educational waiver for a twice nonselect was, in some way barred. This is erroneous. No such limitation exists. Nothing in the Public Law, as it existed at the time (or the Statute as it exists now) prohibited the Secretary of the Army from granting waivers of the civilian education requirement to officers who have been twice nonselected for promotion.

Congress has demonstrated a clear intent to expand the applicability of the waiver provision. In its original enactment, the waiver provision expired on September 30, 2000. In addition, the provision was allowed to

7

apply only to officers commissioned "before the date of the enactment of" the Act. Strom Thurmond National Defense Authorization Act for FY99, § 516(b) (10 USCS §12205, Ancillary Laws and Directives). However, congress amended this provision. First, in 2000, extending the expiration date until September 30, 2001. Then, by doing away with the expiration of the authority entirely, making it a permanent part of the Code, and by expanding the applicability of the waiver provision to officers who had been commissioned "before, on, or after the date of the enactment of" the Act. National Defense Authorization Act for FY2002 § 512 (December 28, 2001)(10 USCS §, Ancillary Laws and Directives).

In short, the decision of ODCSPER not only lacked any basis in the statute, it was also contrary to clearly expressed congressional will.

### 3. The Educational Waiver Provision has Characteristics Intended to Benefit to Twice-Nonselect Officers.

A critical examination of the statute shows that, contrary to the ODCSPER ruling, this educational waiver law was, in many ways, written specifically to benefit the OCS officer who was twice nonselected for promotion. The retroactive aspect of the law is a prime example of this. The law provided as follows:

    (a) Waiver authority for Army OCS graduates. The Secretary of the Army may waive the applicability of section 12205(a) of title 10, United States Code, to any officer who before the date of the

8

enactment of this Act was commissioned through the Army Officer Candidate School.  Any such waiver shall be made on a case-by-case basis, considering the individual circumstances of the officer involved, and may continue in effect for no more than 2 years after the waiver is granted.  The Secretary may provide for such a waiver to be *effective before the date of the waiver,* as appropriate in an individual case.

Strom Thurmond National Defense Authorization Act for FY99, § 516(b) (10 USCS 12205, Ancillary Laws and Directives) (emphasis added).

The public law, as it existed at the time my waiver was denied (and the law as it currently exists), thus enables the Secretary, in an appropriate case to make the waiver retroactive to a time prior to the date on which the waiver is actually granted.  This retroactive waiver provision is specifically tailored to assist officers who have been twice nonselected.

A review of the circumstances in which an officer, not having obtained a degree, might find himself is appropriate.  First, look at an officer, without a college degree, who has not yet been considered by a board for promotion. He or she would have no need for the retroactive waiver.  The officer could apply for, and, if deemed worthy, obtain a waiver before the board met. Obviously, a waiver granted prior to the board's convening would not need to be retroactive.  Secondly, the officer might have been once-nonselected for promotion.  A waiver granted after a first time nonselect, again, need not be retroactive as that officer has one more chance at being selected by a promotion board.

9

The retroactive waiver offers relief, primarily, for someone, such as myself, who has been twice nonselected. An officer who is twice nonselected could seek a retroactive waiver. If obtained, that that waiver could be made to be effective *prior* to the date of the board which refused to select him for the second time. This would, then, give the officer the opportunity to request consideration by a Special Selection Board.

A Special Selection Board is a board of officers convened under 10 USC § 628 or 14502 to

> "evaluate and recommend commissioned officers...for promotion consideration...following a determination that the action of a board that considered and did not select the officer...if the board did not have before it for its consideration material information."

MILPER Message Number 03-170, TAPC-MSP-O, ( 12 May 2003).

In other words, in my case, the board would not have had an educational waiver before it. Since this is material information, I would have been entitled to have my case considered by a Special Selection Board.

The Special Selection Board considers the officer's records *as if he or she had been granted the educational waiver*. AR 135-155, paragraph 3-20 provides as follows:

> **3–20. Information provided to special selection boards**
> A promotion reconsideration board will consider the record of the officer *as it should have been considered by the original board*.

10

**000030**

    *a.* Commissioned officers considered by a mandatory promotion board on or after 1 October 96 will be considered by a special selection board. The records of officers being reconsidered by a special selection board will be compared with a ***sampling of those officers of the same competitive category who were recommended and who were not recommended*** for promotion by the original mandatory Reserve of the Army selection board.

(Emphasis added).

