USCS §12205.

This provision was originally enacted in 1991, but the requirement did not come into effect until September 30, 1995. In other words, while the statute was enacted in 1991, only officers who were considered for promotion after September 30, 1995 were affected. Originally, the law read "After September 30, 1995, no person..." This language was changed to the current, "No person..." in 1996. Act, Sept. 23 1996, 110 Stat. 2512, § 504.

**b. The Educational Waiver: Statutory Authority to Waive the Civilian Education Requirement.**

Congress has recognized that obtaining a college degree can be difficult, particularly for soldiers who have prior enlisted experience. The enlisted soldier who obtains his or her commission through OCS will frequently have extensive military experience as an enlisted soldier. It is particularly difficult for an older soldier without a degree to obtain one within the time allotted. There are added responsibilities that come with age. Many soldiers will have a family and children. Reservists have the requirements of daily jobs in addition to their military drill and AT. For soldiers on active duty there will frequently be the added exigency of deployment. In short, there are a good many important factors that interfere with the older soldier's ability to complete a college degree. Thus, Congress granted the authority to the Secretary of the Army, to waive the college degree requirement for officers who obtained their commissions through the Army Officer Candidate School.

4

000055

(d) Waiver authority for Army OCS graduates and certain Marine Corps officers.

(1) The Secretary of the Army may waive the applicability of subsection (a) to any officer whose original appointment in the Army as a Reserve officer is through the Army Officer Candidate School program.

10 USCS § 12205(d).

This same provision, albeit with various qualifiers and expiration dates, existed at all times relevant to this appeal. I shall refer to this waiver authority of the law as the "educational waiver."

### c. ODCSPER Improperly Denied My Request for Waiver of the Civilian Education Requirement.

In June of 1999 I submitted a request for a waiver of the requirement of a bachelor's degree. On 17 January 2000 the Officer Division, Office of the Deputy Chief of Staff for Personnel issued a decision denying my application for a waiver. In the letter of denial, the chief of that division stated that there "are no grounds for this agency to grant such a request after being twice non-selected for promotion." Exhibit E. This determination of the Officer Division was improper.

This action was erroneous for four reasons. First of all, my application was meritorious. Second, the grounds relied upon by ODCSPER to deny my request were improper. Third, the retroactive provision of the waiver law was tailored particularly for twice nonselect officers. Finally, since the law

5

000056

allowing the educational waiver did not become effective until the month before I was nonselected for the second time, ODCSPER's refusal to apply the retroactive provision to me was particularly unfair.

### 1. My Application for an Educational Waiver was Meritorious.

I have performed well in the military. This is best demonstrated in the letter of LTC Gerald T. Mayer, the Chief of the Office of Promotions, Reserve Components, dated 29 September 1999 details my OERs. LTC Meyer first reviews my career file, and notes no deficiencies. Then, he recommends that a waiver be granted. Exhibit B. In addition, I would rely on the long list of certificates detailing my military career, of which I am exceedingly proud, and are attached hereto as a single exhibit. Exhibit A. Finally, in his letter dated 17 January 2000 denying my application for an educational waiver, COL Karl Knoblauch, Jr., writing as the chief of the Officer Division at the Office of the Deputy Chief of Staff for Personnel (ODCSPER), acknowledges that my case had merit. Exhibit E. He specifically states that my case was "unfortunate." He also suggests that I apply to the Army Board for the Correction of Military records if I believe that I was denied "due process based on (my) attendance to the active Officer Candidate School." The clear implication that one draws from

6

000057

reading the letter is that the author desired to grant a waiver. In short, I believe that it is clear that my request for an educational waiver had merit.

### 2. ODCSPER Incorrectly Found that Twice-Nonselect Officers were Ineligible for the Educational Waiver.

ODCSPER never got to the point of considering the merits of my case. This is the second reason that the ODCSPER letter was improper. ODCSPER improperly denied the waiver because they failed to consider the waiver on the merits of my case, and relied on procedural grounds that are not provided for in law or regulation. Rather than consider the merits of my case, ODCSPER denied my request because it was believed that "there are *no grounds* for this agency to grant such a request after being *twice nonselected for promotion*." Exhibit E (emphasis added). Holding, in effect, that granting an educational waiver for a twice nonselect was, in some way barred. This is erroneous. No such limitation exists. Nothing in the Public Law, as it existed at the time (or the Statute as it exists now) prohibited the Secretary of the Army from granting waivers of the civilian education requirement to officers who have been twice nonselected for promotion.

Congress has demonstrated a clear intent to expand the applicability of the waiver provision. In its original enactment, the waiver provision expired on September 30, 2000. In addition, the provision was allowed to

7

apply only to officers commissioned "before the date of the enactment of" the Act. Strom Thurmond National Defense Authorization Act for FY99, § 516(b) (10 USCS §12205, Ancillary Laws and Directives). However, congress amended this provision. First, in 2000, extending the expiration date until September 30, 2001. Then, by doing away with the expiration of the authority entirely, making it a permanent part of the Code, and by expanding the applicability of the waiver provision to officers who had been commissioned "before, on, or after the date of the enactment of" the Act. National Defense Authorization Act for FY2002 § 512 (December 28, 2001)(10 USCS §, Ancillary Laws and Directives).

In short, the decision of ODCSPER not only lacked any basis in the statute, it was also contrary to clearly expressed congressional will.

### 3. The Educational Waiver Provision has Characteristics Intended to Benefit to Twice-Nonselect Officers.

A critical examination of the statute shows that, contrary to the ODCSPER ruling, this educational waiver law was, in many ways, written specifically to benefit the OCS officer who was twice nonselected for promotion. The retroactive aspect of the law is a prime example of this. The law provided as follows:

(a) Waiver authority for Army OCS graduates. The Secretary of the Army may waive the applicability of section 12205(a) of title 10, United States Code, to any officer who before the date of the

8

000059

enactment of this Act was commissioned through the Army Officer Candidate School. Any such waiver shall be made on a case-by-case basis, considering the individual circumstances of the officer involved, and may continue in effect for no more than 2 years after the waiver is granted. The Secretary may provide for such a waiver to be *effective before the date of the waiver,* as appropriate in an individual case.

Strom Thurmond National Defense Authorization Act for FY99, § 516(b) (10 USCS 12205, Ancillary Laws and Directives) (emphasis added).

The public law, as it existed at the time my waiver was denied (and the law as it currently exists), thus enables the Secretary, in an appropriate case to make the waiver retroactive to a time prior to the date on which the waiver is actually granted. This retroactive waiver provision is specifically tailored to assist officers who have been twice nonselected.

A review of the circumstances in which an officer, not having obtained a degree, might find himself is appropriate. First, look at an officer, without a college degree, who has not yet been considered by a board for promotion. He or she would have no need for the retroactive waiver. The officer could apply for, and, if deemed worthy, obtain a waiver before the board met. Obviously, a waiver granted prior to the board's convening would not need to be retroactive. Secondly, the officer might have been once-nonselected for promotion. A waiver granted after a first time nonselect, again, need not be retroactive as that officer has one more chance at being selected by a promotion board.

9

000060

The retroactive waiver offers relief, primarily, for someone, such as myself, who has been twice nonselected. An officer who is twice nonselected could seek a retroactive waiver. If obtained, if that that waiver could be made to be effective *prior* to the date of the board which refused to select him for the second time. This would, then, give the officer the opportunity to request consideration by a Special Selection Board.

A Special Selection Board is a board of officers convened under 10 USC § 628 or 14502 to

> "evaluate and recommend commissioned officers...for promotion consideration...following a determination that the action of a board that considered and did not select the officer...if the board did not have before it for its consideration material information."

MILPER Message Number 03-170, TAPC-MSP-O, ( 12 May 2003).

In other words, in my case, the board would not have had an educational waiver before it. Since this is material information, I would have been entitled to have my case considered by a Special Selection Board.

The Special Selection Board considers the officer's records *as if he or she had been granted the educational waiver.* AR 135-155, paragraph 3-20 provides as follows:

> **3-20. Information provided to special selection boards**
> A promotion reconsideration board will consider the record of the officer *as it should have been considered by the original board.*

10

000061

    *a.* Commissioned officers considered by a mandatory promotion board on or after 1 October 96 will be considered by a special selection board. The records of officers being reconsidered by a special selection board will be compared with a *sampling of those officers of the same competitive category who were recommended and who were not recommended* for promotion by the original mandatory Reserve of the Army selection board.

(Emphasis added).

    Thus, the retroactive waiver is particularly tailored to aid the twice-nonselect officer.

### 4. Officers Nonselected Near the Time of the Adoption of the Waiver Provision are Unfairly Affected by the ODCSPER Decision.

    , It also appears that the retroactive waiver was tailored for officers who were not educationally qualified and nonselected during the time frame that I was nonselected. In 1997, I was nonselected for the first time for promotion to Captain. In 1998, in November I believe, the board met which nonselected me for the second time. However, the waiver provision of Strom Thurmond National Defense Authorization Act for FY99, P.L. 105-261 did not become effective until October 17, 1998. 10 USCS § 12205, History; Ancillary Laws and Directives. It is impossible that I could have submitted a request for a waiver within the time allotted. The retroactive feature of the waiver should have allowed me to have a special selection board to consider my case. As it is, the decision of ODCSPER has,

11

000062

effectively, denied me the benefit of the waiver law because of a fluke of timing. This is fundamentally unfair.

