UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE L. LASSALLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 1:06CV01481 (ESH) |
| ) | |
| THE HONORABLE FRANCIS J. HARVEY ) | |
| Secretary of the Army, ) | |
| ) | |
| Defendant, ) | |
| _____) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION
FOR SUMMARY JUDGMENT</u>

Plaintiff files this Memorandum in opposition to Defendant's Motion for Summary Judgment and in support of Plaintiff's Cross-Motion for Summary Judgment. Plaintiff is entitled to judgment as a matter of law on Plaintiff's claims pursuant to Fed. R. Civ. P. 56 because there is no genuine issue of material facts. The Army Board of Correction of Military Records' ("ABCMR") failure to grant relief as a result of the Secretary of the Army's failure to consider Plaintiff's request for a waiver of the civilian education requirement for promotion of Reserve Officers was arbitrary and capricious, an abuse of discretion and contrary to law.

I. <u>INTRODUCTION</u>

Plaintiff, Jose L. Lassalle, currently a Warrant Officer in the United States Army Reserve, has continually served the United States of America since he enlisted in the Army as a Private in 1978. From 1978 until 1987, Plaintiff served as an active duty enlisted member of the Army, attaining the rank of Sergeant. In 1987, became a member of the Army National Guard

and served and served in the enlisted ranks until 1990, when he graduated from Officer Candidate School and was promoted to Second Lieutenant. In 1993, Plaintiff was promoted to First Lieutenant. In 1998, Plaintiff became a full-time officer assigned to an Active Guard and Reserve position.

In 1991 Congress created a civilian education requirement that went into effect in 1995 which provided no officer may be appointed to a grade above first lieutenant in the United States Army Reserves unless he was first awarded a baccalaureate degree. Plaintiff had not acquired a baccalaureate degree by the time he entered active duty. In November of 1998, Plaintiff was non-selected for Captain for the second time because he had not obtained a baccalaureate degree. In October of 1998, only a month before his second consideration for promotion to Captain, Congress granted the Secretary of the Army discretion to grant a two year waiver of the baccalaureate degree requirement for officers who had obtained their commission through Officer Candidate School ("OCS"). The statue provided in pertinent part that "any such waiver shall be made on a case-by-case basis, considering the individual circumstances of the officer involved . . ." The statute also provided that the waivers could be granted retroactively.

On May 4, 1999 Plaintiff was notified that, because he had been twice non-selected for non-promotion to Captain, he would be involuntarily released from active duty on November 1, 1999. On September 20, 1999, Plaintiff requested a retroactive waiver of the baccalaureate degree requirement that, if granted, would have resulted in Plaintiff being re-considered for promotion to Captain as though he had never been non-selected in 1998. Plaintiff's request for a waiver of the baccalaureate degree requirement was fully supported by the Chief of the Reserve Component Office of Promotions, and Plaintiff was fully eligible for waiver. The Secretary of

the Army did not act on Plaintiff's request for a waiver until after Plaintiff was removed from active duty.

On January 20, 2000, Plaintiff was informed by the Officer Division, Office of the Deputy Chief of Staff for Personnel ("ODCSPER") that his request for a waiver of the baccalaureate degree requirement had been disapproved because "[T]here are no grounds for this agency to grant such a request after being twice non-selected for promotion."

On July 6, 2000, Plaintiff petitioned the Army Board of Corrections for Military Records ("ABCMR") for relief, citing several factors, including the fact that the disapproval of the waiver in his case by ODCSPER "was an abuse of discretion and a deviation from the statutory policy applicable to OCS Commissioned Officers."  The ABCMR erroneously denied the Plaintiff's petition for relief on March 6, 2001.  Over the course of the next five years, the ABCMR refused to reconsider its denial on three more occasions.  The ABCMR has arbitrarily, capriciously, and contrary to law, failed to address ODCSPER's erroneous mistake of law that it did not have the discretion to grant the Plaintiff a waiver of the baccalaureate degree requirement.

Plaintiff has filed this action pursuant to the Federal Question statute, 28 U.S.C. § 1331; and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2).

