UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE L. LASSALLE,               ) | |
|                                      ) | |
|     Plaintiff,                ) | |
|                                      ) | |
|     v.                          ) | Civil Action No: 1:06CV01481 (ESH) |
|                                      ) | |
| THE HONORABLE FRANCIS J. HARVEY   ) | |
| Secretary of the Army,                 ) | |
|                                    ) | |
|     Defendant,              ) | |
| _____) | |

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS
### TO WHICH THERE IS NO DISPUTE

Pursuant to LCvR 7(h) and in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross Motion for Summary Judgment, Plaintiff respectfully submits this statement of material facts as to which there is no dispute. The Administrative Record supports this statement.

1. Plaintiff enlisted in the United States Army as a Private (E-1) on June 6, 1978, and remained on active duty until November 25, 1987. Administrative Record 161 (hereinafter "AR__"). Plaintiff rose to the rank of Sergeant during his eight years and 5 months of active duty service. AR 161. One day after leaving active duty, Plaintiff enlisted in the Army National Guard on November 26, 1987. Plaintiff graduated from Officer Candidate School ("OCS") on August 23, 1990, and was commissioned as a Second Lieutenant on August 24, 1990. AR 168, 165. Plaintiff graduated from the Infantry Officer Basic Course on March 20, 1991. AR 168. On August 23, 1993, Plaintiff was promoted to the rank of First Lieutenant. AR 168.

2. From August 24, 1990 until March 9, 1998, Plaintiff served his country part-time as a reserve officer in the U.S. Army Reserves. The United States Army became Plaintiff's primary profession on March 9, 1998 when he became a full-time officer assigned to an Active Guard and

Reserve ("AGR") position in the 402nd Civil Affairs Battalion. AR 173. At the time he entered active duty as a First Lieutenant on March 9, 2008, Plaintiff did not yet possess a baccalaureate degree. AR 98.

    3. On October 23, 1992, the National Defense Authorization Act for Fiscal Year 1993 was passed. 102 P.L. 484, 106 Stat. 2315. Section 515 of the Act created a civilian education requirement for promotion of officers in the armed forces. Section 515, later codified at 10 U.S.C. § 12205(a), provides that after September 30, 1995, no person may be appointed to a grade above First Lieutenant in the United States Army Reserves unless he or she was first awarded a baccalaureate degree from a qualifying educational institution. Id.

    4. On October 17, 1998, Congress passed Section 516 of the National Defense Authorization Act for Fiscal Year 1999 (pub. L. 105-261; 112 Stat. 1920). This provision provided temporary authority to the Secretary of the Army to waive the baccalaureate degree requirement contained in 10 U.S.C. § 12205(a). Id. The waiver authority was applicable to persons who had become officers before October 17, 1998 through the Army OCS program. Such waivers could be granted retroactively and continue in effect for no more than two years after the waiver was granted. The Secretary of the Army's authority to grant such waivers continued until September 30, 2000.

    5. Section 516 required that "any such waiver shall be made on a case-by-case basis, considering the individual circumstances of the officer involved . . ." Id. Section 516 specifically provided that "The Secretary may provide for such a waiver to be effective before the date of the waiver, as appropriate in an individual case."[1] Id.

    6. Section 512 of the National Defense Authorization Act for Fiscal Year 2002 Amended 10 U.S.C. § 12205 to restore and make permanent the Secretary of the Army's waiver authority for

---

[1] The law provided as follows:
"Waiver authority for Army OCS graduates. The Secretary of the Army may waive the applicability of section 12205(a) of title 10, United States Code, to any officer who before the date of the enactment of this Act was commissioned through the Army Officer Candidate School. Any such waiver shall be made on a case-by-case basis, considering the individual circumstances of the office involved, and may continue in effect for no more than 2 years after the waiver is granted. The Secretary may provide for such a waiver of be effective before the date of the waiver, as appropriate in an individual case."

2

officers whose original appointment was through the OCS program. Id. This restored waiver authority is prospective as well as retroactive. Id.

    7. As a result of 10 U.S.C. § 12205, Plaintiff was not selected for promotion to captain by both the 1997 and 1998 DA Reserve Components Selection Boards. AR 37. The 1998 DA Reserve Components Selection Board convened only one month after Congress conferred to the Army authority to waive the baccalaureate degree requirement, prospectively and retroactively.

    8. On May 4, 1999 Plaintiff was notified that he had been non-selected to Captain and informed that he would be released from active duty on November 1, 1999 in accordance with 10 U.S.C. § 14513. AR 95.

    9. Plaintiff was awarded his baccalaureate degree on June 18, 1999.[2] AR 98.

    10. Plaintiff submitted a waiver of the baccalaureate on September 20, 1999, relying upon § 516 of the National Defense Act of FY 1999, which authorized a retroactive waiver. AR 37.

    11. Plaintiff's waiver request was fully supported by the Chief of the Reserve Components Office of Promotions. AR 37.

    12. If Plaintiff's waiver request had been granted as provided for by § 516, Plaintiff would have been qualified for promotion to Captain and would have appeared before a Special Selection Board. AR 37.

