UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE L. LASSALLE,           )
            )
     Plaintiff,       )
            )
     v.           )     Civil Action No:  1:06CV01481 (ESH)
            )
THE HONORABLE FRANCIS J. HARVEY  )
Secretary of the Army,       )
            )
     Defendant,      )
_____)

SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S
CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff files this Supplemental Memorandum in opposition to Defendant's Motion for

Summary Judgment and in support of Plaintiff's Cross-Motion for Summary Judgment.  Plaintiff

is entitled to judgment as a matter of law on Plaintiff's claims pursuant to Fed. R. Civ. P. 56

because there is no genuine issue of material facts.

I. INTRODUCTION

In addition to the law and arguments set forth in Plaintiff's original Memorandum in

Opposition to the Defendant's Motion for Summary Judgment, the Plaintiff additionally brings

to this Court's attention the fact that the Army Board of Correction for Military Records'

("ABCMR") repeated denials of Plaintiff's requests for reconsideration in Plaintiff's case were

contrary to law and contrary to this Court's ruling in Lipsman v. Sec'y of the Army, 335 F. Supp.

2d 48 (D.C. Cir. 2004).

## II. SUMMARY OF THE ARGUMENT

In <u>Lipsman v. Sec'y of the Army</u>, this Court ruled that the ABCMR's practice of having its staff, rather than the Board itself, review substantive matters contained in petitions for reconsideration was contrary to Congress's intent and in violation of 10 U.S.C. § 1552.  335 F. Supp. 2d 48 (D.C. Cir. 2004).

As was the case in <u>Lipsman</u>, Plaintiff's initial request for reconsideration in this case was reviewed by the staff of the ABCMR, rather than the members of the ABCMR, in violation of the law.  Plaintiff's subsequent requests for reconsideration were returned without consideration based upon the initial unlawful review of Plaintiff's request for reconsideration by the staff of the ABCMR.  For these reasons, and for the reasons stated in Plaintiff's original Memorandum in Opposition to the Defendant's Motion for Summary Judgment, the Plaintiff respectfully requests Defendant's motion be denied and that this Court grant Plaintiff's Cross-Motion for Summary Judgment.

## III. STATEMENT OF FACTS

In addition to the previously filed Plaintiff's Statement of Material Fact to Which There is No Genuine Dispute, the Plaintiff  respectfully directs the Court's attention to the following facts:

1.   As noted in paragraph 15 of the Plaintiff's Statement of Material Facts to Which There is No Dispute, on July 6, 2000, Plaintiff applied to the Army Board of Corrections of Military Records ("ABCMR") for relief and specifically argued that the denial of the waiver in his case was "an abuse of discretion and a deviation from the statutory policy applicable to OCS Commissioned Officers."  Administrative Record 9 (hereinafter "AR __").

2.   As noted in Paragraph 16 of the Plaintiff's Statement of Material Facts to Which There is

No Dispute, on April 4, 2001, the ABCMR notified Plaintiff that it had met and denied his petition for relief.  AR 6.

   3.  As noted in paragraph 17 of the Plaintiff's Statement of Material Facts to Which There is No Dispute, on October 9, 2003, the Plaintiff petitioned the ABCMR for reconsideration of its March 6, 2001 decision.  AR 20.  In his petition for reconsideration, Plaintiff specifically cited the ABCMR's failure to address the Office of the Deputy Chief of Staff for Personnel's ("ODCSPER") abuse of discretion and its deviation from the statutory policy as substantial relevant evidence of a mistake of law and manifest error in his case.  AR 21.

   4.  As noted in paragraph 17 of the Plaintiff's Statement of Material Facts to Which There is No Dispute, substantial relevant evidence of a mistake of law or substantial relevant evidence of manifest error were both valid grounds for the ABCMR to reconsider the Plaintiff's case in October of 2003, even though the petition for reconsideration was filed more than a year after the ABCMR's original denial of Plaintiff's request for redress.[1]  AR 18.

   5.  It was noted in paragraph 18 of the Plaintiff's Statement of Material Facts to Which There is No Dispute that on July 14, 2004, the ABCMR informed Plaintiff that, in its opinion, Plaintiff

---

[1] In 2003, Army Regulation 15-185, titled, "The Army Board For Correction Of Military Records," paragraph 2-15 stated:  An applicant may request the ABCMR to reconsider a Board decision under the following circumstances:

*a.* If the ABCMR receives the request within 1 year of the ABCMR's action and if the ABCMR has not previously reconsidered the matter, the ABCMR staff will review the request to determine if it contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the ABCMR's prior consideration. If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant without action.

