UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE L. LASSALLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06CV01481 (ESH) |
| | ) |
| THE HONORABLE PETE GEREN[1] | ) |
| Acting Secretary of the Army, | ) |
| | ) |
|     Defendant. | ) |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

    Defendant respectfully submits its opposition to the cross-motion for summary judgment submitted by plaintiff, Jose L. Lassalle, and its reply to Mr. Lassalle's opposition to its motion for summary judgment.[2] In support of this submission, Defendant relies upon the complaint, the administrative record, Defendant's opening motion and memorandum, Plaintiff's cross-motion and memorandum, Plaintiff's supplemental memorandum in support of his cross-motion, and the following brief.[3]

---

[1] On March 10, 2007, the Honorable Pete Geren became the acting Secretary of the Army and is substituted for Francis J. Harvey pursuant to Fed. R. Civ. P. 25(d)(1).

[2] Defendant's response to Mr. Lassalle's counter-statement of facts is filed contemporaneously with this brief.

[3] Citations in this brief to the Administrative Record are denoted as "AR __." Citations to the Complaint are denoted as "Compl. __." Citations to Defendant's Motion for Summary Judgment are denoted as "Def. Br. __." Citations to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment are denoted as "Pl. Br.__." Citations to Plaintiff's Supplemental Memorandum in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment are denoted as "Pl. Supp. Br.__."

## I. **PRELIMINARY STATEMENT**

This case arises from Plaintiff's release from active duty in the Army Guard and Reserve Program ("AGR") following his two-time non-selection for promotion to Captain for failing to meet the baccalaureate degree requirement proscribed by 10 U.S.C. § 12205. Six years after the baccalaureate degree requirement was imposed, Congress granted the Secretary of the Army the discretion to grant a two-year waiver of the baccalaureate degree requirement for officers who had obtained their commission through Officer Candidate School ("OCS"). Following his second non-selection for promotion, Mr. Lassalle sought a waiver of the requirement through the Office of the Deputy Chief of Staff for Personnel ("ODCSPER"), but his request was denied. Mr. Lassalle then petitioned the Army Board for Correction of Military Records ("ABCMR") for a waiver of the civilian education requirement, but the board found there were no mitigating circumstances warranting such a waiver. Therefore, the board denied him relief.

On December 13, 2006, the Defendant filed a motion requesting summary judgment in its favor as there is no genuine issue of material fact in this case. The ABCMR's denial of Mr. Lassalle's request for a waiver of the baccalaureate degree requirement was not arbitrary, capricious, unsupported by substantial evidence or contrary to law. On February 12, 2007, Mr. Lassalle filed a cross-motion for summary judgment, and two days later, filed a supplemental memorandum in support of his motion. Mr. Lassalle contends that ODCSPER acted unlawfully in failing to exercise its discretion to grant him a waiver of the education requirement, the ABCMR's failure to address this argument was arbitrary and capricious, and its denial of his requests for reconsideration were contrary to law. Despite Mr. Lassalle's contentions, summary judgment in his favor is not appropriate. ODCSPER properly exercised its discretion, and in any

2

event, Congress granted the Secretary of the Army the discretion to grant or deny a request for a waiver of the education requirement. The Secretary of the Army exercised that discretion and provided Defendant a case-by-case review through the ABCMR. The ABCMR thoroughly addressed all of Mr. Lassalle's arguments and determined that he failed to demonstrate that a waiver was warranted in his case. Finally, the ABCMR's denial of Mr. Lassalle's untimely requests for reconsideration, which provided no new evidence for the board's review, was lawful and entirely appropriate.

Thus, for the reasons set forth below, and in our previously filed motion for summary judgment, summary judgment in favor of the Defendant is appropriate.

