

**DEPARTMENT OF THE ARMY**
OFFICE OF THE DEPUTY CHIEF OF STAFF, G-1
300 ARMY PENTAGON
WASHINGTON DC 20310-0300

REPLY TO
ATTENTION OF

July 7, 2006

Directorate Military Personnel Management

Chief Warrant Officer Two Jose Lassalle
P.O. Box 235
Moca, PR  00676

Dear CW2 Lassalle,

   This is in response to your email to the Army Vice Chief of Staff concerning your non-selection for promotion to captain in 1998 and request for a civilian education waiver.

   I have researched your case and determined that on April 4, 2001 the Army Board for Correction of Military Records denied your request for granting of a civilian education waiver under Title 10, United State Code, Chapter 1205, Section 12205. The Army Board for Correction of Military Records is the Army's highest appeal authority.  Among the basis for the ruling was that waivers are granted on a case-by-case basis and that waivers are not an automatic entitlement.  Your October 9, 2003 request to the Army Board for Correction of Military Records for reconsideration was denied on July 14, 2004.

   I wish you well in your continued service as a warrant officer.

Sincerely,

*[signature]*

Mark S. Patterson
Colonel, U.S. Army
Chief, Officer Division

01 October 2005

AHRC-OPL-L

MEMORANDUM FOR RECORD

SUBJECT: Degree Completion Program (DCP) PCS and completion policy.

1. Purpose. To clearly define the PCS and completion policy for DCP.

2. DCP PCS: officers attending DCP will enroll in a university at their present or follow-on duty station. Requests for exception will be routed to branch chief.

3. DCP Completion:

    a. Title 10 USC, Section 12205 requires officers promoted to the rank of captain to have a baccalaureate degree from a qualifying educational institution. In accordance with section 512 of the National Defense Authorization Act (NDAA) for FY02, The Secretary of the Army has delegated signature authority for waivers to CG, HRC. Waivers will remain in effect for 24 months from the date of approval. Officers that do not complete their degree within 24 months are subject to separation from active duty.

    b. Development Branch highly encourages assignment divisions to educate officers without a baccalaureate degree immediately following basic qualification. Officers assigned to operational units without a baccalaureate degree may be in jeopardy of separation if they are unable to complete their education IAW Title 10 USC, Section 12205, because of operational requirements.

Title 10 USC, Section 12205

Title 10 USC, Section 12205, states that no person may be appointed to a grade above first lieutenant in the Army Reserve, or be federally recognized in a grade above first lieutenant as a member of the Army National Guard unless he was awarded a baccalaureate degree from a qualifying educational institution. A qualifying institution is an educational institution that is accredited. This statutory provision applies to active duty Other Than Regular Army (OTRA) officers. It does not apply to officers appointed to the grade of captain before 1 Oct 95, nor does it apply to an officer appointed in, or assigned for service in a health profession for which a baccalaureate degree is not a condition of original appointment or assignment.

In accordance with section 512 of the National Defense Authorization Act (NDAA) for FY02, the Secretary of the Army may, on a case-by-case basis, waive the baccalaureate degree requirement of 10 USC 12205(a) for any officer who was commissioned through the Army Officer Candidate School. The waiver may be in effect for no more than 2 years after the waiver is granted. Upon completion of the baccalaureate degree, officers must provide documented proof to their branch assignment officer. Documented proof of a baccalaureate degree must be an official transcript. Officers who have not earned a baccalaureate degree at the end of the period in which the waiver was granted are subject to discharge from active duty. The new waiver authority has no expiration date and is now codified as 10 USC 12205(d).