UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSE L. LASSALLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1481 (ESH) |
| | ) | |
| PETE GEREN, | ) | |
| Acting Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Jose L. Lassalle, currently a Warrant Officer in the United States Army Reserve, brings this action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, seeking review of a decision by the Army Board for Correction of Military Records ("ABCMR" or the "Board") denying his request for a temporary waiver of the civilian education requirement for promotion to the rank of Captain. Plaintiff also seeks review of the Board's subsequent denial of his request for reconsideration. Plaintiff asks that the case be remanded to the Secretary of the Army so that the Secretary may reexamine his military records and determine whether a waiver was warranted as of December 1999 and, if so, send plaintiff to a special selection board to be reconsidered for promotion to Captain. This matter is before the Court on the parties' cross-motions for summary judgment. For the reasons explained herein, the Court will grant defendant's motion for summary judgment and deny plaintiff's cross-motion for summary judgment.

**BACKGROUND**

Plaintiff has served in the United States military since 1978, when he enlisted in the Army. (Administrative Record ("AR") 195.) From June 1979 to November 1987, plaintiff served on active duty in the Army, rising to the rank of Sergeant. (AR 161, 195.) He thereafter enlisted in the Army National Guard. (AR 162-63, 195.) In August 1990, plaintiff graduated from Officer Candidate School ("OCS") and was commissioned as a Second Lieutenant in the Army National Guard. (AR 165-66, 168.) Plaintiff was promoted to the rank of First Lieutenant in August 1993. (AR 168.) In March 1998, plaintiff was assigned to an Active Guard and Reserve position in the 402nd Civil Affairs Battalion. (AR 173.)

Although plaintiff was considered for promotion to the rank of Captain by both the 1997 and 1998 Army Reserve Component Selection Boards, he was not selected by either Board because he had not yet earned a baccalaureate degree and therefore did not meet the civilian education requirement for promotion above the grade of First Lieutenant under 10 U.S.C. § 12205(a).[1] (AR 3, 37, 39.) Plaintiff was notified of his nonselection for promotion by the 1998 Selection Board in May 1999. (AR 95.) Because this was his second nonselection, plaintiff was also notified that he would be discharged from active duty in November 1999 in accordance with 10 U.S.C. § 14513.[2] (*Id.*) Plaintiff thereafter received a Bachelor of Science degree from

---

[1]Section 12205(a), which took effect on October 1, 1995, provides that "[n]o person may be appointed to a grade above the grade of first lieutenant in the Army Reserve . . . or be federally recognized in a grade above the grade of first lieutenant as a member of the Army National Guard . . . unless that person has been awarded a baccalaureate degree by a qualifying educational institution." 10 U.S.C. § 12205(a).

[2]An Army Reserve officer holding the grade of lieutenant commander "who has failed of selection to the next higher grade for the second time and whose name is not on a list of officers recommended for promotion to the next higher grade" must be removed from active status within

Regents College in Albany, New York on June 18, 1999.  (AR 98.)

On June 20, 1999, plaintiff submitted a request for a retroactive waiver of the civilian education requirement of 10 U.S.C. § 12205(a), pursuant to Section 516 of the National Defense Authorization Act for Fiscal Year 1999, Pub. L. No. 105-261, 112 Stat. 1920, 2008-09 (1998) (hereinafter "Section 516").  (*See* AR 3.)  Enacted in October 1998, Section 516 authorized the Secretary of the Army to waive the civilian education requirement for a period of no more than two years for officers commissioned through OCS.  112 Stat. at 2008.  The statute provided that such waivers would be made "on a case-by-case basis, considering the individual circumstances of the officer involved," and permitted the Secretary to grant waivers retroactively "as appropriate in an individual case."[3]  *Id.* at 2008-09.  Since plaintiff had been passed over for promotion by the 1998 Selection Board because he had not yet been awarded a baccalaureate degree, as required by 10 U.S.C. § 12205(a), a waiver of that requirement, made retroactive to the time that plaintiff was considered for promotion by the 1998 Board, would have enabled plaintiff to be reconsidered for promotion by a special selection board.  (*See* AR 39.)  In a September 1999 memorandum, the Chief of the Office of Promotions, Reserve Components, recommended that plaintiff's waiver request be granted.  (AR 37.)

In December 1999, while his waiver request was pending, plaintiff was released from active duty.  (AR 177.)  One month later, in January 2000, plaintiff was notified by the Office of the Deputy Chief of Staff for Personnel ("ODCSPER") that his waiver request had been denied

---

a specified time frame.  10 U.S.C. §§ 14506, 14513.