    Thus, the retroactive waiver is particularly tailored to aid the twice-nonselect officer.

### 4. Officers Nonselected Near the Time of the Adoption of the Waiver Provision are Unfairly Affected by the ODCSPER Decision.

    It also appears that the retroactive waiver was tailored for officers who were not educationally qualified and nonselected during the time frame that I was nonselected. In 1997, I was nonselected for the first time for promotion to Captain. In 1998, in November I believe, the board met which nonselected me for the second time. However, the waiver provision of Strom Thurmond National Defense Authorization Act for FY99, P.L. 105-261 did not become effective until October 17, 1998. 10 USCS § 12205, History; Ancillary Laws and Directives. It is impossible that I could have submitted a request for a waiver within the time allotted. The retroactive feature of the waiver should have allowed me to have a special selection board to consider my case. As it is, the decision of ODCSPER has,

11

effectively, denied me the benefit of the waiver law because of a fluke of

timing. This is fundamentally unfair.

For the reasons noted above, the decision of ODCSPER was unfair.

First, my military career shows that I was a meritorious candidate for such a

waiver. Secondly, ODCSPER denied my educational waiver request based

on reasons that are not authorized by statute or by regulation. Third,

contrary to the ODCSPER ruling, the retroactive provision of the waiver is

particularly tailored to assist officers who have been twice nonselected,

rather than other officers. In my particular circumstance, there was

insufficient time within which I could submit the request for waiver prior to

the board meeting for my second nonselect. The retroactive waiver would

have been of particular benefit to me in allowing me access to the benefits of

the waiver like any other officer.

### d. The Prior Decision of the ABCMR Was Incorrect.

The prior decision of the ABCMR denied my request. What the Board

failed to acknowledge in its prior ruling is that the Army failed to exercise

the discretion that the legislation at issue entrusted to it. The agency simply

stated that it had no discretion but to deny my request as there were "no

grounds" to grant it. A failure to exercise discretion is one of the most clear

12

examples of an agencies abuse of discretion. This abuse of discretion should have been corrected by the ABCMR.

The statute charges the Secretary of the Army with acting on applications such as mine on a case-by-case basis.

> Any such waiver shall be made on a case-by-case basis, considering the individual circumstances of the officer involved...

In other words, the Secretary must look at the qualifications and qualities of the individual; and determine whether there is merit his or her case.

The decision of the ABCMR in April of 2001 was erroneous. The board held, in essence, that the action by ODCSPER was an unreviewable act of discretion. However, such was not the ruling of ODCSPER. COL Knoblauch wrote as noted above, that there are "no grounds" to grant a request for a waiver after the officer has been "twice non-selected for promotion." The ODCSPER Chief of the Officer division actually stated that then-1LT Lasalle's "situation is unfortunate," making it clear that he believed that he had no option in the matter, and that ODCSPER was obligated to deny the request because of the two time nonselect issue.

The statute clearly vests the Secretary of the Army with discretion. In this case COL Knoblauch, on behalf of the Secretary, declined to exercise that discretion. It is hornbook law that a failure to exercise discretion is an abuse. In an excellent discussion of the error involved in the failure to

13

000033

exercise discretion by a court, the Fourth Federal Circuit has ruled as

follows:

> Our review is of course under the familiar abuse of discretion
> standard, a standard that, though familiar in statement, is not
> necessarily that simple in application. For "abuse of discretion", as
> courts and commentators have come increasingly to recognize (and
> confess), can occur in a number of ways. See generally Rosenburg,
> Judicial Discretion of the Trial Court, Viewed From Above, 22
> Syracuse L. Rev. 635, 655 (1971). Perhaps its most obvious
> manifestation is in a *failure or refusal*, either express or implicit,
> actually to exercise discretion, deciding instead as if by general rule,
> or even arbitrarily, as if neither by rule nor discretion… Finally,
> discretion may be abused by an exercise that is **flawed by erroneous
> factual or legal premises**. See Cooter & Gell v. Hartmarx Corp., 496
> U.S. 384, 401-02, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990) (clearly
> erroneous factual findings or legal errors underlying discretionary fee
> award ruling constitutes abuse of discretion).

James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993) (emphasis added).