For the reasons noted above, the decision of ODCSPER was unfair. First, my military career shows that I was a meritorious candidate for such a waiver. Secondly, ODCSPER denied my educational waiver request based on reasons that are not authorized by statute or by regulation. Third, contrary to the ODCSPER ruling, the retroactive provision of the waiver is particularly tailored to assist officers who have been twice nonselected, rather than other officers. In my particular circumstance, there was insufficient time within which I could submit the request for waiver prior to the board meeting for my second nonselect. The retroactive waiver would have been of particular benefit to me in allowing me access to the benefits of the waiver like any other officer.

   **d. The Prior Decision of the ABCMR Was Incorrect.**

The prior decision of the ABCMR denied my request. What the Board failed to acknowledge in its prior ruling is that the Army failed to exercise the discretion that the legislation at issue entrusted to it. The agency simply stated that it had no discretion but to deny my request as there were "no grounds" to grant it. A failure to exercise discretion is one of the most clear

12

000063

examples of an agencies abuse of discretion. This abuse of discretion should have been corrected by the ABCMR.

The statute charges the Secretary of the Army with acting on applications such as mine on a case-by-case basis.

> Any such waiver shall be made on a case-by-case basis, considering the individual circumstances of the officer involved...

In other words, the Secretary must look at the qualifications and qualities of the individual; and determine whether there is merit his or her case.

The decision of the ABCMR in April of 2001 was erroneous. The board held, in essence, that the action by ODCSPER was an unreviewable act of discretion. However, such was not the ruling of ODCSPER. COL Knoblauch wrote as noted above, that there are "no grounds" to grant a request for a waiver after the officer has been "twice non-selected for promotion." The ODCSPER Chief of the Officer division actually stated that then-1LT Lasalle's "situation is unfortunate," making it clear that he believed that he had no option in the matter, and that ODCSPER was obligated to deny the request because of the two time nonselect issue.

The statute clearly vests the Secretary of the Army with discretion. In this case COL Knoblauch, on behalf of the Secretary, declined to exercise that discretion. It is hornbook law that a failure to exercise discretion is an abuse. In an excellent discussion of the error involved in the failure to

13

000064

exercise discretion by a court, the Fourth Federal Circuit has ruled as

follows:

> Our review is of course under the familiar abuse of discretion
> standard, a standard that, though familiar in statement, is not
> necessarily that simple in application. For "abuse of discretion", as
> courts and commentators have come increasingly to recognize (and
> confess), can occur in a number of ways. See generally Rosenburg,
> Judicial Discretion of the Trial Court, Viewed From Above, 22
> Syracuse L. Rev. 635, 655 (1971). Perhaps its most obvious
> manifestation is in a *failure or refusal*, either express or implicit,
> actually to exercise discretion, deciding instead as if by general rule,
> or even arbitrarily, as if neither by rule nor discretion... Finally,
> discretion may be abused by an exercise that is flawed by erroneous
> factual or legal premises. See Cooter & Gell v. Hartmarx Corp., 496
> U.S. 384, 401-02, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990) (clearly
> erroneous factual findings or legal errors underlying discretionary fee
> award ruling constitutes abuse of discretion).

James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993) (emphasis added).

Thus, contrary to the previous ruling of the ABCMR, this is not a

question of whether or not the ruling of the ODCSPER was a proper exercise

of discretion. It is a question of whether or not ODCSPER was correct in its

legal conclusion that a waiver could not be granted. This is a legal

conclusion that is clearly erroneous, not a question of whether discretion has

been properly exercised. This was an unfair and incorrect ruling. The

ABCMR incorrectly reviewed the matter in the previous ruling, saying that

ODCSPER had properly exercised its discretion. In actuality, ODCSPER

used no discretion in this matter.

14

Reply to:
78 Clark Mill Road
Weare, NH 03281
800-355-1096
603-529-3455
Fax 529-3009

Gary R. Myers
Admitted in the
District of Columbia

Washington, D.C.
202-857-8466
800-355-1095
email: gmyers44@aol.com

## Gary Myers & Associates
### Attorneys-at-Law

COPY

7 Apr 05

MEMORANDUM FOR:    Army Board for Correction of
Military Records
1901 South Bell Street
2nd Floor
Arlington, VA 22202-4508

SUBJECT:    Request for Reconsideration
ICO Jose L. Lassalle

Docket No: AR 2003097562

1.    This firm represents Jose L. Lassalle (hereafter "Applicant").

2.    This request is based upon PERSCOM's failure to follow the dictates of a statute which failure the Board did not recognize in the adjudication of this case. Failure to follow the law and to act contrary to law is a cognizable regulatory basis for reconsideration. AR 15-815, para. 2-15 b.

3.    On 1 Oct 1998, 10 U.S.C. § 12205 became law. It provided that no person could be appointed an officer in a grade above first lieutenant in the Army reserve unless that officer held a baccalaureate degree. TAB A.

4.    In November 1998 a Reserve Cpt Promotion Selection Board for the second time denied Applicant promotion to Cpt. TAB B. This board convened one month after the enactment of 10 U.S.C. § 12205 into law.

5.  Applicant did not have a baccalaureate degree prior to the convening of this Nov 98 board.

6.  On 18 Jun 99 Applicant received his baccalaureate. TAB C.

7.  Applicant was advised by ARPERSCOM that his nonselection was due to the absence of a baccalaureate as required by 10 U.S.C. § 12205. TAB D.

8.  Applicant sought a waiver of the baccalaureate requirement relying upon Sec 516 of the National Defense Act of FY 1999, See TAB A, footnote.

9.  ARPERSCOM recommended approval of the waiver. TAB E.

10. PERSCOM on 17 Jan 00 advised Applicant that his request had been disapproved because, "[T]here are no grounds for this agency to grant such a request after being twice non-selected for promotion." TAB F.

11. This language demonstrates that PERSCOM did not consider the equities of this individual case. Rather it is clear PERSCOM treated the double passover as an absolute bar to a waiver. It said:

> "While Lt Lassalle's situation is unfortunate, there are no grounds for this agency to grant such a request after being twice non-selected for promotion." TAB F.

"Unfortunate" is not the statutory test.

12. Applicant's double passover had absolutely no bearing upon the issue of whether a waiver should be granted. A waiver involved questions of performance and character among others. That is why a determination was required under Section 516 "on a case-by-case basis."

2

000067

13. PERSCOM took the view that a double passover was an absolute bar. That conclusion was not the law.

14. There is a parallel case. At TAB G is AR 2004100669. In that case, decided 7 Oct 04, an officer was twice non-selected because she did not have a baccalaureate at the time of the boards, but earned such a degree after the non-selections had occurred. This was identical to Applicant.

15. HRC denied her request for a waiver. This, too, was identical to Applicant.

16. The ABCMR granted relief because 10 U.S.C. 12205 (4) exempted her from the degree requirement even though AR 135-155, para. 2-9. tried to limit that statutory provision.

17. In Applicant's case 10 U.S.C. 12205 (4) does not apply. Instead Section 516 of the National Defense Authorization Act for 1999 applied. The difference between the two cases is that 10 U.S.C. 12205 (4) is an absolute right to waiver while Sec 516 requires review "on a case-by-case basis, considering the individual circumstances of the officer involved..." in Applicant's case.

18. There is no indication that consideration was ever given to "the individual circumstance of the officer involved,..."

19. Had there been such consideration, Applicant would have been a captain in 2000 given his outstanding record and diligence in obtaining a degree.

20. It is clear from the ABCMR opinion that Applicant had a right to request a waiver. TAB H. It is equally clear that the ABCMR did not take into account PERSCOM's abject failure to follow the statutory dictate of Section 516 which it was obligated to

3

000068

do. See <u>Bond v. United States</u>, 47 Fed. Cl. 641,650 (2000). The waiver provision applicable to Applicant continues to this day by statute. TAB I at para. (d).

21.  Accordingly, relief should be granted.

Respectfully submitted,

Gary Myers
Gary Myers

Seen and agreed to:

Jose L. Lasalle

4

000069

*Tom*    11 May 2006

CW2 Lassalle Jose L.
P.O.Box 250409
Aguadilla P.R. 00604

Tel
787-890-2255  X 300  work
787-560-3944  cel

Email: jose.lassalle@usarc.army.mil
       jose.lassalle@us.army.mil
       joselitoii@aol.com

Honorable John McCain
480-897-6689
480-897-8389  FAX

note: I have also sent my concern to LtG Helmly, James

Headquarters Department of the Army -- 24 May 2006 -- 1114 hrs -- Page 25 of 83

Page 1 of 3

## Lassalle, Jose L. W2 (65th RRC)

| From: | Lassalle, Jose L. W2 (65th RRC) |
|---|---|
| Sent: | Thursday, May 11, 2006 5:29 PM |
| To: | Helmly, James LTG (OCAR-ZX) |
| Cc: | 'Jose W Cruz'; Rivera, Marcos COL (65th RRC); 'Miguel.Issac@usarc.army.mil' |
| Subject: | ABCMR Failure to Correct Error |
| Signed By: | jose.lassalle@us.army.mil |
| Attachments: | Document.pdf; BIO S.doc; THE PRESIDENTBushLtr.doc; Unfair decision by Army Board of Correction Record .htm |

Sir,

my name CW2 Lassalle, Jose L. I am currently working for the 394th QM BN in Ramey, Aguadilla, Puerto Rico as AGR.