## II.  SUMMARY OF THE ARGUMENT

The Plaintiff was, by law, entitled to a "case by case" review of his service record by the Secretary of the Army that considered the "individual circumstances" of his case.  Section 516 of the National Defense Authorization Act for Fiscal Year 1999 mandated this individual review before the Secretary of the Army could, in his discretion, grant or deny a waiver to an eligible OCS officer.  The required "case-by-case" review of the individual circumstances of Plaintiff's case simply and regrettably never took place in Plaintiff's case because ODCSEPR, acting on

3

behalf of the Secretary of the Army, erroneously believed there were no grounds to grant an OCS officer a waiver of the baccalaureate degree requirement after being twice selected for non-promotion.

The heart of this case lies in the distinction between ODCSPER saying "no," *though it believed* "yes" was a possible answer, and saying "no" *because it believed* "yes" was an impossible answer. The former is an act of discretion, while there is obviously no act of discretion in the later. When ODCSEPR notified the Plaintiff on January17, 2000 that "[T]here are no grounds for this agency to grant such a request after being twice non-selected for promotion," ODCSPER, in the simplest of terms, revealed that: (1) it erroneously believed it had no discretion to grant the Plaintiff a waiver; and (2) based on the erroneous belief that it had no discretion to grant Plaintiff a waiver, it disapproved the Plaintiff's request for a waiver without reviewing the individual circumstances of Plaintiff's case. A failure to exercise discretion is one of the clearest examples of an abuse of discretion. Similarly, the ABCMR's failure to recognize the Plaintiff' argument that ODCSPER had failed to follow the dictates of a statute was itself arbitrary and capricious, an abuse of discretion and an act contrary to law.

### III. STATEMENT OF FACTS

Plaintiff respectfully refers to the Court to the Plaintiff's Statement of Material Fact to Which There is No Genuine Dispute filed

### IV. ARGUMENT

A. The Court Should Grant Summary Judgment in Favor of the Defendant Because There is No Genuine Issue of Material Fact.

1. This Court should grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,

4

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Calloway v. Brownlee, 366 F. Supp. 2d 43 (D.C. Cir. 2005). When ruling on a motion for summary judgment, "this Court must view the evidence in the light most favorable to the non-moving party. Calloway v. Brownlee, 366 F. Supp. 2d 43 (D.C. Cir. 2005), citing Bayer v. United States Dep't of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992).

"However, the non-moving party cannot rely on 'mere allegations or denials . . ., but . . . must set forth specific facts showing that there [are] genuine issues for trial.'" Calloway v. Brownlee, 366 F. Supp. 2d 43 (D.C. Cir. 2005), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986). Under Rule 56, "if a party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial" summary judgment is warranted. Hazward v. Runyon, 14 F. Supp. 2d 120, 122 (D.C. Cir. 1998), (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986)). The party moving for summary judgment bears the burden of establishing the absence of evidence that supports the non-moving party's case. Id. "In considering a motion for summary judgment, 'the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" Calloway v. Brownlee, 366 F. Supp. 2d 43 (D.C. Cir. 2005), quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, (2000).

    2. <u>The Administrative Procedures Act Authorizes The Court to Overturn A Board Decision that is Arbitrary, Capricious, Contrary to Law</u>.

"An agency action is arbitrary and capricious if the agency failed to follow procedure as required by law, or has entirely failed to consider an important aspect of the case presented to them." Calloway v. Brownlee, 366 F. Supp. 2d 43 (D.C. Cir. 2005).

5

"The District of Columbia Circuit has concluded that the failure of a BCMR to respond to arguments raised by a plaintiff, which do not appear frivolous on their face and could affect the Board's ultimate disposition, is arbitrary." Calloway v. Brownlee, 366 F. Supp. 2d 43 (D.C. Cir. 2005), See Frizelle v. Slater, 111 F.3d 172, 177 (D.C. Cir. 1997); See Also Mudd v. Caldera, 26 F. Supp. 2d 113, 123 (D.C. Cir 1998).

> 3. <u>ODCSPER Failed to Follow the Law and Deviated From the Statutory Provision by Not Exercising the Discretion it had Been Granted By Section 516</u>.