    13. On December 22, 1999, more than six months after Plaintiff had obtained his baccalaureate degree, Plaintiff was separated from active duty because he had been twice non-selected for Captain as a result of having not obtained a baccalaureate degree before the meeting of his second promotion board in November of 1998.

    14. On January 20, 2000, Plaintiff was notified by the Officer Division, Office of the Deputy Chief of Staff for Personnel ("ODCSPER"), acting on behalf of the Secretary of the Army, that his request for a waiver of the baccalaureate requirement had been disapproved, stating "While LT

---

[2] Plaintiff was awarded his Masters of Business Administration (MBA) degree in 2002. AR 36.

3

Lassalle's situation is unfortunate there are no grounds for this agency to grant such a request after being twice non-selected for promotion." AR 13.

15. On July 6, 2000, Plaintiff applied to the Army Board of Corrections of Military Records ("ABCMR") for relief and specifically argued that the denial of the waiver in his case was "an abuse of discretion and a deviation from the statutory policy applicable to OCS Commissioned Officers." AR 9.

16. On March 6, 2001, the ABCMR reviewed Plaintiff's case and denied his petition for relief. AR 2, 3, 4, 5. On April 4, 2001, the ABCMR notified Plaintiff that it had met and denied his petition for relief. AR 6. In the decision of March 6, 2001, the ABCMR recognized that the Plaintiff had the right to seek a waiver, it noted that approval was on a case-by-case basis, but it completely failed to address ODCSPER's erroneous reasoning that the agency was precluded from granting a waiver to an OCS officer who had already been twice non-selected for promotion. AR 2, 3, 4, 5.

17. On October 9, 2003, the Plaintiff petitioned the ABCMR for reconsideration of its March 6, 2001 decision. AR 20. In his petition for reconsideration, Plaintiff specifically cited the ABCMR's failure to address ODCSPER's abuse of discretion and its deviation from the statutory policy as substantial relevant evidence of a mistake of law and manifest error in his case. AR 21. Substantial relevant evidence of a mistake of law or substantial relevant evidence of manifest error were both valid grounds for the ABCMR to reconsider the Plaintiff's case, even though the petition for reconsideration was filed more than a year after the ABCMR's original denial of Plaintiff's request for redress. AR 18.

18. On July 14, 2004, the ABCMR informed Plaintiff that, in its opinion, Plaintiff had not cited substantial relevant evidence of mistake of law or manifest error relating to its previous March 6, 2001 decision, and therefore would not forward his petition for reconsideration to the Board for review. AR 19. The ABCMR subsequently closed Plaintiff's case and sent it back to plaintiff without referral to the Board. AR 19.

19. On April 5, 2005, Plaintiff again petitioned the ABCMR for reconsideration of his case based on ODCSPER's "failure to follow the dictates of a statute which failure the Board did not recognize in the adjudication of this case." Plaintiff reiterated to the ABCMR that "Failure to follow the law and to act contrary to law is a cognizable regulatory basis for reconsideration." AR 66.

20. On March 22, 2006, as it had done on July 14, 2004, the ABCMR refused to consider the Plaintiff's request for reconsideration and his petition was returned without action. AR 42. The ABCMR further informed the Plaintiff that he was not eligible for any reconsideration of the matter and reminded Plaintiff that he had the option to seek relief in a court of appropriate jurisdiction. AR 42.

21. On May 11, 2006, Plaintiff sent correspondence to Senator John McCain informing him the ABCMR had failed to correct ODCSPER's erroneous failure to follow the statutory provision requiring a case by case review of all OCS officers' requests for a waiver of the baccalaureate requirement.  Based on the failure of the ODCSPER to exercise its discretion in his case (which in turn was based on an erroneously belief that Plaintiff was not eligible for a waiver because he had twice been passed over for promotion), and based on the ABCMR's failure to grant appropriate redress, Plaintiff requested assistance in having the ABCMR correct his military record. AR 75.

22. On May 15, 2006, Senator McCain forwarded Plaintiff's request for assistance to the Department of the Army's Congressional Coordinator. AR 46. On June 2, 2006 the Department of the Army's Congressional Coordinator informed Plaintiff that his request for assistance had been forwarded to the ABCMR. AR 45. On September 20, 2006, the ABCMR contacted Plaintiff and informed him, as it had done on July 14, 2004 and March 22, 2006, that his request for reconsideration would not be reviewed by the Board. AR 43. For the third time in two years, the Plaintiff's request for reconsideration, based on the ABCMR's failure to address ODCSPER's erroneous belief that it had no discretion to grant Plaintiff a waiver, was returned to Plaintiff without action. AR 43.

23.  Despite a petition for redress and three subsequent requests for reconsideration submitted over a period of five years, the ABCMR has never once addressed ODCSPER's failure to review Plaintiff's request for a waiver based on the erroneous belief it had no discretion to grant a waiver to an OCS officer who had been twice passed over.

Respectfully Submitted,

/s/

Gary R. Myers
Counsel for Plaintiff
DC Bar No. 157115
78 Clark Mill Road
Weare, New Hampshire 03281
Phone: (800) 355-1095
Fax:  (603) 529-3009