*b.* If the ABCMR receives the request more than 1 year after the ABCMR's action or after the ABCMR has already considered one request for reconsideration, the ABCMR staff will review the request to determine if substantial relevant evidence is submitted showing fraud, mistake of law, mathematical miscalculation, manifest error, or the existence of substantial relevant new evidence discovered contemporaneously or within a short time after the ABCMR's original consideration. If the ABCMR staff finds such evidence, it will be submitted to the ABCMR for its determination of whether a material error or injustice exists and the proper remedy. If the ABCMR staff does not find such evidence, the application will be returned to the applicant without action.

had not cited substantial relevant evidence of mistake of law or manifest error relating to its

previous March 6, 2001 decision, and therefore would not forward his petition for

reconsideration to the Board for review.  AR 19.  It is more accurately stated that on July 14,

2004, the Director of the ABCMR informed Plaintiff that the "staff of the Board" had determined

that Plaintiff's request for reconsideration did not contain substantial relevant evidence of

mistake of law or manifest error relating to its March 6, 2001 decision.  AR 19.

6.  Based upon the July 14, 2004 ABCMR staff determination that Plaintiff's request for

reconsideration was without substantive merit, the ABCMR returned two subsequent requests for

reconsideration filed by Plaintiff (See Plaintiff's Statement of Material Facts to Which There is

No Dispute, paragraphs 19-22).

IV. <u>ARGUMENT</u>

Contrary to the Defendant's assertion that the Plaintiff's October 9, 2003 petition for

reconsideration was untimely, in October of 2003, Army Regulation 15-185 (hereinafter "AR

__"), titled "The Army Board for Correction of Military Records," paragraph 2-15*b* specifically

authorized petitioners to file requests for reconsideration more than one year after the Board's

initial decision "if substantial relevant evidence is submitted showing fraud, mistake of law,

mathematical miscalculation, manifest error, or the existence of substantial relevant new

evidence discovered contemporaneously or within a short time after the ABCMR's original

consideration."

The Plaintiff's October 9, 2003 request for reconsideration specifically cited the

ABCMR's failure to address ODCSPER's abuse of discretion and its deviation from the

statutory policy as substantial relevant evidence of a mistake of law and manifest error in his

case.  Nevertheless, the Board did not review the Plaintiff's request for reconsideration because

the "staff" of the Board made the substantive determination that the Board's March 6, 2001

denial of Plaintiff's petition was not a mistake of law and did not rise to the level of manifest

error.  AR 19.

In the case of Lipsman v. Sec'y of the Army, 335 F. Supp. 2d 48 (D.C. Cir. 2004), the

Plaintiffs argued that by deferring analytically substantive matters to its staff to review and make

findings, the ABCMR had violated the intent of Congress.  This Court agreed and held

"Regardless of whether a serviceman's application is original or subsequent or whether it is

labeled as an application or a request, both actions seek the 'correction of military records.' As

such, both actions invoke the statutory guidelines of *§ 1552*.  Accordingly, because the plain

meaning of *§ 1552* and the term 'correction of military records' encompasses requests for

reconsideration, the Secretary was bound to act through the ABCMR, not its staff members."

Lipsman, F. Supp. 2d 48 at 54.

As in Lipsman, because the Board in this case had erroneously relegated substantive

analytical matters to its staff (namely the determination of whether the ABCMR's initial decision

did not constitute manifest error or a mistake of law), the ABCMR never reviewed any of the

Plaintiff's requests for reconsideration.  Though AR 15-185 was subsequently amended [2] and, as

a result of this Court's holding in Lipsman, the Secretary has substantively narrowed the

---

[2] As amended, AR 15-185, paragraph 2-15 now reads: An applicant may request the reconsideration of an ABCMR
decision under the following circumstances:
*a.* If the ABCMR receives the request for reconsideration within 1 year of the ABCMR's original decision and if the
ABCMR has not previously reconsidered the matter, the ABCMR staff will review the request to determine if it
contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was
not in the record at the time of the ABCMR's prior consideration. If new evidence has been submitted, the request
will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate
material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant
without action.
*b.* If the ABCMR receives a request for reconsideration more than 1 year after the ABCMR's original decision or
after the ABCMR has already considered one request for reconsideration, then the case will be returned without
action and the applicant will be advised the next remedy is appeal to a court of appropriate jurisdiction.

circumstances in which a petitioner can request a reconsideration (no longer allowing it after one

year and no longer allowing reconsideration based on mistake of law or manifest error),

Plaintiff's October 9, 2003 petition for reconsideration was filed in accordance with the

regulation as it existed at the time, and was wrongly denied by the staff of the ABCMR in

violation of 10 U.S.C. § 1552.  Because all subsequent refusals by the Board to review Plaintiff's

subsequent requests for reconsideration were based on the erroneous July 14, 2004 findings of

the ABCMR staff, Plaintiff has never received an appropriate reconsideration of the Board's

erroneous March 6, 2001 decision.

## V. <u>CONCLUSION</u>

For the reasons discussed above, and for the reasons discussed in the Plaintiff's original

Memorandum in Opposition to Defendant's Motion for Summary Judgment and in Support of

Plaintiff's Cross-Motion for Summary Judgment, the Plaintiff respectfully requests that this

Court deny Defendant's motion and grant Plaintiff's Cross-Motion for Summary Judgment.


Respectfully Submitted,

/s/

Gary R. Myers
Counsel for Plaintiff
DC Bar No. 157115
78 Clark Mill Road
Weare, New Hampshire 03281
Phone: (800) 355-1095
Fax:  (603) 529-3009