## ARGUMENT

I.  **Plaintiff Was Given a Case-by-Case Review of His Waiver Request; However, Both ODCSPER and the ABCMR Concluded that a Waiver was not Warranted**

Plaintiff's request for a waiver of the civilian education requirement was given a case-by-case review, both by ODCSPER and the ABCMR. Mr. Lassalle had every opportunity to present his case to both administrative bodies as to why a waiver was warranted; however, he failed to demonstrate that his situation merited a waiver of the mandatory civilian education requirement. At the time Mr. Lassalle enlisted in the Army National Guard in November 1987, he was enrolled in both the Student Loan Repayment Program, and the Selected Reserve Educational Assistance Program (New GI Bill). AR 162. Mr. Lassalle had 126 credit hours completed toward obtaining his baccalaureate degree by 1992. AR 153-154. Mr. Lassalle's transcript does not reflect that he completed any course work towards his baccalaureate degree in the five years after the baccalaureate degree requirement was imposed on October 23, 1992. AR 153-154. Although Mr. Lassalle argued in his application to the ABCMR that many factors could lead an officer to

failing to attain their degree within the allotted time, he provided no evidence to the ABCMR in any of his three applications that he was unable to complete his degree within the allotted time due to family, job or deployment responsibilities. AR 24. Therefore, the ABCMR reasonably concluded that there were no mitigating circumstances in his case that merited the award of a waiver.

Mr. Lassalle argues that ODCSPER, acting on behalf of the Secretary of the Army, was obligated to review the individual circumstances of his case before it ruled to grant or deny his request for an education waiver. Pl. Br. at 6. The record is clear that ODCSPER reviewed the individual circumstances of his situation. Mr. Lassalle attempts to characterize the review provided by ODCSPER as summary; however, such a reading is not born out by the plain language of its denial letter to Mr. Lassalle. The letter from ODCSPER specifically states that: "While LT Lassalle's situation is unfortunate..." AR 13. ODCSPER would have no basis for stating that his situation was unfortunate if it had not reviewed the circumstances of Mr. Lassalle's individual case.

Assuming, arguendo, that ODCSPER did not exercise discretion in his case, Section 516 of the National Defense Authorization Act for Fiscal Year 1999 (Pub. L. 105-261; 112 Stat. 1920) provided temporary authority to the Secretary of the Army to waive the baccalaureate degree requirement contained in 10 U.S.C. § 12205(a). See id. (emphasis added). The Secretary of the Army acts through the ABCMR. See 10 U.S.C. § 1552. The denial letter from ODCSPER stated: "[I]f LT Lassalle feels he has a strong case for denial of due process based on his attendance to the active Officer Candidate School, he may file with the Army Board for Correction of Military Records." AR 13. Mr. Lassalle therefore applied to the ABCMR, and

4

after a complete review of the individual circumstances of his case, no relief was found to be warranted. AR 2-5. Thus, the Secretary of the Army's discretion to grant an education waiver was exercised through the ABCMR, and the statutory requirement was fully satisfied.

After Mr. Lassalle was denied relief by the ABCMR, he apparently sent an email to the Vice Chief of Staff of the Army regarding his request for an education waiver. Exhibit A. ODCSPER responded to this email on July 7, 2006. Id. ODCSPER informed Mr. Lassalle that the ABCMR had already denied his request for a civilian education waiver, and that the ABCMR was the highest appeal authority in the Army on this issue. Id. This letter clearly demonstrates that no further action was required by ODCSPER on behalf of the Secretary of the Army as the ABCMR had fully considered the issue as the final appellate authority.

In his cross-motion for summary judgment, Mr. Lassalle states: "Plaintiff readily concedes that, had the Army properly reviewed the individual circumstances of his case on a case-by-case basis, and then subsequently denied Plaintiff's request for a waiver based on a conclusion that the Plaintiff's request lacked merit, then Plaintiff would have no cause of action in this case." Pl. Br. at 12-13. Thus, as Defendant has established that the Army properly reviewed the individual circumstances of his case, both through ODCSPER and through the ABCMR, Mr. Lassalle concedes he has no cause of action and judgment in favor of the Defendant is proper in this case.

Mr. Lassalle's request for an education waiver was given a case-by-case review on two separate occasions. After a review of the applicable law and the circumstances of his individual case, however, the Army concluded that a waiver of the civilian education requirement was not warranted. Mr. Lassalle simply cannot demonstrate that his request was not given the

appropriate consideration; therefore, judgment in favor of the Defendant is appropriate.