[3]As originally enacted, Section 516 authorized the Secretary to grant waivers only until September 30, 2000, 112 Stat. at 2009; however, the Secretary's waiver authority was later restored on a permanent basis and is currently codified at 10 U.S.C. § 12205(d).

on the basis that there were "no grounds for [ODCSPER] to grant such a request after being twice non-selected for promotion." (AR 13.) The notice informed plaintiff that if he felt he had "a strong case for denial of due process based on his attendance to the active Officer Candidate School," he could file with the ABCMR. (*Id.*)

In July 2000, plaintiff submitted an application for correction of military records to the ABCMR, seeking promotion to the rank of Captain and call back to active duty status on the basis that his waiver request should have been granted. (AR 7-12.) The Board met to review plaintiff's application in March 2001 and voted to deny the application. (AR 2-5.) The Board recognized that, as an OCS-commissioned officer, plaintiff was eligible to request a waiver, but determined that there was no basis to grant plaintiff's request where there was "no evidence that he was denied due process or that there were mitigating circumstances that prevented him from attaining a degree prior to his consideration for promotion." (AR 5.) In April 2001, the ABCMR notified plaintiff that his application had been denied. (AR 6.)

More than two years later, in October 2003, plaintiff sought reconsideration of the ABCMR's March 2001 decision on the ground that the Board had committed a "mistake of law" and a "manifest error" in approving the denial of plaintiff's waiver request. (*See* AR 20-41.) Plaintiff argued that ODCSPER had denied his waiver request based on the incorrect legal conclusion that it had no discretion to grant a waiver to an officer who had been twice nonselected for promotion to the rank of Captain, and that the Board had erred by failing to correct ODCSPER's legal error. (*See* AR 27-34.) The ABCMR responded to plaintiff's request for reconsideration in July 2004, notifying him that the staff of the Board had determined that his application did not include "substantial relevant evidence . . . show[ing] fraud, mistake in law,

mathematical miscalculation, [or] manifest error" or "substantial relevant new evidence discovered contemporaneously or within a short time after the original decision" and did not, therefore, meet the requirements for reconsideration more than one year after the original decision. (AR 18-19.) Accordingly, plaintiff was informed that his case was being administratively closed and returned to him without referral to the Board. (AR 19.)

Plaintiff again petitioned the ABCMR for reconsideration in April 2005, again challenging the Board's failure to take into account ODCSPER's failure to consider the merits of plaintiff's waiver application. (AR 66-69.) The Board returned plaintiff's application to him without action in March 2006. (AR 42.) In May 2006, plaintiff requested assistance from Senator John McCain (AR 51), who referred the matter to the ABCMR. (AR 45-46.) The Board construed plaintiff's inquiry as a further request for reconsideration and again returned the request to him without action in September 2006. (AR 43.)

## ANALYSIS

**I.    Standard of Review**

Decisions of military corrections boards are reviewed "under an 'unusually deferential application of the arbitrary or capricious standard' of the Administrative Procedure Act." *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000) (quoting *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989)) (internal quotation marks omitted). The Court must defer to the correction board's decision "unless it is arbitrary and capricious, contrary to law, or unsupported by substantial evidence." *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997). The decision need not be "a model of analytic precision to survive a challenge. A reviewing court will 'uphold a decision of less than ideal clarity if the [board's] path may reasonably be discerned.'" *Dickson*

*v. Sec'y of Defense*, 68 F.3d 1396, 1404 (D.C. Cir. 1995) (quoting *Bowman Transp., Inc. v. Arkansas-Best Motor Freight Sys.*, 419 U.S. 281, 286 (1974)).  However, the board's explanation "must minimally contain 'a rational connection between the facts found and the choice made.'"  *Id.* at 1404-05 (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

## II.    The Initial ABCMR Decision

Plaintiff argues that the ABCMR's March 2001 decision denying his application was arbitrary because the Board failed to address his argument that ODCSPER made a legal error in considering his request for a waiver of the civilian education requirement of 10 U.S.C. § 12205(a) in the first instance.  (Mem. of P. & A. in Support of Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Pl.'s Cross-Mot. for Summ. J. ["Pl.'s Mem."] at 8-11.)  Plaintiff contends that ODCSPER denied his waiver request based on the erroneous assumption that he was ineligible for a waiver, having been twice passed over for a promotion, and that, as a result, his waiver request did not receive the "case-by-case" review that Section 516 requires.  (*Id.* at 6-8.)  Plaintiff also asserts that the ABCMR erred in failing to correct this "plain legal error" by ODCSPER. (*Id.* at 11-12.)