Thus, contrary to the previous ruling of the ABCMR, this is not a

question of whether or not the ruling of the ODCSPER was a proper exercise

of discretion. It is a question of whether or not ODCSPER was correct in its

legal conclusion that a waiver could not be granted. This is a legal

conclusion that is clearly erroneous, not a question of whether discretion has

been properly exercised. This was an unfair and incorrect ruling. The

ABCMR incorrectly reviewed the matter in the previous ruling, saying that

ODCSPER had properly exercised its discretion. In actuality, ODCSPER

used no discretion in this matter.

14

# BIOGRAPHICAL SUMMARY

As of: 30 Sep 2003

**WO1 Jose L. Lassalle,**

**Date and Place of Birth:** , Moca, Puerto Rico

**Date of Rank:** 05 May 2002

**Present Assignment:** Supply Technician
394th Quartermaster Battalion

**Total Years of Military Service:** 25 years

**Total Years of Active Federal Service:** 12 years

**Military Occupational Specialty:** 38A Civil Affairs
92A Quartermaster
11B Infantry

**Military Awards:** Army Commendation Medal
Army Achievement Medal
Army Reserve Component Achievement Medal
Army Good Conduct Medal
NCO Professional Development Ribbon
National Defense Service Medal
Regular Army Overseas Medal
Army Reserve Overseas Medal
Army Service Ribbon
Overseas Service Ribbon
Army Reserve Overseas Training Ribbon

**Military Schools Attended:** Warrant Officer Basic Course, 2003
Civil Affairs Officer Advance Course, 1999
ATRRS, 1998
Combat Lifesaver Course, 1998
Quartermaster Officer Advance Course, 1997
Infantry Officer Basic Course, 1991
Officer Candidate School, 1990

**Chronological List Of Appointments:** WO1, Army Reserve, 2002
1LT, Army Reserve, 1992
2LT, Army Reserve, 1990
SGT, Regular Army, 1983
SPC, Regular Army, 1980

**000035**

2

**Chronological List Of Appointments:**       PFC, Regular Army, 1979
                                              PV2, Army Reserve, 1978

**Military Assignments:**  394ht QM BN, USAR, Supply Technician (WO1)    May 02-present
                           Control Group,                                Jan 00-Apr 02
                           402nd CA BN, AGR, CA Training Officer  (1LT)   Feb 98-Dec 99
                           146th GS Co, USAR, XO,                 (1LT)   Oct 97-Jan 98
                           JTF 411th ENG, USAR, Property Officer, (1LT)   Oct 96-Sep 97
                           146th GS Co, USAR, Co XO,              (1LT)   Apr 94-Sep 96
                           6/35 Armor BN, ARNG, Assistant S3,     (1LT)   Jul 93-Mar 94
                           1/35 In Bn, A Co., ARNG, Co XO         (2LT)   May 91-Jun 92
                           Infantry Officer Basic Course (2LT)    Nov 90-Apr 91
                           OCS Ft Benning                         (OCS )  Jun 90-Aug 90)
                           714 th Maint Co, ARNG, Section SGT     (SGT)   Dec 87-May 90
                           US Army, Regular Army,  (SGT)          (SGT)   Jun 79-Nov 87
                           391st QM Co, USAR,                     (PV2)   Mar 78-May 79

**Civilian Occupation:**       Own Business
                               Jades Jewelry Store
                               280 Calle Colon
                               Aguada, Puerto Rico 00602

**Civilian Education:**        MBA, Marketing, Metropolitan University of Puerto
                               Rico, 2002
                               BA, General Administration, Regents College,1999


_____SIGNATURE_____    __30 Sep 03__
                             DATE

**000036**

## DEPARTMENT OF THE ARMY
### U.S. TOTAL ARMY PERSONNEL COMMAND
9700 PAGE AVENUE
ST. LOUIS, MISSOURI 63132-5200

REPLY TO
ATTENTION OF

TAPC-MSL-N  (135-155)

29 September 1999

MEMORANDUM THRU HQDA, ATTN: DAPE-MPO-S, 300 Army Pentagon,
Room 2B719, Washington, D.C.  20310

FOR OASAMRA, ATTN: PAMRT (LTC Korenchan), 111 Army Pentagon, Washington,
D.C.  20310-1111

SUBJECT:  Request for Civilian Education Waiver - 1LT Lassalle, Jose L.,

1.  The enclosed request for waiver of the civilian education requirement
for promotion to captain is forwarded for your consideration.