I request to see you in **Open Door Policy** as soon as available, preferable by the next week, to discuss my concern in an unfair decision by ABCMR. **Time is of essence.**

It has failed me twice by denying the request to correct my records for CPT Promotion's Board.

The second time I sent my package from Iraq, while fighting that beast and dictator (Mr.. Saddam Hussein). ABCMR responded to me a year later just to tell me that it would not even be send to the Board for reviewed as no new evidence was showed, when in reality there is plenty evidences. **The ABCMR Should Have Corrected ODCSPER's Erroneous Failure to Exercise Its Discretion.**

I have exhausted all Avenue of Approach to solve this matter to include financially. I have addressed my concern to my Chain of Command, without result. I want to know why my Chain of Command has failed me. I strongly believe in the system we have set in place, which we are part of it. I have always placed myself second in order to serve the army and soldiers well. I proudly volunteer to Iraq and fought for this nation. Now I am back and encountered myself fighting the same system I fought for it and sent me there.

Very respectfully,

CW2 Lassalle, Jose L.

787-890-2255 X300 work

787-560-3944 cell

email: jose.lassalle@us.army.mil

5/12/2006

jose.lassalle@usarc.army.mil

joselitoii@aol.com

## Chain of Command

1. LTG James R. Helmly, Chief, Army Reserve
2. Army Vice Chief of Staff General Richard A. Cody
3. Army Chief of Staff: General Peter J. Schoomaker
4. Secretary of the Army: The Honorable Francis J. Harvey
5. Joint Chief of Staff: General Richard B. Myers
6. Deputy Secretary of Defense Paul Wolfowitz.
7. Secretary of Defense: Secretary of Defense Donald H. Rumsfeld
8. Commander in Chief President George W. Bush.

## Enclosed are the results of my case

Sen. John McCain
Washington
Phone: 202-224-2235
District Offices: Phoenix 602-952-2410

Honorable John W. Warner
225 Russell Senate Office Building
Washington, DC 20510
202-224-2023

Honorable Duncan Hunter.
Chairman, House Armed Services Committee.
US House of Representatives
Washington, D.C. 20515

Congressman Ike Skelton
U.S. House of Representatives.
2206 Rayburn House Office Building
Washington, SC 20515-2504
Telephone: 202-225-2876

The White House
1600 Pennsylvania Avenue NW
Washington, DC 20500

Phone Numbers

Comments: 202-456-1111
Switchboard: 202-456-1414

5/12/2006

FAX: 202-456-2461/6208

E-Mail

President George W. Bush:  president@whitehouse.gov
Vice President Richard Cheney: vice.president@whitehouse.gov

5/12/2006

11 May 2006

CW2 Lassalle Jose L.
P.O.Box 250409
Aguadilla P.R. 00604

Tel
787-890-2255  X 300  work
787-560-3944  cel

Email: jose.lassalle@usarc.army.mil
       jose.lassalle@us.army.mil
       joselitoii@aol.com

Honorable John McCain
480-897-6689
480-897-8389 FAX

### Lassalle, Jose L. W2 (65th RRC)

| | |
|---|---|
| From: | Lassalle, Jose L. W2 (65th RRC) |
| Sent: | Thursday, May 11, 2005 2:07 PM |
| To: | 'john_mccain@mccain.senate.gov' |
| Subject: | Unfair decision by Army Board of Correction Record |
| Signed By: | Verifying the signature. Click the icon for details. |

Attachments: Document.pdf

**Honorable John McCain:**

my name is Jose L. Lassalle. I have been in the army for 25 years with 16 years Active Duty time. I am in the U.S Army Force and presently with the 394th QM BN (65th RRC). I was unable to be promoted to the next rank of CPT and, force out the army because ABCMR fail to Correct ODCSPER's Erroneous Failure to Exercise Its Discretion. Two years later I returned as a  WO1 and voluntary for Iraq war to contribute in maintaining this system we  have in place.

I want for ABCMR to correct my record in order to appear in front of a CPT Special Board.

attached: formal litigation and responses

note: time is of essence!!!

Jose L. Lasalle, CW2
394th QM BN (S&S)

787-890-2255 X300  Work
787-560-3944 cell
787-890-0571 Home

email:   jose.lassalle@us.army.mil
         jose.lassalle@usarc.army.mil
         joselitoii@aol.com

5/12/2006

I. Procedural Context.

This is a request for reconsideration. The Applicant previously submitted an appeal to the ABCMR. This petition was denied by an ABCMR Memorandum of Reconsideration dated 6 March 2001, Docket Number AR2000044702. More than one year has elapsed since the board's prior consideration of this matter. AR 15-185, ¶2-15b provides that an applicant may request reconsideration of an ABCMR decision, even though more than a year has elapsed since the ABCMR action, if "substantial relevant evidence is submitted showing...mistake of law... (or) manifest error..." There is significant evidence of both in this case, as noted in Section IV below.

II. Facts.

The facts of this case were set out in the previous opinion of the ABCMR. My military career is detailed in a separate memorandum attached hereto as Exhibit A. I was first nonselected for promotion in 1997. In November of 1998, I was nonselected for the second time. I was nonselected, primarily because I had not completed my civilian education requirements, I had not yet earned my bachelor's degree. This is demonstrated in the letters of LTC Gerald T. Mayer, then Chief of the Office

1

000076

of Promotions, Reserve Components dated 29 September 1999 (Exhibit B),

the letter of MAJ Acie T. Angel, Deputy Chief of the Officer Promotions

Branch, Reserve Components dated 2 June 1999 (Exhibit C), and the second

letter of LTC Mayer to Congressman Thomas M. Reynolds, dated October

4, 1999 (Exhibit D). The ABCMR, in its original opinion in this matter has

also recognized that the reason I was nonselected was that I lacked the

civilian education qualifications that were thought to be necessary. I have

since earned my bachelor's degree in June of 1999.

The facts not considered by the board previously, and which are

critical to a correct understanding of this case are these: The provision of

law which allows for reserve officers who received their commissions

through Army OCS to obtain a waiver of the educational requirement

became law on October 18, 1998. I was considered for promotion in

November of 1998.

It was not until after my second nonselect that I applied for a waiver.

I was told that if a waiver were granted, that my case could be sent to a

"special selection board." See Exhibit D. In the end, the Army refused to

grant a waiver. In denying the waiver, it was stated that because I had been

nonselected twice, there were no grounds upon which to grant a waiver. See

letter of COL Karl B. Knoblauch, Jr., Chief, Officer Division, Office of the

2

Deputy Chief of Staff for Personnel (ODCSPER), dated 17 January 2000.

Exhibit E.

III. Injustices or Unfairness Claimed.

    A. Although the Educational Waiver Was A Matter of Law at the Time of My Second Nonselect, I Was Not Able To Take Advantage of It Because of the Timing of My Promotion Board.

    B. ODCSPER Incorrectly and Unfairly Claimed That Two-Time Nonselect Officers Were Ineligible For the Educational Waiver in Denying My Request For a Waiver.

    C. The ABCMR Should Have Corrected ODCSPER's Erroneous Failure to Exercise Its Discretion.

IV. Discussion.

    **a. The Civilian Education Requirement.**

Title 10, United States Code § 12205(a) requires that, before an Army

officer may be promoted to the rank of captain or higher, he or she must first

have a bachelor's degree. That provision of the Code says as follows:

> § 12205. Commissioned officers: appointment; educational requirement
>
> (a) In general. No person may be appointed to a grade above the grade of first lieutenant in the Army Reserve, Air Force Reserve, or Marine Corps Reserve or to a grade above the grade of lieutenant (junior grade) in the Naval Reserve, or be federally recognized in a grade above the grade of first lieutenant as a member of the Army National Guard or Air National Guard, unless that person has been awarded a baccalaureate degree by a qualifying educational institution. 10

3

000078

USCS §12205.

This provision was originally enacted in 1991, but the requirement did not come into effect until September 30, 1995. In other words, while the statute was enacted in 1991, only officers who were considered for promotion after September 30, 1995 were affected. Originally, the law read "After September 30, 1995, no person..." This language was changed to the current, "No person..." in 1996. Act, Sept. 23 1996, 110 Stat. 2512, § 504.

### b. The Educational Waiver: Statutory Authority to Waive the Civilian Education Requirement.

Congress has recognized that obtaining a college degree can be difficult, particularly for soldiers who have prior enlisted experience. The enlisted soldier who obtains his or her commission through OCS will frequently have extensive military experience as an enlisted soldier. It is particularly difficult for an older soldier without a degree to obtain one within the time allotted. There are added responsibilities that come with age. Many soldiers will have a family and children. Reservists have the requirements of daily jobs in addition to their military drill and AT. For soldiers on active duty there will frequently be the added exigency of deployment. In short, there are a good many important factors that interfere with the older soldier's ability to complete a college degree. Thus, Congress granted the authority to the Secretary of the Army, to waive the college degree requirement for officers who obtained their commissions through the Army Officer Candidate School.