The law in this case could not be more clear or have been more clearly violated by the Army. Pursuant to Section 516 of the National Defense Authorization Act for Fiscal Year 1999, ODCSPER, acting on behalf of the Secretary of the Army, was obligated to review the individual circumstances of Plaintiff's military service record on a "case-by-case" basis before it ruled to grant or deny the Plaintiff's request for an education waiver. Section 516 specifically allowed for the waiver to be granted retroactively to eligible OCS officers. Even the ABCMR has ruled that Plaintiff was eligible for the waiver at the time he applied for it. AR 4.

In this case, ODCSPER did not review the individual circumstances of Plaintiff's case on a "case-by-case" basis because it erroneously believed it had no discretion to grant the Plaintiff a waiver because he had been twice passed over for promotion. Because no such law or statutory limitation existed regarding officers who had twice been passed over for promotion, ODCSPER wrongly failed to exercise its discretion. It is a long settled matter of law that failure to exercise discretion is itself an abuse of discretion. In an excellent discussion of the error involved in the failure to exercise discretion by a court, the Fourth Federal Circuit said:

> Our review is course under the familiar abuse of discretion standard, a standard that, though familiar in statement, is not necessarily that simple in application. For "abuse of discretion", as courts and commentators have come increasingly to

6

> recognize (and confess), can occur in a number of ways . . . . Perhaps its most obvious manifestation is in a failure or refusal, either express or implicit, actually to exercise discretion, deciding instead as if by general rule, or even arbitrarily, as if by neither by rule nor discretion. . . Finally, discretion may be abused by an exercise that is flawed by erroneous factual or legal premises.  James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

In his letter to Plaintiff dated January 20, 2000, the ODCSPER Chief of the Officer Division stated that "While LT Lassalle's situation is unfortunate, there are no grounds for this agency to grant such a request after being twice non-selected for promotion."  AR 13.  The letter from the Chief of ODCSPER clearly indicated he (the Chief) believed his office had no option in the matter, and that ODCSPER was obligated to deny the request because of the two time non-select issue.

A critical examination of the statute shows that, contrary to the ODCSPER ruling, the educational waiver was, in many ways, written specifically to benefit the OCS officer who was twice nonselected for promotion.  The retroactive aspect of the law is a prime example of this.

The law provided as follows:

> (a) Waiver authority for Army OCS graduates.  The Secretary of the Army may waive the applicability of section 12205(a) of title 10, United States Code, to any officer who before the date of the enactment of this Act was commissioned through the Army Officer Candidate School.  Any such waiver shall be made on a case-by-case basis, considering the individual circumstances of the officer involved, and may continue in effect for no more than 2 years after the waiver is granted.  *The Secretary may provide for such a waiver to be effective before the date of the waiver*, as appropriate in an individual case.

The public law, as it existed at the time of Plaintiff's waiver was disapproved (and as the law currently exists), thus enables the Secretary, in an appropriate case to make the waiver retroactive to a time prior to the date on which the waiver is actually granted.  This retroactive waiver provision is specifically tailored to assist officers who have been twice nonselected.

7

A review of the circumstances in which an officer, not having obtained a degree, might find himself is appropriate. Firstly, consider an officer without a baccalaureate degree who has not been considered by a board for promotion. He or she would have no need for a retroactive waiver. The officer could apply for, and, if deemed worthy, obtain a waiver before the board met. Obviously a waiver granted prior to the board's convening would not need to be retroactive. Secondly, the officer might have been once-nonselected for promotion. A waiver granted after a first time nonselect, again, need not be retroactive as that officer has one more chance at being selected by a promotion board.

Hence, the retroactive waiver offered relief, primarily, for someone such as the Plaintiff, who had been twice nonselected for promotion, and clearly, an officer who had been twice non-selected for promotion was absolutely eligible active waiver under the provisions of Section 516. Again, even the ABCMR recognized the Plaintiff was eligible to receive a waiver at the time he applied. AR 4.[1] Consequently, ODCSPER's ruling that that "there are no grounds for this agency to grant such a request after being twice selected for promotion" was completely contrary to law.

    4. <u>The ABCMR's Ruling Failed to Consider an Important Aspect of Plaintiff's Argument and Was Therefore Arbitrary, Capricious, and Contrary to Law</u>.