## II.     The ABCMR Fully Addressed Plaintiff's Arguments in his Application to the Board

The ABCMR fully addressed all of the arguments presented by Mr. Lassalle in his application to the ABCMR.  The ABCMR provided a comprehensive overview of the applicable law, the facts of Mr. Lassalle's case, and properly applied those facts to the applicable law.  AR 3-5.  A waiver of the baccalaureate degree requirement was not an automatic entitlement.  Mr. Lassalle bore the burden of proving that he was deserving of a waiver of the mandatory education requirement.  The ABCMR fully addressed Mr. Lassalle's claims; however, they were simply unavailing.

Mr. Lassalle contends that the ABCMR failed to address his claim that ODCSPER erroneously concluded it was precluded from granting a waiver to an officer twice non-selected for promotion.  Pl. Br. at 10.  This argument was addressed by the ABCMR's finding that:

> Although the applicant was commissioned through OCS, and eligible to request a waiver, it was not an automatic entitlement. There is no evidence that he was denied due process or that there were mitigating circumstances that prevented him from attaining a degree prior to his consideration for promotion.

AR 5.  The ABCMR specifically concluded that Mr. Lassalle had received due process in the evaluation of his request for a waiver, therefore demonstrating that the board fully evaluated the review provided by ODCSPER.

"Morever, military boards such as the ABCMR are entitled to even greater deference than civilian administrative agencies."  Labin v. Harvey, 2006 U.S. Dist. LEXIS 17937, *18 (D.D.C. April 10, 2006), citing Calloway v. Brownlee, 366 F. Supp. 2d 43, 55 (D.C. Cir. 2005); Kreis v. Air Forces, 866 F.2d 1508, 1514-15 (D.C. Cir. 1989).  Thus, the Court simply reviews whether

the board "examined the relevant data and articulated a satisfactory explanation for its action." Labin, 2006 U.S. Dist. LEXIS at *20 (citations omitted). In this case, the ABCMR clearly examined the relevant data. In its opinion, the ABCMR twice discussed the statutory requirement for a case-by-case review when evaluating a request for waiver of the civilian education requirement. AR 3-4. The ABCMR reviewed all of the circumstances of Mr. Lassalle's military career and his request for a waiver, and concluded that there was simply no evidence that Mr. Lassalle had been denied due process, or that any mitigating circumstances were present in his case to justify such a waiver. AR 5. This explanation of its action was more than satisfactory, particularly in light of the fact that Mr. Lassalle bore the burden of proof at the board. The ABCMR's opinion provides ample basis for the Court to discern the path the board took in arriving at its decision to deny Mr. Lassalle's waiver request.

Assuming, arguendo, that the ABCMR did not satisfactorily address Mr. Lassalle's argument regarding ODCSPER's review, this argument did not affect the board's ultimate disposition of the case. The ABCMR is required to respond to those arguments raised by a plaintiff which do not appear frivolous on their face and could affect the Board's ultimate disposition. See Calloway, 366 F. Supp. 2d at 55. The ABCMR examined the facts and circumstances surrounding Mr. Lassalle's request for a civilian education waiver. Regardless of the action taken by ODCSPER in reviewing Mr. Lassalle's request, the ABCMR itself determined that there were no mitigating circumstances warranting a waiver in his case. Thus, as the ABCMR independently concluded that a waiver was not warranted, the action taken by ODCSPER did not affect its disposition of the case.

In short, the ABCMR fully addressed all of Mr. Lassalle's arguments. The ABCMR

clearly examined the relevant facts and articulated a satisfactory explanation for its action. As such, its decision was reasonable, lawful, and should be upheld.