Although the Court agrees that ODCSPER committed legal error by not understanding that it had discretion to grant a waiver,[4] the Court cannot agree that the ABCMR's decision

---

[4] ODCSPER denied plaintiff's waiver request in June 2000, concluding that "[w]hile [plaintiff's] situation is unfortunate, there are no grounds for this agency to grant such a request after being twice non-selected for promotion."  (AR 13.)  Defendant argues that ODCSPER's characterization of plaintiff's situation as "unfortunate" indicates that it considered plaintiff's individual circumstances before denying his waiver request.  (Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. for Summ. J. and Opp'n to Pl.'s Cross-Mot. for Summ. J. ["Def.'s Reply"] at 4.)  However, ODCSPER went on to find that there were "no grounds" to grant a waiver request

denying plaintiff's waiver request was arbitrary or capricious. Even assuming that the ABCMR failed to address plaintiff's nonfrivolous argument that ODCSPER erred, the failure to do so is arbitrary only if "could affect the Board's ultimate disposition" of the case. *Frizelle*, 111 F.3d at 177. That is not the case here, for the Board in effect corrected ODCSPER's error by expressly recognizing that plaintiff was eligible to request a waiver and proceeding to independently review the record to determine whether a waiver was warranted based on the facts relating to plaintiff's case. (*See* Def.'s Reply at 4-5, 7.)

In his application to the ABCMR, plaintiff argued that the denial of his waiver request was "an abuse of discretion and a deviation from the statutory policy applicable to OCS Commissioned Officers," and he invited the Board to make a *de novo* determination of his entitlement to a waiver based on the record. (AR 7-9.) In particular, plaintiff supported his application with the "correspondence, documents and military orders" pertinent to his claims (*see* AR 7, 10-12) and urged the Board to find, based on this evidence, that he was entitled to a waiver and to direct the Secretary of the Army "to grant the waiver as requested by this petitioner." (AR 7-9.)

When the Board convened in March 2001 to consider plaintiff's application, it in fact undertook a *de novo* review. The Board reviewed plaintiff's application, as well as his military personnel records. (AR 2.) It recognized that Section 516 authorized the Secretary to waive the

---

"after being twice non-selected for promotion," reflecting that ODCSPER denied plaintiff a waiver not as an exercise of discretion but because it believed it had no discretion to grant a waiver in light of his two-time nonselection. (AR 13.) This belief was legally incorrect. Section 516 required only that an officer seeking a waiver have been commissioned through OCS before the statute's date of enactment in order to be eligible to request a waiver. 112 Stat. at 2008-09. Indeed, the ABCMR later acknowledged as much, recognizing that plaintiff "was commissioned through OCS, and eligible to request a waiver." (AR 5.)

civilian education requirement for officers commissioned through OCS and that such waivers were to be approved on a case-by-case basis considering the officer's particular circumstances. (AR 4.)  In contrast to ODCSPER, the Board also recognized that, as an OCS-commissioned officer, plaintiff was legally eligible to request a waiver.  (AR 5.)  Emphasizing that a waiver was "not an automatic entitlement," the Board went on to find that there was no basis to grant plaintiff's waiver request due to the absence of any evidence that plaintiff "was denied due process or that there were mitigating circumstances that prevented him from attaining a degree prior to his consideration for promotion."  (*Id.*)  As a result, the Board concluded that plaintiff had failed to demonstrate the existence of a probable error or injustice in his case.  (AR 4-5; *see also* Army Regulation 15-185 ¶¶ 2-2, 2-10, 32 C.F.R. §§ 581.3(c)(2), (e)(3) (ABCMR considers individual applications and determines, based on the evidence of record, whether the preponderance of the evidence shows that an error or injustice exists).)

Plaintiff does not contend that the ABCMR could not act for the Secretary with respect to his waiver request.  On the contrary, in both his original application and his subsequent petition for reconsideration, plaintiff asked the Board to evaluate the merits of his request and grant him a waiver.  (AR 7-9, 20, 26-27.)  Nor does plaintiff contest the ABCMR's finding that he failed to present evidence of any mitigating circumstances that prevented him from attaining a degree prior to his consideration for promotion.[5]  Rather, plaintiff challenges the Board's decision based

---

[5]Although there is scant legal authority regarding the Secretary's waiver authority under Section 516, now codified at 10 U.S.C. § 12205(d), the Court notes that the conference report for Public Law 105-261 reflected the conferees' "expect[ation] that the Secretary of the Army [would] only grant waivers to those individuals who demonstrate progress toward achieving the goal of earning a baccalaureate degree."  H.R. Rep. No. 105-736, 1998 WL 658799, at *658 (1998) (Conf. Rep.).  Plaintiff's transcript from Regents College reveals that he had made substantial progress toward his degree by the spring of 1992; however, the transcript reflects no