2.  LT Lassalle was considered but not selected for promotion to captain
by both the 1997 and 1998 DA Reserve Components Selection Boards.  He had
not completed the civilian education requirement mandated by title 10,
U.S.C., section 12205; therefore, he could not be selected.  He later
obtained his baccalaureate degree on 18 June 1999.

3.  A review of his file revealed that he has acquired three officer
evaluation reports with no derogatory remarks.  All of the reports reflect
that he should be promoted ahead of his contemporaries.  On his report
ending January 1995 his senior raters placed him in the top block with one
below him.  His senior rater placed him in the top block on his report
ending January 1996, with two others and four below him.  His report
ending September 1997 has him in the second block with four others and
five above him and three below.  It appears that LT Lassalle may be due
other reports; however, they have not been processed.  In addition to
completing the Infantry Officer Basic Course he has completed the
Quartermaster Officer Advanced Course (December 1997) and the Civil
Affairs Officer Advanced Course (April 1999).

4.  In accordance with Section 516 of the National Defense Authorization
Act for fiscal Year 1999 the civilian education requirement can be waived
for officer's commissioned through Officer Candidate School (OCS).  LT
Lassalle received his commission through OCS.  In view of the facts
presented it is recommended his request for waiver of the civilian
education requirement be approved for the 1998 DA Selection Board.

FOR THE COMMANDER:

1 Encls
as

GERALD T. MAYER
LTC, GS
Chief, Office of Promotions,
Reserve Components

000037

**DEPARTMENT OF THE ARMY**
U.S. TOTAL ARMY PERSONNEL COMMAND
9700 PAGE AVENUE
ST. LOUIS MO 63132-5200

REPLY TO
ATTENTION OF

JUN 0 2 1999

Office of Promotions,
Reserve Components

First Lieutenant Jose L. Lassalle
156 L Glenhaven Drive
Amherst, New York 14228

Dear Lieutenant Lassalle:

    This is in reply to your letter dated May 17, 1999, concerning your promotion status in the United States Army Reserve.

    A review of your record revealed that it was considered by the 1997 and 1998 Department of the Army Reserve Component Selection Board.  This review also revealed that all critical elements were not present in the board consideration file.  Critical elements are officer evaluation reports, highest level military and civilian education, and the silver star and above awards.

    Your files reflect that you were not educationally qualified (completion of a Bachelors Degree) and officer evaluation reports were missing.

    Information received at this office indicates that you have completed your bachelors degree and the degree will not be conferred until June 18, 1999.  Required civilian education must be completed by the convene date of the board per AR 135-155, para 2-6.  Since you were found not educationally qualified, the missing officer evaluation reports would not be a basis for reconsideration.

    Based on these facts, it has been determined that you do not have a basis for reconsideration by a special selection board.

    Point of contact is Barb Kujath, DSN 892-1203 or Commercial (314) 538-1203.

                                    Sincerely,

                                    Adie T. Angel
                                    Major, U.S. Army
                                    Deputy Chief, Office of Promotions,
                                        Reserve Components



# DEPARTMENT OF THE ARMY
### U.S. TOTAL ARMY PERSONNEL COMMAND
9700 PAGE AVENUE
ST. LOUIS MO 63132-5200



REPLY TO
ATTENTION OF

October 4, 1999

Office of Promotions,
Reserve Components

Honorable Thomas M. Reynolds
Representative in Congress
500 Essjay Road, #260
Williamsville, New York 14221

Dear Congressman Reynolds:

This is in response to your inquiry dated September 20, 1999, on behalf of First Lieutenant Jose L. Lassalle, concerning his promotion in the U.S. Army Reserve.

Lieutenant Lassalle was considered but not selected for promotion to captain by both the 1997 and 1998 Department of the Army Reserve Components Selection Boards. The reason for his nonselection by both boards was because he had not finished his civilian education requirement. In accordance with Title 10, U.S. Code, section 12205 and Army Regulation 135-155, para 2-6, an officer's civilian education must be completed by the convening date of the board.

In accordance with Section 516 of the National Defense Authorization Act for fiscal year 1999, the civilian education requirement can be waived for officer's commissioned through the Army Officer Candidate School (OCS). Lieutenant Lassalle completed his commission through OCS, and has requested a waiver be granted for this exception on September 20, 1999. To date, a reply has not been received from the Secretary of the Army (enclosure).