4

> (d) Waiver authority for Army OCS graduates and certain Marine Corps officers.
>
> (1) The Secretary of the Army may waive the applicability of subsection (a) to any officer whose original appointment in the Army as a Reserve officer is through the Army Officer Candidate School program.

10 USCS § 12205(d).

This same provision, albeit with various qualifiers and expiration dates, existed at all times relevant to this appeal. I shall refer to this waiver authority of the law as the "educational waiver."

### c. ODCSPER Improperly Denied My Request for Waiver of the Civilian Education Requirement.

In June of 1999 I submitted a request for a waiver of the requirement of a bachelor's degree. On 17 January 2000 the Officer Division, Office of the Deputy Chief of Staff for Personnel issued a decision denying my application for a waiver. In the letter of denial, the chief of that division stated that there "are no grounds for this agency to grant such a request after being twice non-selected for promotion." Exhibit E. This determination of the Officer Division was improper.

This action was erroneous for four reasons. First of all, my application was meritorious. Second, the grounds relied upon by ODCSPER to deny my request were improper. Third, the retroactive provision of the waiver law was tailored particularly for twice nonselect officers. Finally, since the law

5

allowing the educational waiver did not become effective until the month

before I was nonselected for the second time, ODCSPER's refusal to apply

the retroactive provision to me was particularly unfair.

      1.  **My Application for an Educational Waiver was
Meritorious.**

I have performed well in the military. This is best demonstrated in the

letter of LTC Gerald T. Mayer, the Chief of the Office of Promotions,

Reserve Components, dated 29 September 1999 details my OERs. LTC

Meyer first reviews my career file, and notes no deficiencies. Then, he

recommends that a waiver be granted. Exhibit B. In addition, I would rely

on the long list of certificates detailing my military career, of which I am

exceedingly proud, and are attached hereto as a single exhibit. Exhibit A.

Finally, in his letter dated 17 January 2000 denying my application for an

educational waiver, COL Karl Knoblauch, Jr., writing as the chief of the

Officer Division at the Office of the Deputy Chief of Staff for Personnel

(ODCSPER), acknowledges that my case had merit. Exhibit E. He

specifically states that my case was "unfortunate." He also suggests that I

apply to the Army Board for the Correction of Military records if I believe

that I was denied "due process based on (my) attendance to the active

Officer Candidate School." The clear implication that one draws from

6

000081

reading the letter is that the author desired to grant a waiver. In short, I believe that it is clear that my request for an educational waiver had merit.

### 2. ODCSPER Incorrectly Found that Twice-Nonselect Officers were Ineligible for the Educational Waiver.

ODCSPER never got to the point of considering the merits of my case. This is the second reason that the ODCSPER letter was improper. ODCSPER improperly denied the waiver because they failed to consider the waiver on the merits of my case, and relied on procedural grounds that are not provided for in law or regulation. Rather than consider the merits of my case, ODCSPER denied my request because it was believed that "there are *no grounds* for this agency to grant such a request after being *twice nonselected for promotion*." Exhibit E (emphasis added). Holding, in effect, that granting an educational waiver for a twice nonselect was, in some way barred. This is erroneous. No such limitation exists. Nothing in the Public Law, as it existed at the time (or the Statute as it exists now) prohibited the Secretary of the Army from granting waivers of the civilian education requirement to officers who have been twice nonselected for promotion.

Congress has demonstrated a clear intent to expand the applicability of the waiver provision. In its original enactment, the waiver provision expired on September 30, 2000. In addition, the provision was allowed to

7

apply only to officers commissioned "before the date of the enactment of"

the Act. Strom Thurmond National Defense Authorization Act for FY99, §

516(b) (10 USCS §12205, Ancillary Laws and Directives). However,

congress amended this provision. First, in 2000, extending the expiration

date until September 30, 2001. Then, by doing away with the expiration of

the authority entirely, making it a permanent part of the Code, and by

expanding the applicability of the waiver provision to officers who had been

commissioned "before, on, or after the date of the enactment of" the Act.

National Defense Authorization Act for FY2002 § 512 (December 28,

2001)(10 USCS §, Ancillary Laws and Directives).

   In short, the decision of ODCSPER not only lacked any basis in the

statute, it was also contrary to clearly expressed congressional will.

### 3. The Educational Waiver Provision has Characteristics Intended to Benefit to Twice-Nonselect Officers.

   A critical examination of the statute shows that, contrary to the

ODCSPER ruling, this educational waiver law was, in many ways, written

specifically to benefit the OCS officer who was twice nonselected for

promotion. The retroactive aspect of the law is a prime example of this.

The law provided as follows:

   (a) Waiver authority for Army OCS graduates. The Secretary of the
   Army may waive the applicability of section 12205(a) of title 10,
   United States Code, to any officer who before the date of the

8

000083

enactment of this Act was commissioned through the Army Officer Candidate School. Any such waiver shall be made on a case-by-case basis, considering the individual circumstances of the officer involved, and may continue in effect for no more than 2 years after the waiver is granted. The Secretary may provide for such a waiver to be *effective before the date of the waiver,* as appropriate in an individual case.

Strom Thurmond National Defense Authorization Act for FY99, § 516(b) (10 USCS 12205, Ancillary Laws and Directives) (emphasis added).

The public law, as it existed at the time my waiver was denied (and the law as it currently exists), thus enables the Secretary, in an appropriate case to make the waiver retroactive to a time prior to the date on which the waiver is actually granted. This retroactive waiver provision is specifically tailored to assist officers who have been twice nonselected.

A review of the circumstances in which an officer, not having obtained a degree, might find himself is appropriate. First, look at an officer, without a college degree, who has not yet been considered by a board for promotion. He or she would have no need for the retroactive waiver. The officer could apply for, and, if deemed worthy, obtain a waiver before the board met. Obviously, a waiver granted prior to the board's convening would not need to be retroactive. Secondly, the officer might have been once-nonselected for promotion. A waiver granted after a first time nonselect, again, need not be retroactive as that officer has one more chance at being selected by a promotion board.

9

000084

The retroactive waiver offers relief, primarily, for someone, such as myself, who has been twice nonselected. An officer who is twice nonselected could seek a retroactive waiver. If obtained, that that waiver could be made to be effective *prior* to the date of the board which refused to select him for the second time. This would, then, give the officer the opportunity to request consideration by a Special Selection Board.

A Special Selection Board is a board of officers convened under 10 USC § 628 or 14502 to

> "evaluate and recommend commissioned officers...for promotion consideration...following a determination that the action of a board that considered and did not select the officer...if the board did not have before it for its consideration material information."

MILPER Message Number 03-170, TAPC-MSP-O, ( 12 May 2003).

In other words, in my case, the board would not have had an educational waiver before it. Since this is material information, I would have been entitled to have my case considered by a Special Selection Board.

The Special Selection Board considers the officer's records *as if he or she had been granted the educational waiver*. AR 135-155, paragraph 3-20 provides as follows:

> **3–20. Information provided to special selection boards**
> A promotion reconsideration board will consider the record of the officer *as it should have been considered by the original board.*

10

a. Commissioned officers considered by a mandatory promotion board on or after 1 October 96 will be considered by a special selection board. The records of officers being reconsidered by a special selection board will be compared with a *sampling of those officers of the same competitive category who were recommended and who were not recommended* for promotion by the original mandatory Reserve of the Army selection board.

(Emphasis added).

Thus, the retroactive waiver is particularly tailored to aid the twice-nonselect officer.

### 4. Officers Nonselected Near the Time of the Adoption of the Waiver Provision are Unfairly Affected by the ODCSPER Decision.

It also appears that the retroactive waiver was tailored for officers who were not educationally qualified and nonselected during the time frame that I was nonselected. In 1997, I was nonselected for the first time for promotion to Captain. In 1998, in November I believe, the board met which nonselected me for the second time. However, the waiver provision of Strom Thurmond National Defense Authorization Act for FY99, P.L. 105-261 did not become effective until October 17, 1998. 10 USCS § 12205, History; Ancillary Laws and Directives. It is impossible that I could have submitted a request for a waiver within the time allotted. The retroactive feature of the waiver should have allowed me to have a special selection board to consider my case. As it is, the decision of ODCSPER has,

11

000086

effectively, denied me the benefit of the waiver law because of a fluke of timing. This is fundamentally unfair.

For the reasons noted above, the decision of ODCSPER was unfair. First, my military career shows that I was a meritorious candidate for such a waiver. Secondly, ODCSPER denied my educational waiver request based on reasons that are not authorized by statute or by regulation. Third, contrary to the ODCSPER ruling, the retroactive provision of the waiver is particularly tailored to assist officers who have been twice nonselected, rather than other officers. In my particular circumstance, there was insufficient time within which I could submit the request for waiver prior to the board meeting for my second nonselect. The retroactive waiver would have been of particular benefit to me in allowing me access to the benefits of the waiver like any other officer.