As stated above, "An agency action is arbitrary and capricious if the agency failed to follow procedure as required by law, or has entirely failed to consider an important aspect of the case presented to them." <u>Calloway v. Brownlee</u>, 366 F. Supp. 2d 43 (D.C. Cir. 2005). In the

---

[1] The defendant in this case has erroneously argued that the Plaintiff's waiver request was not submitted timely. This argument flies in the face of the ABCMR's ruling that, at the time the Plaintiff applied for the waiver, he was fully eligible. AR 5.

8

recent case of Calloway v. Brownlee, as is true in the present case, the plaintiff and the defendant framed their arguments to this Court in two very different manners.

The defendant in Calloway alleged that: (1) the ABCMR had reviewed the factual basis for the two contested NCOERs in that case; (2) the ABCMR had carefully considered the claims that the plaintiff was asserting (that the NCOERs should have been set aside); (3) there was nothing arbitrary and capricious about the ABCMRs actions in denying the plaintiff's claim; and (4) judgment should be entered in their favor. 366 F. Supp. 2d 43 at 53. The plaintiff in Calloway contended, however, that he was entitled to summary judgment in his case, not because the ABCMR's analysis of whether there had been an factual basis for the NCOERs was flawed, but because the ABCMR had completely ignored the plaintiff's argument that the rating officials in his case denied the plaintiff due process when the NCOERs were designated as change-of-rater reports while they were, as the plaintiff described them, actually "de facto reliefs-for-cause" reports. 366 F. Supp. 2d 43 at 54.[2]

Thus, the plaintiff in Calloway was not challenging the ABCMR's decision as it related to assessing the reasonableness of the NCOERs as change-of-rater reports, but rather the plaintiff challenged the ABCMR's failure to determine whether, based upon the evidence presented, the NCOERs in question were in fact relief-for-cause reports, and if so, whether they were prepared and issued in violation of the applicable Army Regulations.

The defendant in Calloway contended that the plaintiff's "de facto relief for cause" issue had not been raised at the administrative level and was therefore not properly before the Court. This Court disagreed and found that the ABCMR's failure to address the plaintiff's argument

---

[2] The plaintiff argued that, because the reports were change-of-rater reports, as opposed to relief-for-cause reports, the plaintiff did not receive formal counseling, was not provided a grace period to react to the report, and was not explained the reasons for his removal from his current duty position. Thus, the plaintiff argued, these reports were prepared in violation of the applicable Army Regulations and contain material legal errors.

9

was arbitrary. This Court therefore denied the defendant's request for summary judgment, and insofar as the plaintiff in that case had sought a remand to the Secretary of the Army, this Court granted the plaintiff's cross-motion for summary judgment.

The case of Calloway v. Brownlee is exactly on point with the case at hand, and the ABCMR's April 2001 decision in this case, was arbitrary for the exact same reasons the ABCMR's actions were held to be arbitrary in Calloway (i.e., the ABCMR in this case has completely failed to address the Plaintiff's argument that ODCSPER failed to review his case on a "case-by-case" basis because it erroneously believed it could not grant a waiver to an officer who had been passed over twice).

There is no question in this case that ODCSPER erroneously found that there were "no grounds" to grant a request for an educational waiver after an officer had been "twice non-selected for promotion." AR 13. There is no question that Plaintiff raised this issue with the ABCMR on July 6, 2000 when he applied to the ABCMR for relief and specifically argued that the denial of the waiver in his case was "an abuse of discretion and a deviation from the statutory policy applicable to OCS Commissioned Officers."[3] AR 9. In its decision of March 6, 2001 the ABCMR recognized that the approval of the educational waivers at issue in this case should have been conducted on a case-by-case basis. AR 4. The Board also confirmed that the Plaintiff was eligible to seek a waiver. AR 5. Nevertheless, the Board completely failed to address Plaintiff's claim that ODCSPER's ruling was a deviation from the statutory policy applicable to OCS Commissioned Officers, in that ODCSPER's had erroneously concluded that the agency was precluded from granting a waiver to an OCS officer who had already been twice-non-selected for promotion.

---

[3] Indeed, unlike the defendant in Calloway, the Defendant this case does not allege that the Plaintiff failed to raise the "failure to exercise discretion" argument to the ABCMR.