**III.    The ABCMR's Denial of Plaintiff's Requests for Reconsideration Were Not Contrary to Law**

As set forth in the Defendant's motion for summary judgment, the ABCMR properly denied each of Mr. Lassalle's requests for reconsideration. Mr. Lassalle's initial request for reconsideration was denied because it was made two and one-half years after the initial denial by the board, well beyond the one year time limit for requests for reconsideration, and because he failed to present any new evidence with his request to the board. AR 18-19. Mr. Lassalle's subsequent requests for reconsideration were also denied because more than one year had elapsed since the ABCMR's original decision, and he had previously requested and been denied reconsideration. AR 42-43. In short, Mr. Lassalle's requests were not timely, and he did not present anything new for the ABCMR's consideration, therefore they were properly denied.

In his supplemental brief, Mr. Lassalle argues that the ABCMR's denial of his initial request for reconsideration was improper because his application was reviewed by the staff of the ABCMR, rather than the board itself, contrary to the holding of the Court of Appeals for the District of Columbia Circuit in Lipsman v. Secretary of the Army, 335 F. Supp. 2d 48 (D.D.C. 2004). Pl. Supp. Br. at 2. The ABCMR's action in denying Mr. Lassalle's initial application for reconsideration was not contrary to the holding in Lipsman. In Lipsman, the Court of Appeals held that under the governing statute for the ABCMR, 10 U.S.C. § 1552, the ABCMR itself, not staff members, must adjudicate requests for reconsideration. Id. at 50. In so holding, the Court of Appeals held that while staff members may not assess the relevance and merit of new evidence, they may review requests for reconsideration for the presence of new evidence. Id. at

8

56.

In this case, while the denial letter sent to Mr. Lassalle does quote the portion of the regulation stricken by the Court of Appeals in <u>Lipsman</u>, along with other pertinent parts of the regulation, the ABCMR denied Mr. Lassalle's initial request for reconsideration because he did not present any new evidence. The letter to Mr. Lassalle specifically provided:

> In your latest request, you reassert your argument that the denial of your education waiver by the Office of the Deputy Chief of Staff, Personnel (ODCSPER) was unjust and argue that the timing of the law and your promotion considerations were not properly accounted for. However, all the facts and circumstances surrounding your waiver request were properly considered by the Board during its original review of your case and the Board determined that there was insufficient evidence to show any error or injustice related to the denial of your education waiver by the ODCSPER.

AR 18. The ABCMR rejected his request for reconsideration because he failed to present any new evidence, not because the evidence presented lacked merit.

Indeed, a review of the record clearly demonstrates that Mr. Lassalle did not submit any new evidence to the board. With his request for reconsideration, Mr. Lassalle submitted five exhibits. AR 35-41. The first exhibit was a biography summarizing the information from Mr. Lassalle's Official Miliary Personnel File ("OMPF"), which had already been considered by the board. AR 35-36, 2. The remaining four exhibits had been submitted to the board with his original application. Compare AR 10 with AR 37-41. Thus, all of the evidence presented by Mr. Lassalle with his request for reconsideration had previously been considered by the ABCMR. As noted by the ABCMR, Mr. Lassalle's "dissatisfaction with the original decision does not satisfy the criteria for reconsideration...." AR 19.

Mr. Lassalle argued in his application for reconsideration that the ABCMR failed to

consider in its original decision the timing of the enactment of the waiver provision in relation to the timing of his promotion consideration. AR 22. The board however was aware of the timing of his promotion consideration through his personnel records, and was undoubtably aware of the date of enactment of the law as the board provided a detailed analysis of the enactment of the waiver provision in its opinion. AR 2-3. Moreover, the ABCMR did not deny Mr. Lassalle relief simply because he did not request a waiver in a timely manner; he was denied relief because there were no mitigating circumstances in his case warranting such relief. AR 5.

The staff of the ABCMR was not weighing the relative merits of the submitted evidence; Mr. Lassalle was denied reconsideration because he failed to present any evidence that had not been previously considered by the board. Therefore, the ABCMR properly denied Mr. Lassalle's requests for reconsideration. Summary judgment in favor of the Defendant is therefore proper on these claims.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court enter judgment in favor of the Defendant on Plaintiff's claims.

Respectfully submitted,

/s
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

           /s
STEVEN M. RANIERI
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:

Major Rebecca E. Ausprung
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837
703-696-1627