on the Board's failure to address his argument that ODCSPER had erred.  Because the Board conducted a "case-by-case" review of plaintiff's waiver request and independently determined that, although eligible to request a waiver, plaintiff was not entitled to a waiver under the circumstances, any error by ODCSPER is of no relevance, and similarly, any failure by the Board to adequately respond to plaintiff's argument regarding ODCSPER was of no legal significance. *See Frizelle*, 111 F.3d at 178 (remanding case based on ABCMR's failure to address plaintiff's nonfrivolous arguments regarding a disputed Officer Evaluation Report but noting that remand might have been unnecessary "[h]ad the Board found that it was unlikely that Frizelle would be promoted even if the [disputed Report] were stricken in its entirety"); *Labin v. Harvey*, No. 05-315, 2006 WL 949884, at *6-7 (D.D.C. Apr. 10, 2006) (validity of plaintiff's claims regarding deficiencies in Army Inspector General's investigation of him were "ultimately immaterial to the ABCMR's denial of the plaintiff's application" where the ABCMR had concluded that the findings of a separate Defense Department Inspector General's investigation of plaintiff were sufficient to justify plaintiff's removal from the Brigadier General Promotion List).  Accordingly, the Court cannot find that the Board's decision was arbitrary or capricious.

## III.     Plaintiff's Request for Reconsideration

Plaintiff also contends that the denial of his October 2003 petition for reconsideration was unlawful because the petition was evaluated by ABCMR staff, rather than by the Board itself, in violation of 10 U.S.C. § 1552(a)(1).  (Pl.'s Mem. at 4-6.)  Plaintiff relies on *Lipsman v. Secretary of the Army*, 335 F. Supp. 2d 48 (D.D.C. 2004), in which the district court invalidated the former Army Regulation 15-185 ¶ 2-15(b), which provided that requests for reconsideration filed more

---

additional progress after 1992 until 1998.  (AR 153-54.)

than one year after the ABCMR's action on the original application would be forwarded to the Board for review only if the staff of the Board first determined that there was "'substantial relevant evidence . . . showing fraud, mistake of law, mathematical miscalculation, manifest error, or . . . substantial relevant new evidence discovered contemporaneously or within a short time after the ABCMR's original consideration.'" *Id.* at 50 (quoting Army Regulation 15-185 ¶ 2-15(b), 32 C.F.R. § 581.3(g)(4)(ii)).  The Court found that the plain language of 10 U.S.C. § 1552(a)(1), which provides that corrections of military records "shall be made by the Secretary [of a military department] acting through boards of civilians of the executive part of that military department," requires the Secretary of the Army to act through the ABCMR, not its staff members, with respect to original applications for correction of military records, as well as subsequent requests for reconsideration.  *Id.* at 53-54.

In this case, plaintiff's reconsideration request was reviewed only by ABCMR staff, who determined that his request did not contain evidence that met the applicable regulatory criteria. (AR 18-19.)  Under *Lipsman*, however, that determination was for the Board.[6]

While the Court in *Lipsman* found it appropriate to remand the plaintiffs' requests for reconsideration to afford the ABCMR an opportunity to consider the plaintiffs' new evidence, *id.* at 56, remand would serve no useful purpose here.  Unlike the plaintiffs in *Lipsman*, plaintiff here sought reconsideration of the Board's decision on grounds of "mistake of law" and

---

[6]The plaintiffs in *Lipsman* had sought reconsideration based on new evidence, and the issue before the Court was therefore limited to whether Army Regulation 15-185 ¶ 2-15(b) violated § 1552 to the extent that it permitted the staff of the ABCMR to evaluate requests for reconsideration containing new evidence.  335 F. Supp. 2d at 51, 53.  However, the Court's reasoning applies equally to requests for reconsideration based on "substantial relevant evidence" of "mistake of law" or "manifest error" because, in such instances, the staff are still "call[ed] on . . . to make substantive judgments on the sufficiency of the submitted evidence."  *See id.* at 54-55.

"manifest error." (AR 21.) Plaintiff asked the Board to correct this error by evaluating the merits of his waiver request and granting him a waiver (AR 20, 26-27), but he presented no new evidence to the Board with his request. (*Compare* AR 35-41 (evidence submitted on reconsideration), *with* AR 10-12 (list of evidence submitted with original application).) As explained above, the Board has already reviewed the "correspondence, documents and military orders" pertinent to plaintiff's claims and determined that a waiver is not warranted under the circumstances. (*See* AR 2-5.) In the absence of any new evidence, there is no reason to believe that the Board would evaluate plaintiff's entitlement to a waiver any differently than it did in response to his original application. There is thus no reason to remand the matter as the outcome is clear. *See Federal Election Comm'n v. Legi-Tech, Inc.*, 75 F.3d 704, 708-09 (D.C. Cir. 1996) (affirming the principle that "remand to the agency is an unnecessary formality where the outcome is clear"); *A.L. Pharma, Inc. v. Shalala*, 62 F.3d 1484, 1489 (D.C. Cir. 1995) (court need not remand "where '[t]here is not the slightest uncertainty as to the outcome of a[n] [agency] proceeding'").

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion for summary judgment and deny plaintiff's cross-motion for summary judgment. A separate Order accompanies this Memorandum Opinion.

                                                   /s/
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

Date: April 27, 2007