By law and in accordance with the Reserve Officer Personnel Management Act, an officer twice nonselected for promotion must be removed from an active status not later than the first day of the seventh month after the month in which the President of the United States approved the selection board results. Therefore, he will be discharged on November 1, 1999. If Lieutenant Lassalle's request for waiver is approved, we will schedule him for a special selection board and he will be notified of the results when approved by the President of the United States. Historically, official notification takes six to nine months after board adjournment.

000039

2

I trust the foregoing information will be of assistance in responding to your constituent. Your continued interest in the U.S. Army Reserve and its members is appreciated.

Sincerely,

Gerald T. Mayer
Lieutenant Colonel, U.S. Army
Chief, Office of Promotions,
Reserve Component

Enclosure

Copy Furnished:

LTC MALLOS, ARPC-ZIG



**DEPARTMENT OF THE ARMY**
OFFICE OF THE DEPUTY CHIEF OF STAFF FOR PERSONNEL
300 ARMY PENTAGON
WASHINGTON, DC 20310-0300

REPLY TO
ATTENTION OF

17 Jan 2000

DAPE-MPO

MEMORANDUM FOR COMMANDER, U. S. TOTAL ARMY PERSONNEL COMMAND
ATTN: (Mr. Wilson), One Reserve Way, St. Louis, MO 63132

SUBJECT:  Request for Civilian Education Waiver – 1LT Lassalle, Jose L.,

1. 1LT Lassalle's request for waiver of the civilian education requirement of Section 12205, Title 10, United States Code, was disapproved by the office of the Deputy Chief of Staff for Personnel.  While LT Lassalle's situation is unfortunate, there are no grounds for this agency to grant such a request after being twice non-selected for promotion.  However, if LT Lassalle feels he has a strong case for denial of due process based on his attendance to the active Officer Candidate School, he may file with the Army Board for Correction of Military Records.

2. If LT Lassalle chooses to apply to ABCMR for review of this issue, he should direct his correspondence to the Director, Management Information and Support Directorate, DA Review Boards Agency, ATTN: SFMR-RBR, 2nd Floor, 1941 Jefferson Davis Highway, Arlington, VA 22202-4508.

3. The point of contact for this action is LTC Vickers at (703) 693-9535.  Thank you for your interest and support of the United States Army Reserve.

Encls

Karl B. Knoblauch, Jr.
Colonel, U.S. Army
Chief, Officer Division

Printed on ✪ Recycled Paper

**000041**

**3**



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

March 22, 2006

AR20050008951, Lassalle, Jose L.

Mr. Gary Myers
Attorney-at-Law
78 Clark Mill Road
Weare, New Hampshire 03281

Dear Mr. Myers:

This is in response to your April 5, 2005 request to the Army Board for Correction of Military Records (ABCMR) for reconsideration of ABCMR Docket Number AR2003097562. This case was reconsidered by the ABCMR and administratively closed on July 14, 2004.

Army Regulation 15-185 sets forth procedures for processing requests for correction of military records. A recent court decision ordered the deletion of paragraph 2-15b which applies to requests for reconsideration. In effect, the court decision allows an applicant to request reconsideration of an earlier ABCMR decision if the request is received within one year of the ABCMR's original decision and it has not previously been reconsidered. Such requests must provide new evidence or argument that was not considered at the time of the ABCMR's prior consideration.

The ABCMR records show that you have previously requested reconsideration of ABCMR Docket Number AR2000044702. The previous request for reconsideration was the final administrative action taken by the Secretary of the Army. There is no further ABCMR action contemplated as you have exhausted all administrative remedies in this matter and are not eligible for further reconsideration by this Board. Therefore, we are returning your request without action.

The ABCMR will not consider any further requests for reconsideration of this matter. However, you have the option to seek relief in a court of appropriate jurisdiction.

Sincerely,

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosure

Printed on Recycled Paper

**000042**

**4**

**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA  22202-4508

September 20, 2006

AR20060008752, Lassalle, Jose L.

Mr. Jose L Lassalle
PO Box 350409
Aguadilla PR 00604

Dear Mr. Lassalle:

This is in response to your request to Senator John McCain, dated May 15, 2006, requesting the Army Board for Correction of Military Records (ABCMR) reconsider ABCMR Docket Number AR2000044702.  This case was considered by the ABCMR on 6 March 2001.

Army Regulation 15-185 sets forth procedures for processing requests for correction of military records.  Paragraph 2-15b governs requests for reconsideration.  This provision of the regulation allows an applicant to request reconsideration of an earlier ABCMR decision if the request is received within one year of the ABCMR's original decision and it has not previously been reconsidered.