**d. The Prior Decision of the ABCMR Was Incorrect.**

The prior decision of the ABCMR denied my request. What the Board failed to acknowledge in its prior ruling is that the Army failed to exercise the discretion that the legislation at issue entrusted to it. The agency simply stated that it had no discretion but to deny my request as there were "no grounds" to grant it. A failure to exercise discretion is one of the most clear

!2

examples of an agencies abuse of discretion. This abuse of discretion should have been corrected by the ABCMR.

The statute charges the Secretary of the Army with acting on applications such as mine on a case-by-case basis.

> Any such waiver shall be made on a case-by-case basis, considering the individual circumstances of the officer involved...

In other words, the Secretary must look at the qualifications and qualities of the individual; and determine whether there is merit his or her case.

The decision of the ABCMR in April of 2001 was erroneous. The board held, in essence, that the action by ODCSPER was an unreviewable act of discretion. However, such was not the ruling of ODCSPER. COL Knoblauch wrote as noted above, that there are "no grounds" to grant a request for a waiver after the officer has been "twice non-selected for promotion." The ODCSPER Chief of the Officer division actually stated that then-1LT Lasalle's "situation is unfortunate," making it clear that he believed that he had no option in the matter, and that ODCSPER was obligated to deny the request because of the two time nonselect issue.

The statute clearly vests the Secretary of the Army with discretion. In this case COL Knoblauch, on behalf of the Secretary, declined to exercise that discretion. It is hornbook law that a failure to exercise discretion is an abuse. In an excellent discussion of the error involved in the failure to

13

000088

exercise discretion by a court, the Fourth Federal Circuit has ruled as

follows:

> Our review is of course under the familiar abuse of discretion
> standard, a standard that, though familiar in statement, is not
> necessarily that simple in application. For "abuse of discretion", as
> courts and commentators have come increasingly to recognize (and
> confess), can occur in a number of ways. See generally Rosenburg,
> Judicial Discretion of the Trial Court, Viewed From Above, 22
> Syracuse L. Rev. 635, 655 (1971). Perhaps its most obvious
> manifestation is in a *failure or refusal*, either express or implicit,
> actually to exercise discretion, deciding instead as if by general rule,
> or even arbitrarily, as if neither by rule nor discretion... Finally,
> discretion may be abused by an exercise that is **flawed by erroneous
> factual or legal premises**. See Cooter & Gell v. Hartmarx Corp., 496
> U.S. 384, 401-02, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990) (clearly
> erroneous factual findings or legal errors underlying discretionary fee
> award ruling constitutes abuse of discretion).

James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993) (emphasis added).

Thus, contrary to the previous ruling of the ABCMR, this is not a

question of whether or not the ruling of the ODCSPER was a proper exercise

of discretion. It is a question of whether or not ODCSPER was correct in its

legal conclusion that a waiver could not be granted. This is a legal

conclusion that is clearly erroneous, not a question of whether discretion has

been properly exercised. This was an unfair and incorrect ruling. The

ABCMR incorrectly reviewed the matter in the previous ruling, saying that

ODCSPER had properly exercised its discretion. In actuality, ODCSPER

used no discretion in this matter.

14

000089

Reply to:
78 Clark Mill Road
Weare, NH 05281
800-356-1096
603-529-3456
fax 529-3009

**Gary Myers & Associates**
Attorneys-at-Law

Washington, D.C.
202-857-8466
800-356-1096
email: gmyers44@aol.com

COPY

Gary R. Myers
Admitted in the
District of Columbia

7 Apr 05

MEMORANDUM FOR:   Army Board for Correction of
Military Records
1901 South Bell Street
2nd Floor
Arlington, VA  22202-4508

SUBJECT:   Request for Reconsideration
ICO Jose L. Lassalle
Docket No: AR 2003097562

1.   This firm represents Jose L. Lassalle (hereafter "Applicant").

2.   This request is based upon PERSCOM's failure to follow the dictates of a statute which failure the Board did not recognize in the adjudication of this case.  Failure to follow the law and to act contrary to law is a cognizable regulatory basis for reconsideration.  AR 15-815, para. 2-15 b.

3.   On 1 Oct 1998, 10 U.S.C. § 12205 became law.  It provided that no person could be appointed an officer in a grade above first lieutenant in the Army reserve unless that officer held a baccalaureate degree.  TAB A.

4.   In November 1998 a Reserve Cpt Promotion Selection Board for the second time denied Applicant promotion to Cpt.  TAB B.  This board convened one month after the enactment of 10 U.S.C. § 12205 into law.

5.  Applicant did not have a baccalaureate degree prior to the convening of this Nov 98 board.

6.  On 18 Jun 99 Applicant received his baccalaureate.  TAB C.

7.  Applicant was advised by ARPERSCOM that his nonselection was due to the absence of a baccalaureate as required by 10 U.S.C. § 12205.  TAB D.

8.  Applicant sought a waiver of the baccalaureate requirement relying upon Sec 516 of the National Defense Act of FY 1999.  See TAB A, footnote.

9.  ARPERSCOM recommended approval of the waiver.  TAB E.

10.  PERSCOM on 17 Jan 00 advised Applicant that his request had been disapproved because, "[T]here are no grounds for this agency to grant such a request after being twice non-selected for promotion."  TAB F.

11.  This language demonstrates that PERSCOM did not consider the equities of this individual case.  Rather it is clear PERSCOM treated the double passover as an absolute bar to a waiver.  It said:

> "While Lt Lassalle's situation is unfortunate, there are no grounds for this agency to grant such a request after being twice non-selected for promotion."  TAB F.

"Unfortunate" is not the statutory test.

12.  Applicant's double passover had absolutely no bearing upon the issue of whether a waiver should be granted.  A waiver involved questions of performance and character among others.  That is why a determination was required under Section 516 "on a case-by-case basis."

2

000091

13. PERSCOM took the view that a double passover was an absolute bar. That conclusion was not the law.

14. There is a parallel case. At TAB G is AR 2004100669. In that case, decided 7 Oct 04, an officer was twice non-selected because she did not have a baccalaureate at the time of the boards, but earned such a degree after the non-selections had occurred. This was identical to Applicant.

15. HRC denied her request for a waiver. This, too, was identical to Applicant.

16. The ABCMR granted relief because 10 U.S.C. 12205 (4) exempted her from the degree requirement even though AR 135-155, para. 2-9. tried to limit that statutory provision.

17. In Applicant's case 10 U.S.C. 12205 (4) does not apply. Instead Section 516 of the National Defense Authorization Act for 1999 applied. The difference between the two cases is that 10 U.S.C. 12205 (4) is an absolute right to waiver while Sec 516 requires review "on a case-by-case basis, considering the individual circumstances of the officer involved..." in Applicant's case.

18. There is no indication that consideration was ever given to "the individual circumstance of the officer involved...."

19. Had there been such consideration, Applicant would have been a captain in 2000 given his outstanding record and diligence in obtaining a degree.

20. It is clear from the ABCMR opinion that Applicant had a right to request a waiver. TAB H. It is equally clear that the ABCMR did not take into account PERSCOM's abject failure to follow the statutory dictate of Section 516 which it was obligated to

3

do.  See <u>Bond v. United States</u>, 47 Fed. Cl. 641,650 (2000).  The waiver provision
applicable to Applicant continues to this day by statute.  TAB I at para. (d).

21.   Accordingly, relief should be granted.

Respectfully submitted,

Gary Myers
Gary Myers

Seen and agreed to:

Jose L. Lasalle

4

000093

RESERVE OFFICERS                    1728

duled, but who has a physical
determines will not interfere
which that person may be as-
re of any armed force under

ions under subsection (b) for
ves of the armed forces under
ned may not prescribe a maxi-
47 years of age for the initial
re to serve in health profession
by the Secretary concerned as
me.

t. 2, 1958, P.L. 85-861, §1118(a), 72 Stat.
r. 2, 1966, P.L. 89-718, §4, 80 Stat. 1115;
r. 12, 1970, P.L. 96-512, §511(38), 84 Stat.
1115; transferred, redesignated §12201, and
5, 1994, 103 Stat. 2564, 2990; Feb. 10, 1996.

ades

nt officers, the reserve commis-
l force are those authorized for
t armed force.

768, 72 Stat. 1240; renumbered and redesig-
M. 103 Stat. 7000.)

: appointment; how made;

ficers in commissioned grades of
or below, except commissioned
the President alone. Appoint-
ssioned grades above lieutenant
made by the President, by and
e Senate, except as provided in
title.

in commissioned grades are for
uring the pleasure of the Presi-

pt. 2, 1958, P.L. 85-861, §1110(C), 72 Stat.
561; Dec. 12, 1980, P.L. 96-513, §501(17), 94
s amended P.L. 103-337, §§1623, 1662(e)(21,
.)

:: original appointment; limi-

ated as a Reserve in a commis-
nant commander, unless-
ommissioned officer of an armed

is recommended by a board of of-
ry concerned.
y to adjutants general and assist-
ral States and Territories, Puerto
.

pt. 59, 1968, P.L. 100-456, §1224(a), 102 Stat.
I. 103-337, §1662(e)(21), Dec. 5, 1994, 108 Stat.