10

On October 9, 2003, the Plaintiff petitioned the ABCMR to reconsider its March 6, 2001 ruling. AR 20. At that time, filing a request for reconsideration was considered timely, even though it was submitted more than one year after the original ABCMR ruling, if an applicant could demonstrate that substantial relevant evidence of mistake of law or manifest error in the Board's earlier decision. AR 18. In Plaintiff's request for reconsideration dated October 9, 2003 Plaintiff specifically cited the ABCMR's failure to address ODCSPER's failure to exercise the discretion it had been granted by statute as substantial relevant evidence of both mistake of law and manifest error. AR 21. The ABCMR nevertheless refused to reconsider its original decision, a decision that failed to address Plaintiff's argument that that the Secretary of the Army had failed to exercise the discretion granted it by Congress based on the erroneous belief that it could not grant waivers to officers who had been twice nonselected for promotion.

As was the case in Calloway, both the ABCMR and the defendant in this case have arbitrarily ignored Plaintiff's on-going and justified complaint that the ABCMR failed to address the fact that ODCSPER, acting on behalf of the Secretary of the Army, erroneously failed to exercise the jurisdiction granted it by Congress.

    5. ODCSPER and the ABCMR Have Acted Contrary to Statutory Provisions

Acting under the Secretary, the Army Board for Correction of Military Records considers 'all applications properly before it for the purpose of determining the existence of an error or an injustice." 32 C.F.R. § 581.3(b)(2). The ABCMR reviews each application and the available military records "to determine whether to authorize a hearing, recommend that the records be corrected without a hearing, or to deny the application without a hearing." Id. § 581.3(c)(5)(i).

"These statutes and regulations make clear that the civilian correction boards have a duty to determine whether there has been error or injustice and, if there has been, to grant thorough

11

and fitting relief."  Dodson v. United States Gov't, Dep't of Army, 988 F.2d 1199 (Fed. Cir. 1993), citing Sanders v. United States, 594 F.2d 804 (Ct. Cl. 1979); Yee v. United States, 512 F.2d 1383 (Ct. Cl. 1975).  "The boards for correction of military records may be reviewed for failure to correct plain legal error committed by the military."  Dodson v. United States Gov't, Dep't of Army, 988 F.2d 1199 (Fed. Cir. 1993), citing Arens v. United States, 969 F.2d 1034, (Fed. Cir. 1992); Grieg v. United States, 640 F.2d 1266 (Ct. Cl. 1981); Sanders, 594 F.2d at 813. "Such legal error includes the military's 'violation of statute, or regulation, or published mandatory procedure, or unauthorized act.'"  Dodson v. United States Gov't, Dep't of Army, 988 F.2d 1199 (Fed. Cir. 1993), quoting Skinner v. United States, 594 F.2d 824, 830 (Ct. Cl. 1979); Arens, 969 F.2d at 1040; Voge, 844 F.2d at 779.

The facts of this case described above and in the Plaintiff's Statement of Material Facts clearly demonstrate that ODCSPER, acting on behalf of the Secretary of the Army, failed to follow the statutory requirement of considering the Plaintiff's case on "case by case" basis because it erroneously believed that it could not grant a waiver to an officer that had been passed over twice.  As explained in Dodson, ABCMR had a legal duty to correct the legal error committed by ODCSPER, and it failed to do so.  988 F.2d 1199 (Fed. Cir. 1993).

## V. CONCLUSION

The Government's argument in this case, that Plaintiff has based his claim primarily on the notion he was entitled to a waiver of the civilian education requirement by ODCSPER, is patently incorrect.  It is the same flawed reasoning employed by the ABCMR over a period of more than five years.  Plaintiff readily concedes that, had the Army properly reviewed the individual circumstances of his case on a case-by-case basis, and then subsequently denied Plaintiff's request for a waiver based on a conclusion that the Plaintiff's request lacked merit,

then Plaintiff would have no cause of action in this case.  This is because under those circumstances, ODCSPER would have followed the statutory provisions and used its statutory discretion to deny Plaintiff's request for a waiver.  That did not happen in this case, and that critical and prejudicial fact has never been addressed by the ABCMR.  For these reasons, the Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff's case.

    Respectfully Submitted,

    /s/

    Gary R. Myers
    Counsel for Plaintiff
    DC Bar No. 157115
    78 Clark Mill Road
    Weare, New Hampshire 03281
    Phone: (800) 355-1095
    Fax:  (603) 529-3009