The ABCMR records show that you have previously requested reconsideration of ABCMR Docket Number AR2000044702.  Records show your previous request for reconsideration was acted upon in ABCMR Docket Number AR2003097562 on 14 July 2004.  This decision on the request for reconsideration was the final administrative action taken by the Secretary of the Army.  There is no further action contemplated by the ABCMR since you are not eligible for further reconsideration by this Board.  Therefore, we are returning your request without action.

The ABCMR will not consider any future requests for reconsideration of this matter. However, you have the option to seek relief in a court of appropriate jurisdiction.

Sincerely,

*Carl W. S. Chun*

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Printed on Recycled Paper

**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA  22202-4508

September 20, 2006

AR20060008752, Lassalle, Jose L.

The Honorable John McCain
United States Senator
4703 South Lakeshore Drive Suite One
Temple AZ 85282

Dear Senator McCain:

   This is in further reference to your expression of interest in the application for correction of military records submitted by CW2 Jose L Lassalle.

   Enclosed is a copy of my letter to CW2 Jose L Lassalle, which is self-explanatory, regarding the disposition of the case.

   Your interest in the matter is appreciated.  I regret that the decision is not favorable.

Sincerely,

**SIGNED**

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosure

Printed on Recycled Paper



**DEPARTMENT OF THE ARMY**
ARMY REVIEW BOARDS AGENCY
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

June 2, 2006

SFMR-RBX-QC/csm
LASSALLE, Jose L.

Q20060001373

Mr. Jose L. Lassalle
PO Box 250409
Aguadilla P.R. 00604

Dear Mr. Lassalle:

I am responding to your letter a letter from Senator John McCain, dated May 15, 2006 concerning your military records. At the Senator's request, I am responding directly to you. My office provides support to the Army Board for Correction of Military Records (ABCMR).

Your letter and correspondences are being forwarded to the ABCMR for processing. The staff of the Board will determine whether the documents will be referred to the Board for reconsideration and both you and Mr. Koenig will be notified as soon as possible.

I trust this information is helpful.

Sincerely,

Rick A. Schweigert
Chief, Congressional and Special Actions

Enclosure

CF:  Honorable John McCain
     United States Senator
     4703 South Lakeshore Drive
     Suite One
     Tempe, AZ 85282



LASSALLE, JOSE, L
AR20060008752
Receipt Date: 2006/06/02

Printed on Recycled Paper

**000045**

JOHN McCAIN
ARIZONA

CHAIRMAN
COMMITTEE ON INDIAN AFFAIRS
COMMITTEE ON ARMED SERVICES
COMMITTEE ON COMMERCE,
SCIENCE AND TRANSPORTATION

## United States Senate

241 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510-0303
(202) 224-2235

5353 NORTH 16TH STREET
SUITE 105
PHOENIX, AZ 85016
(602) 952-2410

4703 SOUTH LAKESHORE DRIVE
SUITE 1
TEMPE, AZ 85282
(480) 897-6205

407 WEST CONGRESS STREET
SUITE 103
TUCSON, AZ 85701
(520) 670-6334

TELEPHONE FOR HEARING IMPAIRED
(602) 952-0170

May 15, 2006

Ms. Teresa Ray
Congressional Coordinator
Department of the Army
1600 Army Pentagon, Room 2C600
Washington, DC 20310-1600

Dear Ms. Ray:

I wish to bring to your attention a matter concerning Jose Lassalle who is requesting a reconsideration with the Army Board of Corrections.

Because the situation is under your jurisdiction, I am respectfully referring this matter to you for consideration. I feel that this issue would be better addressed by you and request that you respond directly to Jose Lassalle.

Thank you.