---

1729    CH. 1205—APPOINTMENT OF RESERVE OFFICERS    §12205

## §12205. Commissioned officers: appointment; educational requirement

(a) IN GENERAL.—No person may be appointed to a grade
above the grade of first lieutenant in the Army Reserve, Air Force
Reserve, or Marine Corps Reserve or to a grade above the grade
of lieutenant (junior grade) in the Naval Reserve, or be federally
recognized in a grade above the grade of first lieutenant as a mem-
ber of the Army National Guard or Air National Guard, unless that
person has been awarded a baccalaureate degree by a qualifying
educational institution.[2]

(b) EXCEPTIONS.—Subsection (a) does not apply to the follow-
ing:

(1) The appointment to or recognition in a higher grade of
a person who is appointed in or assigned for service in a health
profession for which a baccalaureate degree is not a condition
of original appointment or assignment.

(2) The appointment in the Naval Reserve or Marine Corps
Reserve of a person appointed for service as an officer des-
ignated as a limited duty officer.

(3) The appointment in the Naval Reserve of a person ap-
pointed for service under the Naval Aviation Cadet (NAVCAD)
program or the Seaman to Admiral program.

(4) The appointment to or recognition in a higher grade of
any person who was appointed to, or federally recognized in,
the grade of captain or, in the case of the Navy, lieutenant be-
fore October 1, 1995.

(5) Recognition in the grade of captain or major in the
Alaska Army National Guard of a person who resides perma-
nently at a location in Alaska that is more than 50 miles from
each of the cities of Anchorage, Fairbanks, and Juneau, Alas-
ka, by paved road and who is serving in a Scout unit or a
Scout supporting unit.

(c) QUALIFYING EDUCATIONAL INSTITUTIONS.—(1) A qualifying
educational institution for purposes of this section is an educational
institution that is accredited or that meets the requirements of
paragraph (2).

(2)(A) An unaccredited educational institution shall be consid-
ered to be a qualifying educational institution for purposes of the
appointment or recognition of a person who is a graduate of that
institution if the Secretary concerned. determines that (as of the
year of the graduation of that person from that institution) at least
three educational institutions that are accredited and that main-

---

[2] Section 516 of the Strom Thurmond National Defense Authorization Act for Fiscal Year 1999
(P. L. 105-261; 112 Stat. 2005) provides:

SEC. 516. AUTHORITY FOR TEMPORARY WAIVER FOR CERTAIN ARMY RESERVE
OFFICERS OF BACCALAUREATE DEGREE REQUIREMENT FOR PROMOTION
OF RESERVE OFFICERS.

(a) WAIVER AUTHORITY FOR ARMY DCS GRADUATES.—The Secretary of the Army may waive
the applicability of section 12205(a) of title 10, United States Code, to any officer who before
the date of the enactment of this Act (Oct. 17, 1998) was commissioned through the Army Offi-
cer Candidate School. Any such waiver shall be made on a case-by-case basis, considering the
individual circumstances of the officer involved, and may continue in effect for no more than
2 years after the waiver is granted. The Secretary may provide for such a waiver to be effective
before the date of the waiver, as appropriate in an individual case.

(b) EXPIRATION OF AUTHORITY.—A waiver under this section may not be granted after Septem-
ber 30, 2000.

51-066 99-58

DOD 1215.17



**DEPARTMENT OF THE ARMY**
U.S. TOTAL ARMY PERSONNEL COMMAND
9700 PAGE AVENUE
ST. LOUIS, MISSOURI 63132-5200

REPLY TO
ATTENTION OF

TAPC-MSL-N (135-155)                                    4 MAY 1999

MEMORANDUM FOR

LASSALLE JOSE LUIS                    CMC 0502
156 L GLENHAVEN DRIVE
AMHERST, NY 14228

SUBJECT: Notification of Promotion Status

1. A Department of the Army Reserve Components Selection Board was
convened to consider officers of your grade for promotion. The board
examined the performance portion of your official military record
according to the Memorandum of Instructions provided by the Secretary
of the Army.

2. You were considered but, unfortunately, were not among those
selected for promotion by the board. As a result of this second
nonselection, you must be discharged in accordance with title 10,
U.S.C., section 14513 or Army Regulation 140-10, your established
removal date is 1 November 1999, unless you are eligible for and
request transfer to the Retired Reserve. Additional instructions will
be issued by your chain of command.

BY ORDER OF THE SECRETARY OF THE ARMY:

GERALD T. MAYER
LTC, GS
Chief, Office of Promotions
Reserve Components

DISTRIBUTION FL 2016 04
(1) INDIV ▓▓▓▓▓▓▓ 1LT IN
(1) OMPF

8

# Universidad Metropolitana

Upon the recommendation of the Faculty
and under the authority vested in the Board of Directors of the
Ana G. Méndez University System hereby confers on

## José Luis Lassalle Díaz

the Degree of

## Master in Business Administration
Marketing

with all the Honors, Rights, and Privileges appertaining thereto.

In witness whereof, the Seal of the Universidad Metropolitana
is hereunto affixed at Río Piedras, Puerto Rico in the month of
June, in the year of our Lord two thousand and two.

Chancellor

President of the Ana G. Méndez University System

Chair of the Board of Directors

UNIVERSIDAD METROPOLITANA



REGENTS COLLEGE
Member of The University of the State of New York

On the recommendation of the Faculty and by virtue of the authority vested in them by the Regents of The University of the State of New York, the trustees of Regents College have conferred upon

Jose L. Lassalle

the degree of

Bachelor of Science

with all the rights, honors, and privileges pertaining to that degree

In witness whereof the Trustees grant this diploma number 30822 under seal of Regents College, Albany, New York this 18th day of June 1999.

President of Regents College

Chairman of the Board of Trustees



**DEPARTMENT OF THE ARMY**
U.S. TOTAL ARMY PERSONNEL COMMAND
9700 PAGE AVENUE
ST. LOUIS MO 63132-5200



JUN 0 2 1999

Office of Promotions,
Reserve Components

First Lieutenant Jose L. Lassalle
156 L Glenhaven Drive
Amherst, New York 14228

Dear Lieutenant Lassalle:

This is in reply to your letter dated May 17, 1999, concerning your promotion status in the United States Army Reserve.

A review of your record revealed that it was considered by the 1997 and 1998 Department of the Army Reserve Component Selection Board. This review also revealed that all critical elements were not present in the board consideration file. Critical elements are officer evaluation reports, highest level military and civilian education, and the silver star and above awards.

Your files reflect that you were not educationally qualified (completion of a Bachelors Degree) and officer evaluation reports were missing.

Information received at this office indicate that you have completed your bachelors degree and the degree will not be conferred until June 15, 1999. Required civilian education must be completed by the convene date of the board per AR 135-155, para 2-5. Since you were found not educationally qualified, the missing officer evaluation reports would not be a basis for reconsideration.

Based on these facts, it has been determined that you do not have a basis for reconsideration by a special selection board.

Point of contact is Barb Kujath, DSN 892-1205 or Commercial (314) 538-1205.

Sincerely,

Acie T. Angel
Major, U.S. Army
Deputy Chief, Office of Promotions,
Reserve Components

ending January 1995 his senior raters placed him in the top block with one below him. His senior rater placed him in the top block on his report ending January 1996, with two others and four below him. His report ending September 1997 has him in the second block with four others and five above him and three below. It appears that LT Lassalle may be due other reports; however, they have not been processed. In addition to completing the Infantry Officer Basic Course he has completed the Quartermaster Officer Advanced Course (December 1997) and the Civil Affairs Officer Advanced Course (April 1999).

4. In accordance with Section 516 of the National Defense Authorization Act for fiscal Year 1999 the civilian education requirement can be waived for officer's commissioned through Officer Candidate School (OCS). LT Lassalle received his commission through OCS. In view of the facts presented it is recommended his request for waiver of the civilian education requirement be approved for the 1998 DA Selection Board.

FOR THE COMMANDER:


1 Encls
as

GERALD T. MAYER
LTC, GS
Chief, Office of Promotions,
Reserve Components

E

**000100**

RESERVE OFFICERS                     1728

...ified, but who has a physical
determines will not interfere
which that person may be as-
...ve of any armed force under

...ions under subsection (b) for
...ves of the armed forces under
...nd may not prescribe a maxi-
.47 years of age for the initial
...e to serve in health profession
...by the Secretary concerned as
...ne.

...nt officers, the reserve commis-
...force are those authorized for
...t armed force.

: appointment, how made;

...icers in commissioned grades of
...or below, except commissioned
...the President alone. Appoint-
...sioned grades above lieutenant
...made by the President, by and
...e Senate, except as provided in
...title.
...in commissioned grades are for
...uring the pleasure of the Presi-

:: original appointment; limi-

...ted as a Reserve in a commis-
...nant commander, unless-
...mmissioned officer of an armed

...is recommended by a board of of-
... try concerned.
...y to adjutants general and assist-
...al States and Territories, Puerto

---

1729          CH. 1205—APPOINTMENT OF RESERVE OFFICERS          § 12205

§ 12205. Commissioned officers: appointment; educational requirement

(a) IN GENERAL.—No person may be appointed to a grade above the grade of first lieutenant in the Army Reserve, Air Force Reserve, or Marine Corps Reserve or to a grade above the grade of lieutenant (junior grade) in the Naval Reserve, or be federally recognized in a grade above the grade of first lieutenant as a member of the Army National Guard or Air National Guard, unless that person has been awarded a baccalaureate degree by a qualifying educational institution.