Sincerely,

John McCain
United States Senator

JM/ztm
Enclosure

**Control Sheet from SFMR-RBX-A**    *OCLL*    Date Printed: 5/25/200

**Type document:    PA Congressional**

Classification Codes:

**Subject:    wants her military records corrected**

| | | | |
|---|---|---|---|
| **Control ID:** | 60514130 | **External ID:** | |
| **Army Suspense:** | | **External Suspense:** | |
| **Interim Date:** | | **Received Date:** | 5/24/2006 |
| **Original Doc Date:** | 5/15/2006 | | |

**Document Originator and Address:**          **Forwarder or Congressional Office and Address:**
  Jose L Lassalle                                               Senator    John  McCain

Signature Authority:      SALL-CID-T1 BULTMKL

**Addressee:**
**Original Tasking Office:**        SALL-CID-T1

| <u>Action Office</u> | <u>Role</u> | <u>Suspense Date</u> | <u>Action Officer and Phone Number</u> | <u>Completed Date</u> |
|---|---|---|---|---|
| SFMR-RBX-A | Action | 05/31/2006 | PULLECL          703-607-1608 | 2 Jul 06 |

**Instructions:**
    **Appropriate Action**

**Coordinate reply with:**

**Tasking Office:    SFMR-RBX-A    Calvin L Pullen 703-607-1608**

Entered By:      PULLECL

<u>Owner Code</u>        **Special Item**

**Remarks:    OCLL, LASSALLE, JOSE L.**
                    I20060010037, Q20060001373

| <u>Related Record ID</u> | <u>Originator</u> |
|---|---|
| 50102728 | JOSE L LASSALLE |

| <u>Owner Code</u> | <u>Keyword</u> |
|---|---|
| SALL-CID-T1 | RECORDS |

**000047**

Headquarters Department of the Army -- 24 May 2006 -- 1105 hrs -- Page 1 of 83

# FAX

Date :05/24/06

Total number of pages :83

To :OCLLCC BCMR (FAX)

Company :

Department :

Fax number :607-2036

From :Irwin, Sara M Ms OCLL

Subject:60514130 - Lassalle (UNCLASSIFIED)

Classification: **UNCLASSIFIED**
Caveats: NONE

*Respectfully,*

*Sara M. Irwin*
*Congressional Liaison*
*1600 Army Pentagon*
*Washington DC 20310-1600*
*http://www.hqda.army.mil/ocll*
*     Com (703) 614-9580*
*     DSN 227-9580*
*     FAX (703) 697-6988*

Classification: **UNCLASSIFIED**
Caveats: NONE

Lassalle, Jose, L
Assigned To: Cooper, Wanda
I20060010037

Lassalle, Jose
G20060001373
Suspense Date: 2006/05/31
Receipt Date:  2006/05/24

**000048**



# C*O*N*G*R*E*S*S*I*O*N*A*L
## CHIEF OF LEGISLATIVE LIAISON
## CONGRESSIONAL INQUIRY DIVISION
## ROOM 1E423
## 1600 ARMY PENTAGON
## WASHINGTON, D.C. 20310-1600

May 24, 2006

ADMINISTRATIVE SUPPORT (SFMR-RBX-A)
Army Review Board Agency
Administrative Support (SFMR-RBX-A)
1901 South Bell Street, 2nd Floor
ARLINGTON, VA 22022

Control ID:  60514130        Task Officer:   Sara Irwin 703-614-9580*

Tasked Agency:  **BCMR**          Action:   **Necessary Action/Info**

Suspense Date:

Constituent:   Jose L. Lassalle

Subject:   wants her military records corrected

Member of Congress:   Senator John McCain

Remarks:

Keyword:  RECORDS

24-hour FAX Service:
(703)697-0690/3847/6988*

If there is a problem with this TRANSMITTAL, please call the Task Officer
listed above

*DSN: 614=224; 693=223; 695=225; 697=227
E-Mail Address:   sara.irwin@hqda.army.mil
REMINDER: Direct replies require a courtesy copy be provided to OCLL

**000049**

11 May 2006

*Tom*

CW2 Lassalle Jose L.
P.O.Box 250409
Aguadilla P.R. 00604

Tel
787-890-2255  X 300  work
787-560-3944 cel

Email: jose.lassalle@usarc.army.mil
       jose.lassalle@us.army.mil
       joselitaii@aol.com

Honorable John McCain
480-897-6689
480-897-8389 FAX

Page 1 of 1

### Lassalle, Jose L. W2 (65th RRC)

| | |
|---|---|
| From: | Lassalle, Jose L. W2 (65th RRC) |
| Sent: | Thursday, May 11, 2006 2:07 PM |
| To: | 'john_mccain@mccain.senate.gov' |
| Subject: | Unfair decision by Army Board of Correction Record |
| Signed By: | Verifying the signature. Click the icon for details. |

Attachments: Document.pdf

Honorable John McCain:

my name is Jose L. Lassalle. I have been in the army for 25 years with 16 years Active Duty time. I am in the U.S Army Force and presently with the 394th QM BN (65th RRC). I was unable to be promoted to the next rank of CPT and, force out the army because ABCMR fail to Correct ODCSPER's Erroneous Failure to Exercise its Discretion. Two years later I returned as a WO1 and voluntary for Iraq war to contribute in maintaining this system we have in place.