(b) EXCEPTIONS.—Subsection (a) does not apply to the following:

(1) The appointment to or recognition in a higher grade of a person who is appointed in or assigned for service in a health profession for which a baccalaureate degree is not a condition of original appointment or assignment.

(2) The appointment in the Naval Reserve or Marine Corps Reserve of a person appointed for service as an officer designated as a limited duty officer.

(3) The appointment in the Naval Reserve of a person appointed for service under the Naval Aviation Cadet (NAVCAD) program or the Seaman to Admiral program.

(4) The appointment to or recognition in a higher grade of any person who was appointed to, or federally recognized in, the grade of captain or, in the case of the Navy, lieutenant before October 1, 1996.

(5) Recognition in the grade of captain or major in the Alaska Army National Guard of a person who resides permanently at a location in Alaska that is more than 50 miles from each of the cities of Anchorage, Fairbanks, and Juneau, Alaska, by paved road and who is serving in a Scout unit or a Scout supporting unit.

(c) QUALIFYING EDUCATIONAL INSTITUTIONS.—(1) A qualifying educational institution for purposes of this section is an educational institution that is accredited or that meets the requirements of paragraph (2).

(2)(A) An unaccredited educational institution shall be considered to be a qualifying educational institution for purposes of the appointment or recognition of a person who is a graduate of that institution if the Secretary concerned determines that (as of the year of the graduation of that person from that institution) at least three educational institutions that are accredited and that main-



## DEPARTMENT OF THE ARMY
U.S. TOTAL ARMY PERSONNEL COMMAND
9700 PAGE AVENUE
ST. LOUIS, MISSOURI 63132-5200

REPLY TO
ATTENTION OF

TAPC-MSL-N (135-155)                                      4 MAY 1999

MEMORANDUM FOR

LASSALLE JOSE LUIS              CMC 0502
156 L GLENHAVEN DRIVE
AMHERST, NY  14228

SUBJECT:  Notification of Promotion Status

1. A Department of the Army Reserve Components Selection Board was
convened to consider officers of your grade for promotion. The board
examined the performance portion of your official military record
according to the Memorandum of Instructions provided by the Secretary
of the Army.

2. You were considered but, unfortunately, were not among those
selected for promotion by the board. As a result of this second
nonselection, you must be discharged in accordance with title 10,
U.S.C., section 14513 or Army Regulation 140-10, your established
removal date is 1 November 1999, unless you are eligible for and
request transfer to the Retired Reserve. Additional instructions will
be issued by your chain of command.

BY ORDER OF THE SECRETARY OF THE ARMY:

GERALD T. MAYER
LTC, GS
Chief, Office of Promotions
Reserve Components

DISTRIBUTION FL 2016 04
(1) INDIV _____1LT IN
(1) OMPF

6

000102

Universidad Metropolitana

Upon the recommendation of the Faculty and under the authority vested in the Board of Directors of the Ana G. Méndez University System hereby confers on

José Luis Lassalle Díaz

the degree of

Master in Business Administration
Marketing

with all the Honors, Rights, and Privileges appertaining thereto.

In witness whereof, the Seal of the Universidad Metropolitana is hereunto affixed at Río Piedras, Puerto Rico in the month of June, in the year of our Lord two thousand and five.

000103

REGENTS COLLEGE

Member of The University of the State of New York

On the recommendation of the Faculty and by virtue of the authority vested in them by the Regents of The University of the State of New York, the trustees of Regents College have conferred upon

Jose L. Lassalle

the degree of

Bachelor of Science

with all the rights, honors, and privileges pertaining to that degree



In witness whereof the Trustees grant this diploma number 30822 under seal of Regents College, Albany, New York this 18th day of June 1999.

Chairman of the Board of Trustees

President of Regents College



**DEPARTMENT OF THE ARMY**
U.S. TOTAL ARMY PERSONNEL COMMAND
9700 PAGE AVENUE
ST. LOUIS MO 63132-5200

JUN 0 2 1999

REPLY TO
ATTENTION OF

Office of Promotions,
Reserve Components

First Lieutenant Jose L. Lasselle
156 L Glenhaven Drive
Amherst, New York 14228

Dear Lieutenant Lasalle:

This is in reply to your letter dated May 17, 1999, concerning your promotion status in the United States Army Reserve.

A review of your record revealed that it was considered by the 1997 and 1998 Department of the Army Reserve Component Selection Board. This review also revealed that all critical elements were not present in the board consideration file. Critical elements are officer evaluation reports, highest level military and civilian education, and the silver star and above awards.

Your files reflect that you were not educationally qualified (completion of a Bachelors Degree) and officer evaluation reports were missing.

Information received at this office indicate that you have completed your Bachelors degree and the degree will not be conferred until June 18, 1999. Required civilian education must be completed by the convene date of the board per AR 135-155, para 2-8. Since you were found not educationally qualified, the missing officer evaluation reports would not be a basis for reconsideration.

Based on these facts, it has been determined that you do not have a basis for reconsideration by a special selection board.

Point of contact is SSgt Kujath, DSN 892-1203 or commercial (314) 592-1203.

Sincerely,

Adle R. Angel
Major, U.S. Army
Deputy Chief, Office of Promotions,
Reserve Components

D

**000106**



**DEPARTMENT OF THE ARMY**
U.S. TOTAL ARMY PERSONNEL COMMAND
9700 PAGE AVENUE
ST. LOUIS, MISSOURI 63132-5200

REPLY TO
ATTENTION OF

TAPC-MSL-N  (135-155)                                    20 September 1999

MEMORANDUM THRU HQDA, ATTN: DAPE-MPO-S, 300 Army Pentagon,
         Room 2B719, Washington, D.C.  20310

FOR OASAHRA, ATTN: RAMRT (LTC Korenchan), 111 Army Pentagon, Washington,
D.C.  20310-1111

SUBJECT: Request for Civilian Education Waiver - 1LT Lassalle, Jose L..

1. The enclosed request for waiver of the civilian education requirement
for promotion to captain is forwarded for your consideration.

2. LT Lassalle was considered but not selected for promotion to captain
by both the 1997 and 1998 DA Reserve Components Selection Boards. He had
not completed the civilian education requirement mandated by title 10,
U.S.C., section 12205; therefore, he could not be selected. He later
obtained his baccalaureate degree on 18 June 1999.

3. A review of his file revealed that he has acquired three officer
evaluation reports with no derogatory remarks. All of the reports reflect
that he should be promoted ahead of his contemporaries. On his report
ending January 1995 his senior raters placed him in the top block with one
below him. His senior rater placed him in the top block on his report
ending January 1996, with two others and four below him. His report
ending September 1997 has him in the second block with four others and
five above him and three below. It appears that LT Lassalle may be due
other reports; however, they have not been processed. In addition to
completing the Infantry Officer Basic Course he has completed the
Quartermaster Officer Advanced Course (December 1997) and the Civil
Affairs Officer Advanced Course (April 1999).

4. In accordance with Section 516 of the National Defense Authorization
Act for fiscal Year 1999 the civilian education requirement can be waived
for officer's commissioned through Officer Candidate School (OCS). LT
Lassalle received his commission through OCS. In view of the facts
presented it is recommended his request for waiver of the civilian
education requirement be approved for the 1998 DA Selection Board.

FOR THE COMMANDER:

1 Encls                                    GERALD T. MAYER
as                                         LTC, G9
                                           Chief, Office of Promotions,
                                           Reserve Components

                                                                    E



**DEPARTMENT OF THE ARMY**
OFFICE OF THE DEPUTY CHIEF OF STAFF FOR PERSONNEL
300 ARMY PENTAGON
WASHINGTON, DC 20310-0300

REPLY TO
ATTENTION OF

17 *Jun 2000*

DAPE-MPO

MEMORANDUM FOR COMMANDER, U. S. TOTAL ARMY PERSONNEL COMMAND
ATTN: (Mr. Wilson), One Reserve Way, St. Louis, MO 63132

SUBJECT: Request for Civilian Education Waiver – 1LT Lassalle, Jose L.,

1. 1LT Lassalle's request for waiver of the civilian education requirement of Section 12205, Title 10, United States Code, was disapproved by the office of the Deputy Chief of Staff for Personnel. While 1LT Lassalle's situation is unfortunate, there are no grounds for this agency to grant such a request after being twice non-selected for promotion. However, if LT Lassalle feels he has a strong case for denial of due process based on his attendance to the active Officer Candidate School, he may file with the Army Board for Correction of Military Records.

2. If LT Lassalle chooses to apply to ABCMR for review of this issue, he should direct his correspondence to the Director, Management Information and Support Directorate, DA Review Boards Agency, ATTN: SFMR-RBR, 2nd Floor, 1941 Jefferson Davis Highway, Arlington, VA 22202-4508.