I want for ABCMR to correct my record in order to appear in front of a CPT Special Board.

attached: formal litigation and responses

note: time is of essence!!!

Jose L. Lasalle, CW2
394th QM BN (S&S)

787-890-2255 X300  Work
787-560-3944 cell
787-890-0571 Home

email:   jose.lassalle@us.army.mil
         jose.lassalle@usarc.army.mil
         joselitoii@aol.com

5/12/2006

I. Procedural Context.

This is a request for reconsideration. The Applicant previously submitted an appeal to the ABCMR. This petition was denied by an ABCMR Memorandum of Reconsideration dated 6 March 2001, Docket Number AR2000044702. More than one year has elapsed since the board's prior consideration of this matter. AR 15-185, ¶2-15b provides that an applicant may request reconsideration of an ABCMR decision, even though more than a year has elapsed since the ABCMR action, if "substantial relevant evidence is submitted showing...mistake of law... (or) manifest error..." There is significant evidence of both in this case, as noted in Section IV below.

II. Facts.

The facts of this case were set out in the previous opinion of the ABCMR. My military career is detailed in a separate memorandum attached hereto as Exhibit A. I was first nonselected for promotion in 1997. In November of 1998, I was nonselected for the second time. I was nonselected, primarily because I had not completed my civilian education requirements, I had not yet earned my bachelor's degree. This is demonstrated in the letters of LTC Gerald T. Mayer, then Chief of the Office

1

000052

of Promotions, Reserve Components dated 29 September 1999 (Exhibit B),

the letter of MAJ Acie T. Angel, Deputy Chief of the Officer Promotions

Branch, Reserve Components dated 2 June 1999 (Exhibit C), and the second

letter of LTC Mayer to Congressman Thomas M. Reynolds, dated October

4, 1999 (Exhibit D). The ABCMR, in its original opinion in this matter has

also recognized that the reason I was nonselected was that I lacked the

civilian education qualifications that were thought to be necessary. I have

since earned my bachelor's degree in June of 1999.

The facts not considered by the board previously, and which are

critical to a correct understanding of this case are these: The provision of

law which allows for reserve officers who received their commissions

through Army OCS to obtain a waiver of the educational requirement

became law on October 18, 1998. I was considered for promotion in

November of 1998.

It was not until after my second nonselect that I applied for a waiver.

I was told that if a waiver were granted, that my case could be sent to a

"special selection board." See Exhibit D. In the end, the Army refused to

grant a waiver. In denying the waiver, it was stated that because I had been

nonselected twice, there were no grounds upon which to grant a waiver. See

letter of COL Karl B. Knoblauch, Jr., Chief, Officer Division, Office of the

2

000053

Deputy Chief of Staff for Personnel (ODCSPER), dated 17 January 2000.

Exhibit E.

III. Injustices or Unfairness Claimed.

    A. Although the Educational Waiver Was A Matter of Law at the Time of My Second Nonselect, I Was Not Able To Take Advantage of It Because of the Timing of My Promotion Board.

    B. ODCSPER Incorrectly and Unfairly Claimed That Two-Time Nonselect Officers Were Ineligible For the Educational Waiver in Denying My Request For a Waiver.

    C. The ABCMR Should Have Corrected ODCSPER's Erroneous Failure to Exercise Its Discretion.

IV. Discussion.

### a. The Civilian Education Requirement.

Title 10, United States Code § 12205(a) requires that, before an Army

officer may be promoted to the rank of captain or higher, he or she must first

have a bachelor's degree. That provision of the Code says as follows:

> § 12205. Commissioned officers: appointment; educational requirement
>
> (a) In general. No person may be appointed to a grade above the grade of first lieutenant in the Army Reserve, Air Force Reserve, or Marine Corps Reserve or to a grade above the grade of lieutenant (junior grade) in the Naval Reserve, or be federally recognized in a grade above the grade of first lieutenant as a member of the Army National Guard or Air National Guard, unless that person has been awarded a baccalaureate degree by a qualifying educational institution. 10

3

000054