3. The point of contact for this action is LTC Vickers at (703) 693-9535. Thank you for your interest and support of the United States Army Reserve.

Encls

Karl B. Knoblauch, Jr.
Colonel, U.S. Army
Chief, Officer Division

Printed on ♻ Recycled Paper

F

**000108**

APR-11-2005 18:34 FROM:GARY MYERS          623-925-3225-          TO:17876771716       P.9/18
                                                                                     Page 1 of 7

ABCMR Record of Proceedings (cont)
AR2004100669

9

DEPARTMENT OF THE ARMY

BOARD FOR CORRECTION OF MILITARY RECORDS 1901 SOUTH BELL STREET 2ND
FLOOR ARLINGTON, VA  22202-4508

RECORD OF PROCEEDINGS

IN THE CASE OF:

BOARD DATE:        7 October 2004

DOCKET NUMBER:  AR2004100669

http://boards.law.af.mil/cgi-bin/quickview.cgi?filename=ARMY/BCMR/CY2004/20041006... 4/7/2005

000109

APR-11-2005 18:35  FROM:GARY MYERS          603-529-3009          TO:17873771716        P.10/12
                                                                                        Page 2 of 9

        I certify that hereinafter is recorded the true and complete re:
the proceedings of the Army Board for Correction of Military Records i
the case of the above-named individual.


Mr. Carl W. S. ChunDirectorMr. Joseph A. Adriance Analyst


The following members, a quorum, were present:


Mr. Walter T. Morrison ChairpersonMr. Paul M. Smith MemberMr. Patrick
McGann Jr. Member

        The Board considered the following evidence:


        Exhibit A - Application for correction of military records.


        Exhibit B - Military Personnel Records (including advisory opin.
any).


THE APPLICANT'S REQUEST, STATEMENT, AND EVIDENCE:


1.  The applicant requests, in effect, that her records be corrected t
show

she was promoted to major (MAJ) based on the criteria established by t

2003 Department of the Army (DA) MAJ Reserve Component Selection Board
(RCSB).


2.  The applicant states, in effect, that she was prepared to complete

rive years and had been instrumental in the reorganization and
development of the Military Science II (MS II) sophomore program. The
PMS further indicated that he and the applicant had addressed her degr

000111

civilian education requirement had been waived in her case because her date of rank was prior to October 1995.

7.  The applicant also indicated in her reconsideration request that a a result of the information she received from ARPERSCOM, the immediacy of attaining her final nine credit hours was removed and she decided t complete the hours through traditional accelerated classroom courses that could be completed by May 2003.  She further stated that she informed the RCSB of her plans to complete her degree requirement.

000112

Case 1:06-cv-01481-ESH    Document 7-6    Filed 12/13/2006    Page 59 of 76

Headquarters Department of the Army -- 24 May 2006 -- 1132 hrs -- Page 67 of 83

St. Louis. It indicated that in the applicant was considered for
promotion to MAJ by the 2002 and 2003 RCSBs and not recommended for
promotion because her record did not contain evidence that she had
completed a Baccalaureate Degree. This promotion official further
indicated that the civilian education requirement must have been
completed prior to the convening date of the RCSB and since the second
RCSB recessed on 4 April 2003 and she did not complete her degree until
12 June 2003, she would not have a basis for her reconsideration by a
SSB. Therefore, it was recommended that the application be denied.

regulation could be more stringent than the law.

17. Title 10 of the United States Code, section 12205 (10 USC 12205)
provides the legal criteria for the appointment education requirement
for commissioned officers. It provides a general policy that states
that no person may be appointed to a grade above the grade of first
lieutenant in the Army Reserve, Air Force Reserve, or Marine Corps
Reserve or to a grade above the grade of lieutenant (junior grade) in
the Naval Reserve, or be federally recognized in a grade above the gra
of first lieutenant as a member of the Army National Guard or Air
National Guard, unless that person has been awarded a baccalaureate
degree by a qualifying educational institution. Paragraph B provides

000114

stringent than the law.  This logic is sound when the governing law
provides the Department latitude in creating the implementing policy a
absent the specific exception granted in 10 USC 12205.

000115

Sincerely,

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosure

be corrected without a formal hearing, or to deny the application without a formal hearing if it is determined that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice.

The applicant requests correction of military records as stated in the application to the Board and as restated herein.

The Board considered the following evidence:

Exhibit A - Application for correction of military records

Exhibit B - Military Personnel Records (including advisory opinion, if any)

states that the Secretary of the Army may temporary waive the education
degree requirement for promotion for those individuals who were commissioned
through the Army Officer Candidate School, on a case-by-case basis considering
the individual circumstances of the officer involved.

2

000118

individuals particular circumstances.  The applicant also requested a waiver of the civilian education requirement; however his request was disapproved.

3

000119

process or that there were mitigating circumstances that prevented him from attaining a degree prior to his consideration for promotion.

5. In view of the foregoing, there is no basis for granting the applicant's request.

DETERMINATION: The applicant has failed to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice.

BOARD VOTE:

_____ _____ _____ GRANT

_____ _____ _____ GRANT FORMAL HEARING

___ ___ ___ DENY APPLICATION

Carl W. S. Chun
Director, Army Board for Correction
of Military Records

4

000120

your interest and support of the United States Army Reserve.

Encls

Karl B. Knoblauch, Jr.
Colonel, U.S. Army
Chief, Officer Division

 Printed on   Recycled Paper

(3) The appointment in the naval reserve of a person appointed
for service under the Naval Aviation Cadet (NAVCAD) program or
the Seaman to Admiral program.
    (4) The appointment to or recognition in a higher grade of any
person who was appointed to, or federally recognized in, the
grade of captain or, in the case of the Navy, lieutenant before
October 1, 1995.
    (5) Recognition in the grade of captain or major in the Alaska
Army National Guard of a person who resides permanently at a
location in Alaska that is more than 50 miles from each of the
cities of Anchorage, Fairbanks, and Juneau, Alaska, by paved roa
and who is serving in a Scout unit or a Scout supporting unit.
    (c) Qualifying Educational Institutions. - (1) A qualifying

000122

enactment of this Act (Oct. 17, 1998) and commissioned as an
Army Officer Candidate School. Any such waiver shall be made on a
case-by-case basis, considering the individual circumstances of th
officer involved, and may continue in effect for no more than 2
years after the waiver is granted.  The Secretary may provide for
such a waiver to be effective before the date of the waiver, as
appropriate in an individual case.
    ''(b) Expiration of Authority. - A waiver under this section may
    -Not be granted after September 30, 2000. "

000123

000124

waiver request were properly considered by the Board during its original review of your case and the Board determined that there was insufficient evidence to show any error or injustice related to the denial of your education waiver by the ODCSPER.



PRINTED ON RECYCLED PAPER

evidence that meets the regulatory reconsideration criteria outlined above.  Therefore, your case is being administratively closed and is returned to you without referral to the Board.

Sincerely,

Col Carl W. S. Chun
Director, Army Board for Correction
of Military Records

Enclosures;

**000126**

| | | | | |
|---|---|---|---|---|
| 146ᵗʰ QS CO | AGR | FEB 98-DEC 99 | 36A (1LT) | NO |
| 146ᵗʰ QS CO | USAR | OCT 97-JAN 98 | 92A (1LT) | NO |
| JTF 411ᵀᴴ ENG | USAR | OCT 96-SEP 97 | 92A (1LT) | NO |
| 146ᵀᴴ QS CO | USAR | APR 94-SEP 96 | 92A (1LT) | NO |
| 6/35ᵀᴴ Armor Bn | ARNG | JUL 93-MAR-94 | 11B (1LT) | NO |
| 1/35 ln Bn, A co | ARNG | MAY 91-JUN 92 | 11B (2LT) | NO |
| Infantry Officer Basic Course | | NOV 90-APR 91 | 11B (2LT) | NO |
| 714ᵗʰ MT Co | ARNG | DEC 87-MAY 90 | 76V (SGT) | NO |
| US Army | RA | JUN 79-NOV 87 | 76V (SGT) | YES |
| 391ˢᵗ QM Co | AR | MAR 78-MAY 79 | 76V (PFC) | NO |

_____    May 1, 2006
SIGNATURE                    DATE

2

000127

Washington DC 20500

Phone Numbers

Comments: 202-456-1111
Switchboard: 202-456-1414
FAX: 202-456-2461/6208

E-Mail

President George W. Bush:  president@whitehouse.gov
Vice President Richard Cheney: vice.president@whitehouse.gov

Page 1 of 1

From <jose.lassalle@us.army.mil>

Sent Wednesday, February 18, 2004 2:30 am

To gladynel.rivera@us.army.mil

Cc

Bcc

Subject CPT Appeal

Hello Maj Rivera!

As we spoke over the phone, here is the info you requested:
ABCMR
tel 703 607-1841/1600/02/03

I spoke with SFC Abram

My pkg sent to ABCMR OCT 03 for an appeal.
If any order recieved please let me know.
Thank you!
M.r Lassalle

note: I still here in Iraq :(

**000129**

5